NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA, an individual, | CASE NO. CV 16-134-R |
| Plaintiff, | ORDER GRANTING DEFENDANT DETECTIVE J. VANDER HORCK'S MOTION TO DISMISS |
| v. | |
| CITY OF LOS ANGELES, a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive, | |
| Defendants. | |

Before the Court is Defendant Detective J. Vander Horck's ("Defendant") Motion to Dismiss, which was filed on September 8, 2016. (Dkt. No. 32). Having been thoroughly briefed by both parties, this matter was taken under submission on October 4, 2016.

Defendant brings this Motion pursuant to Federal Rules of Civil Procedure 4(m). Under Rule 4(m) a court *must* dismiss a defendant if he is not served within 90 days after filing of the complaint, unless good cause is demonstrated. Once the moving party demonstrates that service

was effected outside the permitted statutory period, the burden shifts to the plaintiff to show good cause exists for failure to serve. *Thrasher v. City of Amarillo*, 709 F. 3d 509, 511 (5th Cir. 2013).

As a preliminary matter, Plaintiff indisputably effected service outside of the 90-day statutory time period. Plaintiff filed his initial complaint in state court on August 7, 2015, specifically naming Defendant. Defendant City of Los Angeles subsequently removed this action to federal court on January 7, 2016. Plaintiff only recently effected service of the operative complaint on Defendant on August 18, 2016, when the parties agreed Defense Attorney Craig Miller would accept service for Defendant—over a year since Plaintiff's initial complaint was filed and 224 days after the action was removed to federal court. Furthermore, Plaintiff's argument that this Motion is improper because Defendant City of Los Angeles expressly accepted service of the complaint on behalf of Defendant is unavailing. Whether service was deemed complete on July 20, 2016 or August 18, 2016, the deficiency under Rule 4 remains—both dates are well beyond the 90-day statutory time period for service. Consequently, the only remaining issue is whether Plaintiff demonstrated substantial compliance with Rule 4 sufficient to avoid Defendant's dismissal in this case. He did not.

Courts in this circuit use the test set forth in *Borzeka v. Heckler* to determine whether good cause exists to excuse noncompliance with Rule 4. 739 F. 2d 444, 447 (9th Cir. 1984). The *Borzeka* test requires the plaintiff to establish: (1) the defendant that had to be served personally received actual notice; (2) the defendant would suffer no prejudice from the defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if his complaint were dismissed. *Id*.

Plaintiff fails to demonstrate that all four requirements set forth by the *Borzeka* test are met. Most strikingly, Plaintiff fails to address whatsoever the fourth requirement: that Plaintiff would suffer severe prejudice if the complaint were dismissed. While Plaintiff discusses at great length his attempts to serve Defendant, nowhere in his Opposition does he demonstrate that he would be severely prejudiced if Defendant was dismissed from this action. In fact, it is unlikely Plaintiff could demonstrate this. Even with the dismissal of Defendant, Plaintiff's case goes forward against Defendants City of Los Angeles and Detective R. Ulley. Accordingly, Plaintiff

failed to meet his burden here.

Finally, Plaintiff argues that Defendant's Motion is improper as Defendant failed to meet and confer with Plaintiff prior to filing this Motion as required by Local Rule 7-3. This argument also fails. As this Motion is a dispositive motion, Defendant was under no obligation to meet and confer with Plaintiff prior to its filing.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is GRANTED. (Dkt. No. 32).

Dated: October 24, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE