**LAW OFFICES OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
137 Bay Street, Unit 2
Santa Monica, California 90401
Telephone: (310) 399-2555
Facsimile: (310) 399-1190

**LAW OFFICES OF EDMONT T. BARRETT**
Edmont T. Barrett [State Bar No. 74117]
5150 East Pacific Coast Highway
Long Beach, CA 90804
Telephone: (562) 597-3070
Facsimile: (562) 494-1132

Attorneys for Plaintiff
MARCO MILLA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV16-134-SVW (AJWx)<br><br>Hon. Stephen V. Wilson, Judge Presiding<br><br>**PLAINTIFF MARCO MILLA'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF IRRELEVANT MATTERS RAISED AT PLAINTIFF'S DEPOSITION**<br><br>**Trial**<br>Date: October 22, 2019<br>Time: 9:00 A.M.<br>Courtroom: 10A<br><br>**Pre-Trial Conference**<br>Date: October 7, 2019<br>Time: 1:30 P.M.<br>Courtroom: 10A |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

-1-
**PLAINTIFF'S MOTION IN LIMINE NO. 1**

1  PLEASE TAKE NOTICE that on October 7, 2019 at 1:30 p.m. before the
2  Honorable Stephen V. Wilson in Courtroom 10A in the above-entitled Courthouse,
3  Plaintiff MARCO MILLA ("Plaintiff MILLA") by and through his counsel Martin
4  Stanley of the Law Offices of Martin Stanley, hereby moves this Court for an *in limine*
5  ruling to exclude evidence of irrelevant matters that Defendants CITY OF LOS
6  ANGELES, Defendant RICHARD ULLEY and Defendant J. VANDER HORCK raised
7  at the time of Plaintiff MILLA's deposition in this case on December 22, 2016.

8  This Motion is made on the grounds that these facts are not relevant to whether
9  there was probable cause or not, which is the key liability issue in this case. Instead they
10 are extremely inflammatory and are simply being asserted as a matter to create undue
11 prejudice against the plaintiff. The following matters would be improper and prejudicial
12 if made known to the jury, even if the Court were to sustain an objection and instruct the
13 jury not to consider such facts for any purpose. The probable impact of ordering the jury
14 to disregard interrogation, comments, or offers in front of the jury would not cure such
15 prejudice, but rather reinforce the impact of such prejudicial matters on the minds of the
16 Jurors.

17 This Motion is based on the supporting Memorandum of Points and Authorities,
18 the pleadings and papers on file in this action, and upon such of the argument and
19 evidence as may be presented prior to or at the hearing of this matter. Plaintiff MILLA's
20 counsel complied with Local Rule 7-3 by meeting and conferring with Defendants'
21 counsel regarding this Motion in Limine.

23 DATED: September 10, 2019           Respectfully submitted,
24                                      LAW OFFICES OF MARTIN STANLEY

26                                      By:_____/s/ Martin Stanley_____
27                                      MARTIN STANLEY, ESQ.
                                        Attorneys for Plaintiff MARCO MILLA

-2-
**PLAINTIFF'S MOTION IN LIMINE NO. 1**

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is about the wrongful incarceration of an innocent man, Plaintiff MILLA, who was imprisoned for more than 12 years and 8 months for a murder he did not commit. In this civil action, Plaintiff MILLA alleges a Title 42 U.S.C., Section 1983 claim against Defendants RICHARD ULLEY and J. VANDER HORCK in their individual capacities as well as a separate a Title 42 U.S.C., Section 1983 claim against Defendant CITY OF LOS ANGELES for municipal liability.

Defendants took the deposition of Plaintiff MILLA on December 22, 2016. Defendants' counsel asked Plaintiff MILLA questions inquiring into multiple areas that are irrelevant to this case and are inadmissible under FRE Rule 402. Irrelevant evidence is not admissible. Further, to the extent that the matters described below are tangentially relevant to the claims in this case, such matters should be excluded under FRE, Rule 403 given the probative value of these matters is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Notwithstanding the fact that such topics have no tendency to make a fact more or less probable and are of no consequence to determining the action, Defendants' counsel inquired into the following areas with Plaintiff MILLA:

1.) Plaintiff's relationship with Sandra Villalobos and her daughter Mariah, and the pending family law proceeding involving Plaintiff MILLA, Sandra Villalobos, and Mariah. (Plaintiff's Deposition Transcript, 13-14). Such information has absolutely no bearing regarding Plaintiff MILL s claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

2.) Plaintiff's MILLA's former street name was "Drifter". (Plaintiff's Deposition Transcript, page 21.) Such information has absolutely no bearing regarding
-3-
**PLAINTIFF'S MOTION IN LIMINE NO. 1**

Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. It is irrelevant as to probable cause. Further such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

3.) The identities of the individuals from 204th Street that Plaintiff sees on occasion at this time. (Plaintiff's Deposition Transcript, page 22.) This information is irrelevant, highly prejudicial and inadmissible character evidence. Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

4.) Plaintiff MILLA's listed weight of 187 pounds at the time of his arrest in the underlying criminal case being the same number as California Penal Code, Section 187. (Plaintiff's Deposition Transcript, pages 32-34.) This information is irrelevant, and invites the jury to make highly speculative and highly prejudicial inferences and would be inadmissible character evidence. Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Plaintiff actually weight about that weight at the time he obtained his license. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

5.) Plaintiff's current weight and exercise regimen of kickboxing. (Plaintiff's Deposition Transcript, 35) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against

Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

6.) The locations of the prisons where Plaintiff was incarcerated and the reasons for his transfers to said prisons. (Plaintiff's Deposition Transcript, 44-48). Such information has absolutely no bearing regarding Plaintiff MlLLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Plaintiff was in Level Four prisons the entire time. Further, such information is not relevant to determining the cause or extent of Plaintiff MILL A's damages suffered in this case.

7.) The location of Plaintiff MILLA's high school and post-high school camp. (Plaintiff's Deposition Transcript, 48-49). Any juvenile convictions occurred several years before the underlying alleged crime in this case. Such evidence is highly prejudicial and not relevant to probable cause. It would be used improperly as character evidence and is remote under FRE 609(b). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MlLLA's damages suffered in this case.

8.) Plaintiff MILLA's reading level. Plaintiff's Deposition Transcript, 49-50). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

9.) Plaintiff MILLA's tattoos. (Plaintiff's Deposition Transcript, 51-55 & 158-159). Such information has absolutely no bearing regarding Plaintiff MILLA's

claims under Title 42 U.S.C. Section 1983 against Defendants. MILLA's head tattoo was made after he was released from prison. His body tattoos are irrelevant to probable cause. This evidence is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

10.) The contents of Plaintiff MILLA's C-File in prison. (Plaintiffs Deposition Transcript, page 90). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendant. It is not relevant to probable cause. It is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

11.) Plaintiff MILLA's disciplinary history in County Jail. (Plaintiff's Deposition Transcript, 97-98). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. It is irrelevant to probable cause, it is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

12.) Plaintiff MILLA's disciplinary history in prison. (Plaintiffs Deposition Transcript, 98-100). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. It is irrelevant to probable cause, it is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such

information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

13.) Plaintiff MILLA's occasional use of marijuana, heroin, pruno, and alcohol while in prison and any such use since. (Plaintiff's Deposition Transcript, page 99-101.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

14.) Plaintiff MILLA's belief that Salvador Pimentel was on meth on September 29, 2001 or September 30, 2001. (Plaintiff's Deposition Transcript page 101-102.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

15.) Plaintiff MILLA's arrest in May 2001 for assault. (Plaintiff's Deposition Transcript pages 114-115 and 175.) Such information has absolutely no bearing regarding MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

16.) Plaintiff MILLA's mother's recommendation that Plaintiff attend "AA" or "NA" (Plaintiff's Deposition Transcript, 127-128.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these

matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

17.) Plaintiff MILLA's purchase and ownership of two homes. (Plaintiff's Deposition Transcript, page 132.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

18.) Plaintiff MILLA's child support proceedings regarding his daughter Ruby Milla. (Plaintiff's Deposition Transcript, page 133.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

19.) Plaintiff MILLA's compensation from the State of California in the amount of $650,000 and his use of these funds. (Plaintiff's Deposition Transcript, page 134-137 & 167.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

20.) Plaintiff MILLA's work history in prison. (Plaintiff's Deposition Transcript, page 147-148). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.

Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

21.) Plaintiff MILLA's arrest history.  (Plaintiff's Deposition Transcript, page 152 & 158.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

22.) Any items seized from Plaintiff MILLA's home at the time of his arrest, given the admitted lack of connection between any physical evidence found, seized and analyzed to the shooting and Plaintiff MILLA.  (Plaintiff's Deposition Transcript, page 154-156.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

23.) Plaintiff MILLA's personal opinion regarding his criminal defense trial attorney Bruce Brown's representation of Plaintiff MILLA at the time of the underlying criminal trial.  (Plaintiff's Deposition Transcript, pages 171-174.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case.

**PLAINTIFF'S MOTION IN LIMINE NO. 1**

Given the irrelevant and highly prejudicial nature of the topics listed above, Plaintiff MILLA respectfully requests that this Honorable Court issue an *in limine* order to preclude to Defendants, their counsel and their witnesses from mentioning any of these topics at the time of trial.

DATED:  September 10, 2019

Respectfully submitted,

LAW OFFICES OF MARTIN STANLEY

By:_____/s/ Martin Stanley_____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff MARCO MILLA

**PLAINTIFF'S MOTION IN LIMINE NO. 1**