**LAW OFFICES OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
137 Bay Street, Unit 2
Santa Monica, California 90401
Telephone:  (310) 399-2555
Facsimile:  (310) 399-1190

**LAW OFFICES OF EDMONT T. BARRETT**
Edmont T. Barrett [State Bar No. 74117]
5150 East Pacific Coast Highway
Long Beach, CA 90804
Telephone: (562) 597-3070
Facsimile: (562) 494-1132

Attorneys for Plaintiff
MARCO MILLA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. CV16-134-SVW (AJWx)<br>Hon. Stephen V. Wilson, Judge Presiding<br><br>**PLAINTIFF MARCO MILLA'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE FROM THE CASE FILE OF PLAINTIFF'S CRIMINAL DEFENSE TRIAL ATTORNEY BRUCE BROWN**<br><br>**Trial**<br>Date:       October 22, 2019<br>Time:       9:00 A.M.<br>Courtroom: 10A<br><br>**Pre-Trial Conference**<br>Date:       October 7, 2019<br>Time:       1:30 P.M.<br>Courtroom: 10A |

-1-
**PLAINTIFF'S MOTION IN LIMINE NO. 2**

1  TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF
2  RECORD:
3      PLEASE TAKE NOTICE that Plaintiff MARCO MILLA ("Plaintiff MILLA") by
4  and through his counsel Martin Stanley of the Law Offices of Martin Stanley, hereby
5  moves this Court for an *in limine* ruling to exclude evidence from the case file of Plaintiff
6  MILLA's criminal defense trial attorney Bruce Brown.
7      This Motion is made on the grounds that the contents of Bruce Brown's case file
8  are protected under the attorney-client privilege and attorney work product doctrine. The
9  following matters would be improper and prejudicial if made known to the jury, even if
10 the Court were to sustain an objection and instruct the jury not to consider such facts for
11 any purpose. The probable impact of ordering the jury to disregard interrogation,
12 comments, or offers in front of the jury would not cure such prejudice, but rather
13 reinforce the impact of such prejudicial matters on the minds of the jurors.
14     This Motion is based on the supporting Memorandum of Points and Authorities,
15 the pleadings and papers on file in this action, and upon such of the argument and
16 evidence as may be presented prior to or at the hearing of this matter.
17     Plaintiff MILLA's counsel complied with Local Rule 7-3 by meeting and
18 conferring with Defendants' counsel regarding this Motion in Limine.

22 DATED: September 10, 2019    Respectfully submitted,
23     LAW OFFICES OF MARTIN STANLEY

25     By:_____/s/ Martin Stanley_____
26     MARTIN STANLEY, ESQ.
    Attorneys for Plaintiff MARCO MILLA

-2-
**PLAINTIFF'S MOTION IN LIMINE NO. 2**

# MEMORANDUM OF POINTS AND AUTHORITIES

This case is about the wrongful incarceration of an innocent man, Plaintiff MILLA, who was imprisoned for more than 12 years and 8 months for a murder he did not commit.  In this civil action, Plaintiff MILLA alleges a Title 42 U.S.C., Section 1983 claim against Defendants RICHARD ULLEY  and J. VANDER HORCK in their individual capacities as well as a separate a Title 42 U.S.C., Section 1983 claim against Defendant CITY OF LOS ANGELES for municipal liability.

In the course of discovery in this case, Defendants requested and obtained the entire case file of Plaintiff MILLA's criminal defense trial attorney Bruce Brown over the opposition and objection of Plaintiff MILLA's counsel of record in this civil action.

Federal Rules of Civil Procedure ("FRCP"), Rule 26(b)(3)(A) protects attorney-work product against disclosure unless the documents sought are otherwise discoverable, are shown by the requesting party that it has substantial need for the materials, and the requesting party cannot obtain such information by other means without undue hardship. Moreover, FRCP 26(b)(3)(B) expressly states that a Court "must protect against disclosure must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  "A party seeking such opinion work product "must make a showing beyond the substantial need/undue hardship test." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir.1992).

For a *Brady* claim based on the alleged withholding of exculpatory evidence, a Court must narrowly tailor the waiver and limit disclosure to what is necessary to assure fairness to defendants. *Tennison v. City and County of San Francisco*, 226 F.R.D. 615, 623.  To the extent that the attorney work product doctrine is waived, the waiver should be limited to fact work product given that the subjective opinions of the criminal defense attorney is not relevant. *Id.* ("All that is relevant is what [counsel] knew or was told, not his subjective opinions.").  "In view of the particularly sensitive nature of the information here-criminal defense counsel files-the waiver must be narrowly tailored so that it is only

1  as broad as is necessary to assure fairness to Defendants." *Tennison*, *supra*, 226 F.R.D.
2  at 623.
3        Defendants may not introduce evidence of documents protected under the attorney-
4  client privilege and attorney work product doctrine. Such documents are not relevant to
5  Plaintiff's claims:
6      "[By asserting a *Devereaux* claim for continuing criminal investigation of
7      Plaintiff despite knowing or having reason to know that Plaintiff was
8      innocent] Plaintiff's civil suit is not predicated on what she or her attorney
9      knew during the criminal proceedings. Rather, her claim is based on what
10     Defendants knew at that time. Neither ordinary work product nor the
11     opinions and mental impressions of Plaintiff's defense attorneys have any
12     bearing on [Defendant's] ability to defend herself in this case."
13 *Sommer v. United State,* 2011 WL 4592788, *8 (S.D. Cal. 2011)
14       Further, under the holdings and findings in *Caldwell*, the examination of the
15 plaintiff's criminal defense attorney should be limited to the following topics:
16     "[W]hat Plaintiff told [his counsel] Mr. Martin regarding the alleged
17     suggestive show-up; Mr. Martin's decision not to challenge [witness] Mary
18     Cobb's identification; and Mr. Martin's decision not to investigate in any
19     way the individuals that Plaintiff now claims perpetrated the crime."
20 *Caldwell v. City of San Francisco*, 2015 WL 1265048, *5 (N.D. Cal. 2015).
21       The Court in *Caldwell* also held that a *Devereaux* claim for fabricating evidence
22 "does not put any communications between Plaintiff and his attorney at issue, including
23 'what Plaintiff told his attorney regarding his involvement in the murder.'" *Id.* As such,
24 Defendants may not admit any communications between Bruce Brown and Plaintiff
25 MILLA at time of trial.
26       For the reasons stated above, Plaintiff MILLA respectfully requests that this Court
27 preclude Defendants' from introducing any evidence from the case file of Bruce Brown,
28 or in the alternative, limit Defendants to have the opportunity to introduce fact work

product, and prohibit Defendants from introducing attorney-client communications as well attorney opinion work product.

DATED: September 10, 2019

Respectfully submitted,

LAW OFFICES OF MARTIN STANLEY

By: _____/s/ Martin Stanley_____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff MARCO MILLA

**PLAINTIFF'S MOTION IN LIMINE NO. 2**