**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401
Telephone:  (310) 399-2555

**BARRETT LAW OFFICE**
Edmont T Barrett [State Bar No. 74117]
P.O. Box 607
Diamond Springs, CA 95619
Telephone:  (530) 642-8468

Attorneys for *Plaintiff*, MARCO MILLA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV-00134-FWS-MRW<br>Hon. Judge Fred W. Slaughter<br>Hon. Magistrate Judge Michael R. Wilner<br><br>**PLAINTIFF MARCO MILLA'S MOTION IN LIMINE NO. 4 TO PRECLUDE IRRELEVANT AND HIGHLY PREJUDICIAL MATTERS RELATING TO ISSUES THAT ARE NOT RELEVANT TO THE TRIABLE ISSUE OF PROBABLE CAUSE**<br><br>**Trial**<br>**Date:**          **05/16/2023**<br>**Time:**          **08:30 AM**<br>**Courtroom:**  **10D, Santa Ana**<br><br>**Pre-Trial Conference**<br>**Date:**          **05/05/2023**<br>**Time:**          **09:00 AM**<br>**Courtroom:**  **10D, Santa Ana** |

-1-
**PLAINTIFF'S MOTION IN LIMINE NO. 4**

**TO: ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that plaintiff hereby moves in limine to preclude any of the following evidence which is highly prejudicial and irrelevant to the triable liability issue in this case (probable cause):

1.  On October 23, 2001, Los Angeles Superior Court Judge Weisman issued a search and arrest warrant for Plaintiff Marco Milla.

2.  On October 24, 2001 Plaintiff Marco Milla was arrested pursuant to the search and arrest warrant.

3.  On October 25, 2001 Deputy District Attorney Scott Carbaugh filed a criminal complaint charging Plaintiff Marco Milla with (1) Murder of Robert Hightower in violation of Penal Code section 187, subdivision (a), (2) Attempted murder of Steven Flowers in violation of Penal Code section 664 and section 187, subdivision (a), (3) Attempted murder of Ramar Jenkins in violation of Penal Code section 664 and section 187, subdivision (a), (4) Attempted murder of Damadre White in violation of Penal Code section 664 and section 187, subdivision (a), (5) Attempted murder of Erica Hightower in violation of Penal Code section 664 and section 187, subdivision (a), and (6) Attempted murder of Senya Williams in violation of Penal Code section 664 and section 187, subdivision (a).

4.    On the dates of December 2, 2002, through December 23, 2002, there was a criminal trial regarding the charges against Plaintiff Marco Milla.  A jury found him guilty of all charges.

5.    On August 3, 2003 after the court denied Plaintiff Milla's motion for new trial.

6.    That Mr. Milla was a gang member at the time of the charged offenses.

This motion is based on the attached memorandum and declaration which demonstrates that the only issue that should be tried according to the law and the previous 9th Circuit opinions is the issue of probable cause at the time of the arrest of Plaintiff. As such, the foregoing matters after the fact are irrelevant and highly prejudicial given that they obviously are being used in an attempt to imply that Plaintiff was guilty of an offence when, in fact, he was later found by the Los Angeles County superior court to be "factually innocent." The motion is based on FRE 402 and 403 as well as case law cited in the points and authorities below.


DATED: April 13, 2023                          Respectfully submitted,
                                               LAW OFFICES OF MARTIN STANLEY

                                               By:_____/s/ Martin Stanley_____
                                               MARTIN STANLEY, ESQ.
                                               Attorneys for Plaintiff MARCO MILLA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff hereby moves in limine to preclude any of the following evidence which is highly prejudicial and irrelevant to the triable liability issue in this case (probable cause):

1.  On October 23, 2001, Los Angeles Superior Court Judge Weisman issued a search and arrest warrant for Plaintiff Marco Milla.

2.  On October 24, 2001 Plaintiff Marco Milla was arrested pursuant to the search and arrest warrant.

3.  On October 25, 2001 Deputy District Attorney Scott Carbaugh filed a criminal complaint charging Plaintiff Marco Milla with (1) Murder of Robert Hightower in violation of Penal Code section 187, subdivision (a), (2) Attempted murder of Steven Flowers in violation of Penal Code section 664 and section 187, subdivision (a), (3) Attempted murder of Ramar Jenkins in violation of Penal Code section 664 and section 187, subdivision (a), (4) Attempted murder of Damadre White in violation of Penal Code section 664 and section 187, subdivision (a), (5) Attempted murder of Erica Hightower in violation of Penal Code section 664 and section 187, subdivision (a), and (6) Attempted murder of Senya Williams in violation of Penal Code section 664 and section 187, subdivision (a).

4. On the dates of December 2, 2002, through December 23, 2002, there was a criminal trial regarding the charges against Plaintiff Marco Milla. A jury found him guilty of all charges.

5. On August 3, 2003 after the court denied Plaintiff Milla's motion for new trial.

6. That Mr. Milla was a gang member at the time of the charged offenses.

## II. THE MATTERS OUTLINED ABOVE ARE HIGHLY PREJUDICIAL AND IRRELEVANT TO THE ISSUE OF PROBABLE CAUSE AT THE TIME OF THE ARREST, WHICH IS THE ONLY ISSUE ON LIABILITY THAT NEEDS TO BE TRIED IN THIS CASE

The United States Court of Appeals held that Plaintifff Milla "was wrongfully arrested, convicted, and incarcerated for over 12 years, 8 months, for murder and attempted murder."

The United States Court of Appeals opinion held that the issues to be tried herein include but are not limited to probable cause, "whether the detectives asked leading questions during the witness interviews, whether the witnesses' earlier testimony contradicted later identifications, and whether the detectives failed to investigate Milla's alibi." Further the Court of Appeals determined that "genuine issues of material fact existed regarding [Milla's] identifications" including, but not limited to "whether the witnesses in this case had an opportunity to observe the crime or were too distracted;

**PLAINTIFF'S MOTION IN LIMINE NO. 4**

whether the witnesses gave a detailed, accurate description; and whether the witnesses were under pressure from [government] officials or others."

As the 9th Circuit Stated:

> "There were genuine issues of material fact regarding whether the detectives gave the prosecutor misleading or incomplete information regarding the photo identifications of Milla—the only evidence tying Milla to the shooting—and regarding Milla's alibi. The presumption of prosecutorial independence will be considered rebutted in circumstances including where the detectives "knowingly provided misinformation to [the prosecutor], concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings."
> Awabdy, 368 F.3d at 1067.

Taking the facts in the light most favorable to Milla, the circumstances surrounding what the detectives did or did not communicate to the prosecutor about Ramar Jenkins's identification, the photo lineups, and Milla's alibi are questions that must go to a jury. A reasonable juror could find that Milla had rebutted the presumption where the detectives told the prosecutor that Jenkins positively identified Milla without informing the prosecutor that the interview was re-taped, that the second interview was a set of highly leading questions, and that Jenkins had already been shown Milla's photo as part of an array on

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a previous occasion and had not identified Milla. It is a closer call whether the detectives' representation of Milla's alibi—failing to specifically mention that both Milla and Alex Velarde said they were together at Milla's girlfriend's apartment or that the detectives had not yet interviewed the other alibi witnesses or otherwise investigated Milla's alibi—would, on its own, be sufficient to rebut the presumption of prosecutorial independence; however, in conjunction with the representations and/or omissions regarding the photo identifications, it further highlights why these questions must go to a jury . . . The fact that the detectives brought hundreds of pages of materials to their meeting with the prosecutor, among which details of the photo identifications and alibi might have been discoverable, is beside the point—there was nothing in the record suggesting that the prosecutor actually reviewed the written materials during what was a verbal presentation by the detectives or afterwards, before making the decision to charge Milla. Neither can the detectives' lack of memory prevent Milla from surviving summary judgment where he put forward other evidence to create genuine disputes of material fact and where a reasonable juror could consider the entirety of the record and conclude that the detectives acted recklessly or maliciously in their representations or lack thereof to the prosecutor."

**PLAINTIFF'S MOTION IN LIMINE NO. 4**

A motion in limine can be used to ask the court to exercise its discretion under FRE 403 to exclude photographs, physical evidence, or other materials whose "probative value is substantially outweighed" by the danger of undue prejudice, confusing the issues, misleading the jury, or an undue consumption of time. [FRE 403]

If the inference to be drawn from the evidence is the result of speculation or conjecture, the underlying evidence is not relevant. [See *Engstrand v. Pioneer Hi-Bred Int'l, Inc.* (SD IA 1996) 946 F.Supp. 1390, 1396, aff'd (8th Cir. 1997) 112 F3d 513; *American Cancer Soc. v. Cook* (5th Cir. 2012) 675 F3d 524, 528-529—allegations in affidavit too conclusory and factually bare to support claims. The following matters are irrelevant and highly prejudicial:

1. "On October 23, 2001, Los Angeles Superior Court Judge Weisman issued a search and arrest warrant for Plaintiff Marco Milla."

The defense obviously would like to have the jury hear that a judge issued an arrest warrant to put forth a false implication that he committed a bad act- but the only issue is whether the officers had probable cause and if they somehow concealed, made up or led Ramar Jenkins into his identification, then whether the judge issued a warrant or not is irrelevant and again highly prejudicial.

2. "On October 24, 2001 Plaintiff Marco Milla was arrested pursuant to the search and arrest warrant."

Again, the fact of the arrest is relevant but whether he was arrested pursuant to search warrant is absolutely irrelevant and another highly prejudicial fact the defense would use to attempt to imply wrongdoing on Milla's part when in fact there was absolutely no wrongdoing.

3. "On October 25, 2001 Deputy District Attorney Scott Carbaugh filed a criminal complaint charging Plaintiff Marco Milla with (1) Murder of Robert Hightower in violation of Penal Code section 187, subdivision (a), (2) Attempted murder of Steven Flowers in violation of Penal Code section 664 and section 187, subdivision (a), (3) Attempted murder of Ramar Jenkins in violation of Penal Code section 664 and section 187, subdivision (a), (4) Attempted murder of Damadre White in violation of Penal Code section 664 and section 187, subdivision (a), (5) Attempted murder of Erica Hightower in violation of Penal Code section 664 and section 187, subdivision (a), and (6) Attempted murder of Senya Williams in violation of Penal Code section 664 and section 187, subdivision (a)."

Again, the fact of the charge is relevant but whether a deputy district attorney filed it or not is irrelevant – the only relevant issue is, as the 9th Circuit stated, whether true and full and accurate information was presented to that deputy district attorney.

**PLAINTIFF'S MOTION IN LIMINE NO. 4**

4. "On the dates of December 2, 2002, through December 23, 2002, there was a criminal trial regarding the charges against Plaintiff Marco Milla.  A jury found him guilty of all charges."

5. "On August 3, 2003 after the court denied Plaintiff Milla's motion for new trial."

With regards to items 4 and 5 above, again these matters are highly prejudicial and irrelevant for the same reasons as are 1-3 above.

6. That Mr. Milla was a gang member at the time of the offense.

Whether Milla was a gang member at the time of the arrest has nothing to do with probable cause and is undoubtedly extremely prejudicial.  Further, whether Milla was a gang member or not has nothing to do with whether there was probable cause because the defendants have testified that the only "fact" that gave them probable cause was the identification by Ramar Jenkins (see Exhibit 1 hereto) and, as such, that is the only issue that should be tried.

DATED: April 13, 2023                        Respectfully submitted,
                                             LAW OFFICES OF MARTIN STANLEY

                                             By:_____/s/ Martin Stanley_____
                                             MARTIN STANLEY, ESQ.
                                             Attorneys for Plaintiff MARCO MILLA

**PLAINTIFF'S MOTION IN LIMINE NO. 4**

## DECLARATION OF MARTIN STANLEY

I, MARTIN STANLEY, declare:

1. I am an attorney duly licensed to practice law in this Court, attorney of record for Plaintiff MARCO MILLA. The facts herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. Plaintiff hereby moves in limine to preclude any of the following evidence which is highly prejudicial and irrelevant to the triable liability issue in this case (probable cause):

3. On October 23, 2001, Los Angeles Superior Court Judge Weisman issued a search and arrest warrant for Plaintiff Marco Milla.

4. On October 24, 2001 Plaintiff Marco Milla was arrested pursuant to the search and arrest warrant.

5. On October 25, 2001 Deputy District Attorney Scott Carbaugh filed a criminal complaint charging Plaintiff Marco Milla with (1) Murder of Robert Hightower in violation of Penal Code section 187, subdivision (a), (2) Attempted murder of Steven Flowers in violation of Penal Code section 664 and section 187, subdivision (a), (3) Attempted murder of Ramar Jenkins in violation of Penal Code section 664 and section 187, subdivision (a), (4) Attempted murder of Damadre White in violation of Penal Code section 664 and section 187, subdivision (a), (5) Attempted murder of Erica Hightower in violation of Penal

Code section 664 and section 187, subdivision (a), and (6) Attempted murder of Senya Williams in violation of Penal Code section 664 and section 187, subdivision (a).

6. On the dates of December 2, 2002, through December 23, 2002, there was a criminal trial regarding the charges against Plaintiff Marco Milla.  A jury found him guilty of all charges.

7. On August 3, 2003 after the court denied Plaintiff Milla's motion for new trial.

8. That Mr. Milla was a gang member at the time of the offense.

9. This motion is based on the attached memorandum and declaration which demonstrates that the only issue that should be tried according the law and the previous 9th Circuit opinions is the issue of probable cause at the time of the arrest of Plaintiff. As such, the foregoing matters after the fact are irrelevant and highly prejudicial given that they obviously are being used in an attempt to imply that Plaintiff was guilty of an offence when, in fact, he was later found by the Los Angeles County superior court to be "factually innocent." Further, whether Milla was a gang member or not has nothing to do with whether there was probable cause because the defendants have testified that the only "fact" that gave them probable cause was the identification by Ramar Jenkins (see Exhibit 1 hereto) and, as such, that is the only issue that should be tried.

10.   Finally, counsel have thoroughly met and conferred on this issue. Besides discussing this issue with defense counsel, among other things, on April 11, 2023, 2 days prior to filing, plaintiff's counsel emailed this motion in limine to defense counsel asking that he review it and respond as to whether he would agree to it or not.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 13, 2023, at Santa Monica, California.

By:_____/s/ MARTIN STANLEY___

**PLAINTIFF'S MOTION IN LIMINE NO. 4**

# EXHIBIT 1

1    A    I have no idea because I wasn't able to -- to

2  prove that one way or another.

3    Q    Okay.  Now, how did you know that the

4  witnesses that ID'd Mr. Milla tentatively were being

5  honest or not?

6    A    They were interviewed extensively, and I

7  believed that they were all honest.  And tentatives

8  were strong tentatives to me, but they were

9  tentatives.

10    Q    And is a tentative sufficient for probable

11  cause -- or let me ask you this:  Back then when you

12  were doing this job, did you believe tentative IDs

13  were sufficient for probable cause?

14    MR. MILLER:  Objection.  Vague, ambiguous,

15  incomplete hypothetical, calls for a legal conclusion,

16  his state of mind is irrelevant.

17  BY MR. STANLEY:

18    Q    Go ahead.

19    A    I agree with that answer.

20    MR. MILLER:  It wasn't an answer.  It's an

21  objection.

22    MR. BARRETT:  Yes, it was.

23    THE WITNESS:  Okay.  Read it back to me

24  again, because I want to be sure it's correct, my

25  answer.

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

```
 1              (Record read.)

 2              THE WITNESS:  No.

 3    BY MR. STANLEY:

 4         Q    Now, it says here, "Velarde replied he didn't

 5    know how Milla could be in two different places at the

 6    same time."

 7              Do you see that?

 8         A    I see that.

 9         Q    And did you do any further investigation with

10    regards to that question -- or that statement?

11         A    Tried.

12         Q    What did you do?

13         A    Continued to try to corroborate all of his

14    alibi.

15         Q    And how did you do that?

16         A    Well, we tried to get ahold of Sandra.  We

17    made phone calls.  She made an appointment.  She broke

18    them.  When we finally got ahold of her roommate, she

19    said she moved out, and we -- and we had no

20    forwarding.  We had no information on her.

21              So then when we tried to call her phone

22    again, the phone said, "Not accepting any more calls."

23    I believe I made that phone call, because that's why

24    I remember that one.  And reading this, that brought

25    that back.
```

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

Page 114

1    in the world, as we say, so that doesn't matter.

2              Have you ever heard the word -- the name

3    Juan Pimental?

4              MR. MILLER:  From anybody other than your

5    attorney.

6    BY MR. STANLEY:

7         Q    Well, that's automatic.

8         A    No.

9         Q    Okay.  How about Julio Munoz?

10        A    Not that I recall.

11        Q    Did you ever investigate whether Julio Munoz

12   was a potential suspect in this case?

13        A    At this point in time I don't recall.

14        Q    Did you ever investigate that -- any other

15   person as a suspect in this case whose name you can

16   give us?

17        A    I believe there was one other potential that

18   my partner was involved in.  I can't remember what the

19   name was.  I'm not --

20        Q    Was that a Mr. Martinez?

21        A    Yeah.  I knew it started with an "M."

22        Q    Okay.  Anyone other than him and Mr. Milla?

23        A    Not to my knowledge at this time.

24        Q    Now, going back to Exhibit 34 for one quick

25   second, that date when Mr. Jenkins first made the

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

Page 115

1    identification was 10/22/01, true, according to the

2    top right-hand corner?

3         A    13 is 1 o'clock.

4         Q    10/22/01.

5         A    Oh, I'm sorry.

6         Q    It's all good.

7         A    Maybe I do need a break.

8         Q    It's all right.

9         A    10/22/01, yes.

10        Q    Okay.  And prior to that time, had anyone

11   positively identified Mr. Milla?

12        A    At this time I can't -- I can't answer that.

13        Q    And did anyone other than Mr. Jenkins ever

14   positively identify Mr. Milla?

15             MR. MILLER:  Objection.  Vague, overbroad,

16   may lack foundation as to this witness.

17             MR. STANLEY:  Well, if he doesn't know, then

18   he doesn't know.

19        Q    I'm only asking about your personal

20   knowledge.

21             Did anyone ever positively identify

22   Mr. Milla, that you know of, other than Mr. Jenkins

23   perhaps doing so at this particular time?

24        A    Positively?

25        Q    Yes.

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016
                                                        Page 116

1        A    To my knowledge, at this time I don't recall.

2        Q    Okay.  Thank you.  You can give that back to

3    the court reporter.

4             MR. STANLEY:  Let's take a two-minute break

5    because I want to try to see if there's a possibility

6    of being done before lunch.  So we're going to take a

7    two-minute break and we're going to talk about it.

8             MR. MILLER:  Sure.

9             THE VIDEOGRAPHER:  The time is 1:11 p.m.

10   We're off the record.

11            (Recess.)

12            THE VIDEOGRAPHER:  The time is 1:17 p.m.

13   We're on the record.

14   BY MR. STANLEY:

15       Q    Okay.  I'm showing you Exhibit Number 37.

16   It's a "Tape Recording Log."

17            (Exhibit 37 marked.)

18   BY MR. STANLEY:

19       Q    Do you see that?

20       A    Yes.

21       Q    And these are the tapes that were prepared in

22   this case; right?

23       A    These are the tapes and numbers of the people

24   that were interviewed and the date and times.  But

25   whether it was prepared for this case, I don't know.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, California 90401.

On **April 13, 2023,** I served the foregoing document(s) on the interested parties in this action by email as follows:

**Attorney for Defendants:**
KEVIN GILBERT
Email: kgilbert@ohhlegal.com

BY ELECTRONIC DELIVERY DUE TO COVID-19

[**X**]  STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 13, 2023,** at Santa Monica, California

_____/s/ MARTIN STANLEY___
Martin Stanley

-14-
**PLAINTIFF'S MOTION IN LIMINE NO. 4**