**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401
Telephone: (310) 399-2555
Facsimile: (310) 917-1001

**BARRETT LAW OFFICE**
Edmont T Barrett [State Bar No. 74117]
P.O. Box 607
Diamond Springs, CA 95619
Telephone: (530) 642-8468
Facsimile: (530) 653-2449

Attorneys for *Plaintiff*, MARCO MILLA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>                Defendants. | Case No. CV-00134-FWS-MRW<br>Hon. Judge Fred W. Slaughter<br>Hon. Magistrate Judge Michael R. Wilner<br><br>**PLAINTIFF MARCO MILLA'S AMENDED MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF IRRELEVANT MATTERS RAISED AT PLAINTIFF'S DEPOSITION**<br><br>**<u>Trial</u>**<br>**Date:**        **05/16/2023**<br>**Time:**        **08:30 AM**<br>**Courtroom:**   **10D, Santa Ana**<br><br>**<u>Pre-Trial Conference</u>**<br>**Date:**        **05/05/2023**<br>**Time:**        **09:00 AM**<br>**Courtroom:**   **10D, Santa Ana** |

-1-
**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2023, at 8:30 a.m. before the Honorable Fred W. Slaughter in Courtroom 10D in the above-entitled Courthouse, Plaintiff MARCO MILLA ("Plaintiff MILLA") by and through his counsel Martin Stanley of the Law Offices of Martin Stanley, hereby moves this Court for an *in limine* ruling to exclude evidence of irrelevant matters that Defendants raised at the time of Plaintiff MILLA's deposition in this case on December 22, 2016.

This Motion is made on the grounds that the matters described below are potentially immaterial, irrelevant, and inadmissible pursuant to Federal Rules of Evidence ("FRE"), Rule 402. Further, to the extent that the matters described below are tangentially relevant to the claims in this case, such matters should be excluded under FRE Rule 403. The following matters would be improper and prejudicial if made known to the jury, even if the Court were to sustain an objection and instruct the jury not to consider such facts for any purpose. The probable impact of ordering the jury to disregard interrogation, comments, or offers in front of the jury would not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the minds of the Jurors.

This Motion is based on the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter. Plaintiff MILLA's

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

1 counsel complied with Local Rule 7-3 by meeting and conferring with Defendants'

2 counsel regarding this Motion in Limine.

3

4

5 DATED: April 13, 2023                    Respectfully submitted,
6                                          LAW OFFICES OF MARTIN STANLEY

7                                          By:_____/s/ Martin Stanley_____
8                                          MARTIN STANLEY, ESQ.
9                                          Attorneys for Plaintiff MARCO MILLA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

This case is about the wrongful incarceration of an innocent man, Plaintiff MILLA, who was imprisoned for more than 12 years and 8 months for a murder and five attempted murders he did not commit. In this civil action, Plaintiff MILLA alleges a Title 42 U.S.C., Section 1983 claim against Defendants.

Defendants took the deposition of Plaintiff MILLA on December 22, 2016. Defendants' counsel asked Plaintiff MILLA questions inquiring into multiple areas that are irrelevant to this case and are inadmissible under FRE Rule 402. Irrelevant evidence is not admissible. Further, to the extent that the matters described below are tangentially relevant to the claims in this case, such matters should be excluded under FRE, Rule 403 given the probative value of these matters is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Notwithstanding the fact that such topics have no tendency to make a fact more or less probable and are of no consequence to determining the action, Defendants' counsel inquired into the following areas with Plaintiff MILLA:

1.  Plaintiff's relationship with Sandra Villalobos and her daughter Mariah, and the pending family law proceeding involving Plaintiff MILLA, Sandra Villalobos, and Mariah. (Plaintiff's Deposition Transcript, 13-14). Such information has absolutely no bearing regarding Plaintiff MILL s claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

cause or extent of Plaintiff MILLA's damages suffered in this case and should be excluded as hearsay, and per FRE 402 and 403.

2.  Plaintiff's MILLA's former street name was "Drifter". (Plaintiff's Deposition Transcript, page 21.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. It is irrelevant as to probable cause. Further such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case and should be excluded as hearsay, and per FRE 402 and 403.

3.  The identities of the individuals from 204th Street that Plaintiff sees on occasion at this time.  (Plaintiff's Deposition Transcript, page 22.)  This information is irrelevant, highly prejudicial and inadmissible character evidence.  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

4.  Plaintiff MILLA's listed weight of 187 pounds at the time of his arrest in the underlying criminal case being the same number as California Penal Code, Section 187. (Plaintiff's Deposition Transcript, pages 32-34.)  This information is irrelevant, and invites the jury to make highly speculative and highly prejudicial inferences and would be inadmissible character evidence.  Such information has

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Plaintiff actually weight about that weight at the time he obtained his license.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

5.   Plaintiff's current weight and exercise regimen of kickboxing.  (Plaintiff's Deposition Transcript, 35)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

6.   The location of Plaintiff MILLA's high school and post-high school camp. (Plaintiff's Deposition Transcript, 48-49). His one juvenile conviction for gun possession at age 11 or his probation are highly prejudicial and not relevant to probable cause.  It would be used improperly as character evidence and is remote under FRE 609(b).  Such information has absolutely no bearing regarding Plaintiff MJLLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MlLLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

7. Plaintiff MILLA's reading level. Plaintiff's Deposition Transcript, 49-50). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

8. Plaintiff MILLA's tattoos. (Plaintiff's Deposition Transcript, 51-55 & 158-159). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. MILLA's head tattoo was made after the offense in the underlying case herein. His body tattoos are irrelevant to probable cause. This evidence is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA 's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

9. The contents of Plaintiff MILLA 's C-File in prison. (Plaintiffs Deposition Transcript, page 90). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendant. It is not relevant to probable cause. It is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

10. Plaintiff MILLA 's disciplinary history in County Jail. (Plaintiff's Deposition Transcript, 97-98). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  It is irrelevant to probable cause, it is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

11. Plaintiff MILLA's disciplinary history in prison. (Plaintiffs Deposition Transcript, 98- 100). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  It is irrelevant to probable cause, it is highly prejudicial and would be improperly used as inadmissible character evidence.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

12. Plaintiff MILLA's occasional use of marijuana, heroin, pruno, and alcohol while in prison and any such use since. (Plaintiff's Deposition Transcript, page 99-101.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

13. Plaintiff MILLA's belief that Salvador Pimentel was on meth on September 29, 2001 or September 30, 2001. (Plaintiff's Deposition Transcript page 101-102.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

14. Plaintiff MILLA's arrest in May 2001 for assault, and which charges were subsequently dropped by the District Attorney' Office. (Plaintiff's Deposition Transcript pages 114-115 and 175.) Such information has absolutely no bearing regarding MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403. It is not a relevant prior bad act and is extremely prejudicial.

15. Plaintiff MILLA's mother's recommendation that Plaintiff attend "AA" or "NA" (Plaintiff's Deposition Transcript, 127-128.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff

MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

16. Plaintiff MILLA's purchase and ownership of two homes. (Plaintiff's Deposition Transcript, page 132.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

17. Plaintiff MILLA's child support proceedings regarding his daughter Ruby Milla. (Plaintiff's Deposition Transcript, page 133.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

18. Plaintiff MILLA's compensation from the State of California for wrongful conviction in the amount of $654,500.00 and his use of these funds.  (Plaintiff's Deposition Transcript, page 134-137 & 167.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

19. Plaintiff MILLA's work history in prison.  (Plaintiff's Deposition Transcript, page 147-148).  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

20. Plaintiff MILLA's arrest history.  (Plaintiff's Deposition Transcript, page 152 & 158.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, especially since it is an improper use of a claimed prior bad act and is extremely prejudicial, and should be excluded as hearsay, and per FRE 402 and 403.

21. Any items seized from Plaintiff MILLA's home at the time of his arrest, given the admitted lack of connection between any physical evidence found, seized and analyzed to the shooting and Plaintiff MILLA.  (Plaintiff's Deposition Transcript, page 154-156.)  Such information has absolutely no bearing regarding Plaintiff

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

22.   Plaintiff MILLA's personal opinion regarding his criminal defense trial attorney Bruce Brown's representation of Plaintiff MILLA at the time of the underlying criminal trial. (Plaintiff's Deposition Transcript, pages 171-174.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403, and it is improper lay opinion.

Given the irrelevant and highly prejudicial nature of the topics listed above, Plaintiff MILLA respectfully requests that this Honorable Court issue an *in limine* order to preclude to Defendants, their counsel and their witnesses from mentioning any of these topics at the time of trial.

/ / /

/ / /

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

DATED: April 13, 2023

Respectfully submitted,
LAW OFFICES OF MARTIN STANLEY

By: _____ /s/ Martin Stanley _____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff MARCO MILLA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF MARTIN STANLEY

I, MARTIN STANLEY, declare:

1.   I am an attorney duly licensed to practice law in this Court, attorney of record for

Plaintiff MARCO MILLA. The facts herein are of my own personal knowledge,

and if sworn I could and would competently testify thereto.

2.   Plaintiff hereby moves in limine to preclude any of the following evidence which

is highly prejudicial and irrelevant to the triable liability issue in this case

(probable cause):  Defendants took the deposition of Plaintiff MILLA on

December 22, 2016. Defendants' counsel asked Plaintiff MILLA questions

inquiring into multiple areas that are irrelevant to this case and are inadmissible

under FRE Rule 402. Irrelevant evidence is not admissible. Further, to the extent

that the matters described below are tangentially relevant to the claims in this case,

such matters should be excluded under FRE, Rule 403 given the probative value of

these matters is substantially outweighed by the danger of unfair prejudice,

confusing the issues, misleading the jury, and wasting time. Notwithstanding the

fact that such topics have no tendency to make a fact more or less probable and are

of no consequence to determining the action, Defendants' counsel inquired into the

following areas with Plaintiff MILLA:

1.)   Plaintiff's relationship with Sandra Villalobos and her daughter Mariah, and

the pending family law proceeding involving Plaintiff MILLA, Sandra

-14-
**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

Villalobos, and Mariah. (Plaintiff's Deposition Transcript, 13-14). Such information has absolutely no bearing regarding Plaintiff MILL s claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case and should be excluded as hearsay, and per FRE 402 and 403.

2.)   Plaintiff's MILLA's former street name was "Drifter".  (Plaintiff's Deposition Transcript, page 21.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  It is irrelevant as to probable cause. Further such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case and should be excluded as hearsay, and per FRE 402 and 403.

3.)   The identities of the individuals from 204th Street that Plaintiff sees on occasion at this time.  (Plaintiff's Deposition Transcript, page 22.)  This information is irrelevant, highly prejudicial and inadmissible character evidence.  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent

of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

4.) Plaintiff MILLA's listed weight of 187 pounds at the time of his arrest in the underlying criminal case being the same number as California Penal Code, Section 187. (Plaintiff's Deposition Transcript, pages 32-34.) This information is irrelevant, and invites the jury to make highly speculative and highly prejudicial inferences and would be inadmissible character evidence. Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Plaintiff actually weight about that weight at the time he obtained his license. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

5.) Plaintiff's current weight and exercise regimen of kickboxing. (Plaintiff's Deposition Transcript, 35) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

6.) The location of Plaintiff MILLA's high school and post-high school camp. (Plaintiff's Deposition Transcript, 48-49). His one juvenile conviction for gun possession at age 11 or his probation are highly prejudicial and not relevant to probable cause. It would be used improperly as character evidence and is remote under FRE 609(b). Such information has absolutely no bearing regarding Plaintiff MJLLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MlLLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

7.) Plaintiff MILLA's reading level. Plaintiff's Deposition Transcript, 49-50). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

8.) Plaintiff MILLA's tattoos. (Plaintiff's Deposition Transcript, 51-55 & 158-159). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U .S.C. Section 1983 against Defendants. MILLA's head tattoo was made after the offense in the underlying case herein. His body tattoos are irrelevant to probable cause. This evidence is

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

highly prejudicial and would be improperly used as inadmissible character evidence.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA 's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

9.)   The contents of Plaintiff MILLA 's C-File in prison. (Plaintiffs Deposition Transcript, page 90). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendant.  It is not relevant to probable cause.  It is highly prejudicial and would be improperly used as inadmissible character evidence.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

10.)  Plaintiff MILLA 's disciplinary history in County Jail. (Plaintiff's Deposition Transcript, 97-98). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  It is irrelevant to probable cause, it is highly prejudicial and would be improperly used as inadmissible character evidence. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

11.) Plaintiff MILLA's disciplinary history in prison. (Plaintiffs Deposition Transcript, 98-100). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  It is irrelevant to probable cause, it is highly prejudicial and would be improperly used as inadmissible character evidence.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

12.) Plaintiff MILLA's occasional use of marijuana, heroin, pruno, and alcohol while in prison and any such use since.  (Plaintiff's Deposition Transcript, page 99-101.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

13.) Plaintiff MILLA's belief that Salvador Pimentel was on meth on September 29, 2001 or September 30, 2001.  (Plaintiff's Deposition Transcript page 101-102.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such

information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

14.) Plaintiff MILLA's arrest in May 2001 for assault, and which charges were subsequently dropped by the District Attorney' Office.  (Plaintiff's Deposition Transcript pages 114-115 and 175.)  Such information has absolutely no bearing regarding MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.   Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403. It is not a relevant prior bad act and is extremely prejudicial.

15.) Plaintiff MILLA's mother's recommendation that Plaintiff attend "AA" or "NA" (Plaintiff's Deposition Transcript, 127-128.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

16.) Plaintiff MILLA's purchase and ownership of two homes.  (Plaintiff's Deposition Transcript, page 132.)  Such information has absolutely no

bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

17.) Plaintiff MILLA's child support proceedings regarding his daughter Ruby Milla.  (Plaintiff's Deposition Transcript, page 133.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

18.) Plaintiff MILLA's compensation from the State of California for wrongful conviction in the amount of $654,500.00  and his use of these funds. (Plaintiff's Deposition Transcript, page 134-137 & 167.)  Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

19.) Plaintiff MILLA's work history in prison. (Plaintiff's Deposition Transcript, page 147-148). Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

20.) Plaintiff MILLA's arrest history. (Plaintiff's Deposition Transcript, page 152 & 158.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further he lacks personal knowledge of these matters. Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, especially since it is an improper use of a claimed prior bad act and is extremely prejudicial, and should be excluded as hearsay, and per FRE 402 and 403.

21.) Any items seized from Plaintiff MILLA's home at the time of his arrest, given the admitted lack of connection between any physical evidence found, seized and analyzed to the shooting and Plaintiff MILLA. (Plaintiff's Deposition Transcript, page 154-156.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants. Further, such information is not relevant to

-22-
**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403.

22.) Plaintiff MILLA's personal opinion regarding his criminal defense trial attorney Bruce Brown's representation of Plaintiff MILLA at the time of the underlying criminal trial.  (Plaintiff's Deposition Transcript, pages 171-174.) Such information has absolutely no bearing regarding Plaintiff MILLA's claims under Title 42 U.S.C. Section 1983 against Defendants.  Further he lacks personal knowledge of these matters.  Further, such information is not relevant to determining the cause or extent of Plaintiff MILLA's damages suffered in this case, and should be excluded as hearsay, and per FRE 402 and 403, and it is improper lay opinion.

Given the irrelevant and highly prejudicial nature of the topics listed above, Plaintiff MILLA respectfully requests that this Honorable Court issue an *in limine* order to preclude to Defendants, their counsel and their witnesses from mentioning any of these topics at the time of trial.

Finally, counsel have thoroughly met and conferred on this issue. Besides discussing this issue with defense counsel, among other things, on April 11, 2023, 2 days prior to filing, plaintiff's counsel emailed this motion in limine to defense counsel asking that he review it and respond as to whether he would agree to it or not.

-23-

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 13, 2023, at Santa Monica, California.

By: _____ /s/ MARTIN STANLEY_____

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**

1

## PROOF OF SERVICE

2

3

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, California 90401.

5

6

7

On **April 13, 2023,** I served the foregoing document(s) on the interested parties in this action by email as follows:

8

9

**Attorney for Defendants:**

10

KEVIN GILBERT

11

Email: kgilbert@ohhlegal.com

12

13

BY ELECTRONIC DELIVERY DUE TO COVID-19

14

[**X**]  STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

15

16

Executed on **April 13, 2023,** at Santa Monica, California

17

18

19

20
_____/s/ MARTIN STANLEY___
Martin Stanley

21

22

23

24

25

26

27

28

-25-
**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 1**