1  **LAW OFFICE OF MARTIN STANLEY**
2  Martin Louis Stanley [State Bar No. 102413]
   100 Wilshire Blvd, Suite 700
3  Santa Monica, CA 90401
4  Telephone:  (310) 399-2555

5  **BARRETT LAW OFFICE**
6  Edmont T Barrett [State Bar No. 74117]
   P.O. Box 607
7  Diamond Springs, CA 95619
8  Telephone:  (530) 642-8468

9
   Attorneys for *Plaintiff*, MARCO MILLA
10

11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  MARCO MILLA an individual, | Case No. CV-00134-FWS-MRW |
| 14 | Hon. Judge Fred W. Slaughter |
| 15              Plaintiff, | Hon. Magistrate Judge Michael R. Wilner |
| 16      vs. | **PLAINTIFF MARCO MILLA'S** |
| 17  CITY OF LOS ANGELES a municipal | **AMENDED MOTION IN LIMINE NO.** |
| 18  entity; LOS ANGELES POLICE | **3 TO EXCLUDE EVIDENCE OF** |
|     DEPARTMENT, a municipal entity; | **PLAINTIFF'S GANG AFFILIATION** |
| 19  COUNTY OF LOS ANGELES, | **AND PRIOR ARRESTS, AS WELL AS** |
| 20  DETECTIVE R. ULLEY AND | **"TENTATIVE IDENTIFICATIONS";** |
|     DETECTIVE J. VANDER HORCK, and | **MEMORANDUM OF POINTS AND** |
| 21  DOES 1 through 100, inclusive, | **AUTHORITIES** |
| 22 | |
| 23              Defendants. | **Trial** |
|     | **Date:          05/16/2023** |
| 24 | **Time:          08:30 AM** |
| 25 | **Courtroom:    10D, Santa Ana** |
| 26 | **Pre-Trial Conference** |
|     | **Date:          05/05/2023** |
| 27 | **Time:          09:00 AM** |
| 28 | **Courtroom:    10D, Santa Ana** |

-1-
**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 3**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff MARCO MILLA ("Plaintiff MILLA") by and through his counsel Martin Stanley of the Law Offices of Martin Stanley, hereby moves this Court for an *in limine* ruling to exclude any evidence and argument regarding Plaintiff MILLA's gang affiliation and prior arrest history at the trial of this matter, along with any and all "tentative identifications." Plaintiff MILLA makes this Motion under Federal Rules of Evidence 401, 402, 403, and 404 and 609.

The following matters may be improper and prejudicial if made known to the jury, even if the Court were to sustain an objection and instruct the jury not to consider such facts for any purpose. The probable impact of ordering the jury to disregard interrogation, comments, or offers in front of the jury would not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the minds of the jurors.

This Motion is based on the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

Plaintiff MILLA's counsel complied with Local Rule 7-3 by meeting and conferring with Defendants' counsel regarding this Motion in Limine.

/ / /

/ / /

DATED:  April 13, 2023

Respectfully submitted,
LAW OFFICES OF MARTIN STANLEY

By: _____/s/ Martin Stanley_____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff MARCO MILLA

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 3**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case is about the wrongful incarceration of an innocent man, Plaintiff MILLA, who was imprisoned for more than 12 years and 8 months for a murder and five attempted murders he did not commit. In this civil action

Plaintiffs seek to exclude evidence of Plaintiff MILLA's gang affiliation and prior contacts with law enforcement, including any prior arrests (specifically a prior arrest which was completely dropped by the District Attorney's office without any charges being filed), along with any and all "tentative identifications". Except for his wrongful conviction that is the subject of this civil action, Plaintiff MILLA had never suffered a prior conviction. Evidence of Plaintiff MILLA's gang affiliation and prior arrest history is irrelevant, unduly prejudicial, and impermissible character evidence.

### II.   THE PRIOR ARREST EVIDENCE IS IRRELEVANT AND SHOULD BE EXCLUDED

"[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986).  Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than if would be without the evidence. Fed. R. Evid. Rule 402 states in part that evidence which

is not relevant is not admissible. Here, the evidence consists of prior arrests that did not

lead to convictions and therefore have no probative value whatsoever. Prior arrests are

also not probative of whether probable cause existed to arrest and wrongfully convict

Plaintiff MILLA of a murder he did not commit. The Ninth Circuit found, in its 2/12/19

Memorandum Opinion, that "Marco Milla was wrongfully arrested, convicted, and

incarcerated for over 10 years for murder."  This factual finding has precedential value

under 9th Cir. R. 36-3 because it is relevant under doctrines of law of the case, res judicata

or collateral estoppel. Also, a state court judge also made that same finding, finding that

Milla was "factually innocent."

## III.   EVIDENCE OF GANG AFFILIATION AND PRIOR ARRESTS ARE IRRELEVANT AND IMPROPER CHARACTER EVIDENCE

Membership in a gang is constitutionally protected under the First Amendment,

which protects the right of an individual to join groups and associate with others holding

similar beliefs. *Dawson v. Delaware* 503 U.S. 159, 163-164 (1992) citing *Aptheker v.*

*Secretary of State* 378 U.S. 500, 507 (1964). Defendants cannot show that gang

membership is relevant to any issue in this case. The improper purpose for introducing

this evidence is to allow the jury to draw adverse inferences from conduct that his

constitutionally protected.

Another improper purpose for this evidence is to prejudice the jury into thinking

that Plaintiff MILLA must be "a bad man" simply because he is a member of a gang. The

evidence should be excluded because there is a substantial risk that the jury would improperly consider and draw impermissible inferences of "bad person" character traits, from this evidence. Fed. R. Evid. Rule 404 (b)(1) expressly prohibits "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Thus, it should be excluded.

The nature of this evidence is such that it improperly focuses the jury's attention on Plaintiff MILLA's character, which as further discussed below, is highly improper and unfairly prejudicial.

## IV.   THE EVIDENCE ALSO SHOULD BE EXCLUDED UNDER RULE 403, AS SHOULD ANY AND ALL "TENTATIVE IDENTIFICATIONS"

Alternatively, assuming arguendo there was some relevance to this evidence, this Court should use its discretion under Fed. R. Evid. Rule 403 and nevertheless exclude evidence of Plaintiff MILLA's gang affiliation and prior arrest history. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Inflammatory and misleading evidence and argument about such criminal history is solely designed to unduly prejudice Plaintiff MILLA and to confuse and mislead the jury that such evidence can be used to justify the officers' use of force or reduce Plaintiffs'

compensatory damages.  Any jury, presented with this inflammatory and prejudicial evidence, will not be able to divorce this evidence from its verdict on liability or damages.

There is a substantial danger of causing prejudice to the Plaintiffs because of the negative social stigma attached to being arrested or being a gang member. Most jurors, if not all, will have negative opinions about "gang members" and raise the "bad man" stereotype. Despite the judicially noticeable, undisputed fact that Plaintiff MILLA was wrongfully convicted and wrongfully imprisoned for 12 years and 8 months for murder, a jury that is prejudiced against the plaintiff creates a substantial likelihood that they would award nominal to no damages. That would be a miscarriage of justice.

Accordingly, Plaintiffs respectfully request that the Court alternatively exclude this evidence and argument under Rule 403.

All of the foregoing matters are irrelevant and highly prejudicial. They should be excluded per FRE 402 and FRE 403. The law in our circuit is clear–see, e.g., *Kennedy v. Lockyar*, 379 F.3d 1041 (2004), stating:

> Our cases make it clear that evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error. Evidence of gang membership may not be introduced, as it was here, to prove intent or culpability. *See Mitchell v. Prunty,* 107 F.3d 1337, 1342–43 (9th Cir.1997), *cert. denied,* 522 U.S. 913, 118 S.Ct. 295, 139 L.Ed.2d 227 (1997)(reversing the conviction and holding that evidence of membership in a gang cannot serve as

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 3**

proof of intent, because, while someone may be an "evil person," that is not enough to make him guilty under California law), *overruled on other grounds by Santamaria v. Horsley,* 133 F.3d 1242, 1248 (9th Cir.1998); *see also United States v. Garcia,* 151 F.3d 1243, 1244–46 (9th Cir.1998) (reversing the conviction and stating that it would be contrary to the fundamental principles of our justice system to find a defendant guilty on the basis of his association with gang members). In *1056 this regard, we have stated that testimony regarding gang membership "creates a risk that the jury will [probably] equate gang membership with the charged crimes." *United States v. Hankey,* 203 F.3d 1160, 1170 (9th Cir.2000) (internal quotations and citations omitted). We further stated that where, as here, "gang" evidence is proffered to prove a substantive element of the crime (and not for impeachment purposes), it would likely be "unduly prejudicial." *Id.* In sum, the use of gang membership evidence to imply "guilt by association" is impermissible and prejudicial. *Garcia,* 151 F.3d at 1246.

Thus, it is clear that gang membership is an extremely prejudicial topic. In this case, the issue to be tried is whether there was probable cause to arrest- gang membership can only under such circumstances be proffered to prove probable cause for the crime itself.

Further, evidence of prior or even subsequent bad acts is simply not admissible given the highly prejudicial nature of such evidence. "Evidence of any other

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 3**

crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." [FRE 404(b)(1); see *Wilson v. Muckala* (10th Cir. 2002) 303 F3d 1207, 1217—in sexual harassment case, evidence of previous harassment inadmissible to prove the claim; *Hudson v. District of Columbia* (DC Cir. 2009) 558 F3d 526, 532-533—testimony about defendant's history of anger, use of improper force, and falsification of records improper as exhorting jury to find he acted in conformity with prior bad acts]

This prohibition includes situations where evidence is offered as just a link in an inferential chain and that link constitutes proof of propensity to commit the charged crime. [*United States v. Commanche* (10th Cir. 2009) 577 F3d 1261, 1266-1269—impermissible to admit evidence of two prior unrelated assault convictions in trial for assault with dangerous weapon because evidence showed defendant had violent tendencies and acted consistent with those tendencies during fight; *Trotter v. Lawson* (8th Cir. 2021) 997 F3d 819, 821—district court properly excluded letter discussing prison guard's use of "closed fist" to strike inmate and mentioned "threatening statement" he made about estranged wife because letter "potentially invited the jury to punish" guard for other bad acts with no connection to subject assault and risked having jury jump to conclusion that if guard struck one inmate, he must have struck plaintiff]

Additionally, there is no competent evidence of the prior bad acts OR the prior arrest– any such claims with regards to the prior arrest would simply be hearsay. There

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 3**

was no such testimony in the prior criminal proceeding. And the video tape of the incident that led to the prior arrest which proved Milla innocent of the alleged prior racially motivated assault is nowhere to be found, through no fault of the plaintiff in this case. Further, the racial motivation issue has no connection to this case as Milla was not the murderer and was wrongfully convicted, and it has no relevance to probable cause-otherwise, every person who exhibits racial motivation can be charged with the murder in this case.

Finally, as demonstrated in Exhibit 1 (Vander Horck depo excerpts) and Exhibit 2 (Jenks, <u>defendant's police practice expert</u>, depo excerpt at page 52), a tentative identification is not sufficient for probable cause- as such, evidence of any tentative identification has no relevance and is unfairly prejudicial.

## V.   <u>THE EVIDENCE IS NOT PROPER IMPEACHMENT</u>

Prior arrests (not convictions) and gang membership has no probative value as impeachment evidence. It is inadmissible impeachment under the criteria set forth in Fed. R. Evid. Rule 609.

For example, in a prisoner's civil rights action against a prison guard alleging excessive force, the district court did not err in denying plaintiff the opportunity to cross-examine the guard's supervisor about the number of the supervisor's previous arrests to attack his credibility (unreliable memory). The supervisor testified at deposition that he had been arrested twice. In fact, the supervisor had been arrested eight times. One arrest

was for child molestation, for which he was later acquitted, and another arrest led to a battery conviction.

The probative value of the witness' arrest record, including the prior arrest for child molestation and the battery conviction, was substantially outweighed by the risk of unfair prejudice. [*Cruz v. Safford* (7th Cir. 2009) 579 F3d 840, 844-845]

## VI.    **CONCLUSION**

In the present case, the plaintiff's gang affiliation and prior arrest on a charge that was dropped by the District Attorney's Office is totally irrelevant to the fact that the plaintiff was wrongfully arrested, charge, and convicted for crimes he did not commit. Moreover, even if the court determines that the plaintiff's prior arrest and gang affiliation are relevant, the probative value of these matters are substantially outweighed by the risk of unfair prejudice.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiff MILLA's Amended Motion in Limine No. 3 and exclude evidence of Plaintiff MILLA's prior contacts with law enforcement, prior arrests, and gang membership.


DATED:  April 13, 2023                    Respectfully submitted,
                                          LAW OFFICES OF MARTIN STANLEY

                                          By:_____/s/ Martin Stanley_____
                                          MARTIN STANLEY, ESQ.
                                          Attorneys for Plaintiff MARCO MILLA

# DECLARATION OF MARTIN STANLEY

I, MARTIN STANLEY, declare:

1.  I am an attorney duly licensed to practice law in this Court, attorney of record for Plaintiff MARCO MILLA. The facts herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.  Plaintiff hereby moves in limine to preclude any of the following evidence which is highly prejudicial and irrelevant to the triable liability issue in this case (probable cause):

3.  That Mr. Milla was a gang member at the time of the offense.

4.  This motion is based on the attached memorandum and declaration which demonstrates that the only issue that should be tried according to the law and the previous 9th Circuit opinions is the issue of probable cause at the time of the arrest of Plaintiff. As such, the foregoing matters after the fact are irrelevant and highly prejudicial given that they obviously are being used in an attempt to imply that Plaintiff was guilty of an offence when, in fact, he was later found by the Los Angeles County superior court to be "factually innocent." Further, whether Milla was a gang member or not has nothing to do with whether there was probable cause because the defendants have testified in essence that the only "fact" that gave them probable cause was the "positive" identification by Ramar Jenkins (see Exhibit 1 hereto) and, as such, that is the only issue that should be tried- tentative

identifications they admit are insufficient and, respectfully, being a gang member or not being a gang member cannot under any circumstances lead a reasonable officer to conclude that there is probable cause for a certain particular offense.

5.  Finally, as demonstrated in Exhibit 1 (Vander Horck depo excerpts) and Exhibit 2 (Jenks, <u>defendant's police practice expert</u>, depo excerpt at page 52), a tentative identification is not sufficient for probable cause- as such, evidence of any tentative identification has no relevance and is unfairly prejudicial.

6.   Finally, counsel have thoroughly met and conferred on this issue. Besides discussing this issue with defense counsel, among other things, on April 11, 2023, 2 days prior to filing, plaintiff's counsel emailed this motion in limine to defense counsel asking that he review it and respond as to whether he would agree to it or not.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 13, 2023, at Santa Monica, California.

By:_____/s/ MARTIN STANLEY____

**PLAINTIFF'S AMENDED MOTION IN LIMINE NO. 3**

# EXHIBIT 1

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

Page 42

1      A    I have no idea because I wasn't able to -- to

2    prove that one way or another.

3      Q    Okay.  Now, how did you know that the

4    witnesses that ID'd Mr. Milla tentatively were being

5    honest or not?

6      A    They were interviewed extensively, and I

7    believed that they were all honest.  And tentatives

8    were strong tentatives to me, but they were

9    tentatives.

10      Q    And is a tentative sufficient for probable

11    cause -- or let me ask you this:  Back then when you

12    were doing this job, did you believe tentative IDs

13    were sufficient for probable cause?

14          MR. MILLER:  Objection.  Vague, ambiguous,

15    incomplete hypothetical, calls for a legal conclusion,

16    his state of mind is irrelevant.

17    BY MR. STANLEY:

18      Q    Go ahead.

19      A    I agree with that answer.

20          MR. MILLER:  It wasn't an answer.  It's an

21    objection.

22          MR. BARRETT:  Yes, it was.

23          THE WITNESS:  Okay.  Read it back to me

24    again, because I want to be sure it's correct, my

25    answer.

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

Page 43

1          (Record read.)

2          THE WITNESS:   No.

3    BY MR. STANLEY:

4       Q     Now, it says here, "Velarde replied he didn't

5    know how Milla could be in two different places at the

6    same time."

7          Do you see that?

8       A     I see that.

9       Q     And did you do any further investigation with

10   regards to that question -- or that statement?

11      A     Tried.

12      Q     What did you do?

13      A     Continued to try to corroborate all of his

14   alibi.

15      Q     And how did you do that?

16      A     Well, we tried to get ahold of Sandra.   We

17   made phone calls.   She made an appointment.   She broke

18   them.   When we finally got ahold of her roommate, she

19   said she moved out, and we -- and we had no

20   forwarding.   We had no information on her.

21          So then when we tried to call her phone

22   again, the phone said, "Not accepting any more calls."

23   I believe I made that phone call, because that's why

24   I remember that one.   And reading this, that brought

25   that back.

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

Page 114

1    in the world, as we say, so that doesn't matter.

2            Have you ever heard the word -- the name

3    Juan Pimental?

4            MR. MILLER:   From anybody other than your

5    attorney.

6    BY MR. STANLEY:

7        Q    Well, that's automatic.

8        A    No.

9        Q    Okay.  How about Julio Munoz?

10       A    Not that I recall.

11       Q    Did you ever investigate whether Julio Munoz

12   was a potential suspect in this case?

13       A    At this point in time I don't recall.

14       Q    Did you ever investigate that -- any other

15   person as a suspect in this case whose name you can

16   give us?

17       A    I believe there was one other potential that

18   my partner was involved in.  I can't remember what the

19   name was.  I'm not --

20       Q    Was that a Mr. Martinez?

21       A    Yeah.  I knew it started with an "M."

22       Q    Okay.  Anyone other than him and Mr. Milla?

23       A    Not to my knowledge at this time.

24       Q    Now, going back to Exhibit 34 for one quick

25   second, that date when Mr. Jenkins first made the

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

Page 115

1    identification was 10/22/01, true, according to the

2    top right-hand corner?

3         A    13 is 1 o'clock.

4         Q    10/22/01.

5         A    Oh, I'm sorry.

6         Q    It's all good.

7         A    Maybe I do need a break.

8         Q    It's all right.

9         A    10/22/01, yes.

10        Q    Okay.  And prior to that time, had anyone

11   positively identified Mr. Milla?

12        A    At this time I can't -- I can't answer that.

13        Q    And did anyone other than Mr. Jenkins ever

14   positively identify Mr. Milla?

15             MR. MILLER:  Objection.  Vague, overbroad,

16   may lack foundation as to this witness.

17             MR. STANLEY:  Well, if he doesn't know, then

18   he doesn't know.

19        Q    I'm only asking about your personal

20   knowledge.

21             Did anyone ever positively identify

22   Mr. Milla, that you know of, other than Mr. Jenkins

23   perhaps doing so at this particular time?

24        A    Positively?

25        Q    Yes.

MARCO MILLA vs. CITY OF LOS ANGELES, ET AL.
John Vander Horck on 11/10/2016

Page 116

1        A       To my knowledge, at this time I don't recall.

2        Q       Okay.  Thank you.  You can give that back to

3    the court reporter.

4               MR. STANLEY:  Let's take a two-minute break

5    because I want to try to see if there's a possibility

6    of being done before lunch.  So we're going to take a

7    two-minute break and we're going to talk about it.

8               MR. MILLER:  Sure.

9               THE VIDEOGRAPHER:  The time is 1:11 p.m.

10   We're off the record.

11              (Recess.)

12              THE VIDEOGRAPHER:  The time is 1:17 p.m.

13   We're on the record.

14   BY MR. STANLEY:

15       Q       Okay.  I'm showing you Exhibit Number 37.

16   It's a "Tape Recording Log."

17              (Exhibit 37 marked.)

18   BY MR. STANLEY:

19       Q       Do you see that?

20       A       Yes.

21       Q       And these are the tapes that were prepared in

22   this case; right?

23       A       These are the tapes and numbers of the people

24   that were interviewed and the date and times.  But

25   whether it was prepared for this case, I don't know.

# EXHIBIT 2

1   ever shown to any of the witnesses in this case before

2   trial; true?

3    A    True.

4    Q    Now, did you ever read that tape had

5   problems with it with regards to Ramar Jenkins'

6   interviews?

7    A    Yes.

8    Q    Did you investigate that to find out why

9   that happened?

10    A    I did not.

11    Q    Do you know why that happened?

12    A    I do not.

13    Q    You agree a tentative identification is not

14   sufficient for probable cause; true?

15    A    In and of itself, no.

16    Q    In and of itself, you agree with that?

17    A    Yes.

18    Q    How many tentative identifications were

19   there in this case?

20    A    Two.

21    Q    And how many -- what do you call the

22   identification by Mr. Jenkins?

23    A    A positive identification?

24    Q    Positive identifications, how many?

25    A    One.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, California 90401.

On **April 13, 2023,** I served the foregoing document(s) on the interested parties in this action by email as follows:

**Attorney for Defendants:**
KEVIN GILBERT
Email: kgilbert@ohhlegal.com

BY ELECTRONIC DELIVERY DUE TO COVID-19

[**X**]  STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 13, 2023,** at Santa Monica, California

_____/s/ MARTIN STANLEY___
Martin Stanley