**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401
Telephone:   (310) 399-2555
Facsimile:   (310) 917-1001

**BARRETT LAW OFFICE**
Edmont T Barrett [State Bar No. 74117]
P.O. Box 607
Diamond Springs, CA 95619
Telephone:   (530) 642-8468
Facsimile:   (530) 653-2449

Attorneys for *Plaintiff*, MARCO MILLA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MARCO MILLA an individual, | Case No. CV-00134-FWS-MRW |
|---|---|
| Plaintiff, | Hon. Judge Fred W. Slaughter |
| | Hon. Magistrate Judge Michael R. Wilner |
| vs. | **PLAINTIFF MARCO MILLA'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive, | **Trial** <br> **Date:**        **05/16/2023** <br> **Time:**        **08:30 AM** <br> **Courtroom:**   **10D, Santa Ana** |
| Defendants. | **Pre-Trial Conference** <br> **Date:**        **05/05/2023** <br> **Time:**        **09:00 AM** <br> **Courtroom:**   **10D, Santa Ana** |

-1-
**PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1         TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF

2   RECORD:

3

4         Plaintiff MARCO MILLA hereby submits the following Memorandum of

5   Contentions of Fact and Law.

6

7

8

9   DATED: April 13, 2023             Respectfully submitted,

10                           LAW OFFICES OF MARTIN STANLEY

11

12                           By:_____/s/ Martin Stanley_____

13                                 MARTIN STANLEY, ESQ.

14                                 Attorneys for Plaintiff,

15                                 MARCO MILLA

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   PLAINTIFF'S CONTENTIONS OF FACTS AND LAW ................... 1

    A.    PLAINTIFF'S CLAIMS [LOCAL RULE 16-4.1(a)] .................................. 1

    B.    ELEMENTS OF PLAINTIFF'S CLAIMS [LOCAL RULE 16-4.1(b)]...... 2

        (1)   Claim 1: Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 Against Defendant RICHARD ULLEY for Civil Rights Violations for Unlawful Imprisonment and Malicious Prosecution ............................................................................... 2

        (2)   Claim 2: Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 Against Defendant CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT for Municipal Liability for Civil Rights Violations for Unlawful Imprisonment and Malicious Prosecution ........................................................ 6

    C.    KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS [LOCAL RULE 16-4.1(c)] ........................................................... 8

    D.    DEFENDANTS' AFFIRMATIVE DEFENSES [LOCAL RULE 16-4.1(d)]................................................................................. 18

    E.    ELEMENTS OF DEFENDANTS' AFFIRMATIVE DEFENSES [LOCAL RULE 16-4.1(e)] ........................................................... 20

    F.    ANTICIPATED EVIDENTIARY ISSUES [LOCAL RULE 16-4(h)] ..... 20

    G.    KEY LEGAL ISSUES [LOCAL RULE 16-4(i)] ..................................... 20

III.  JURY TRIAL ..................................................................................... 20

IV.   ATTORNEY'S FEES ......................................................................... 20

-i-

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1

**TABLE OF AUTHORITIES**

2
*Cases*

3   *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) .............................. 4, 5

4   *Beck v. City of Upland*, 527 F.3d 853, 862-63 (9th Cir. 2008) ...................................... 17

5   *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007)................................ 5

6   *Brady v. Maryland*, 373 U.S. 83 (1963) ............................................................................ 3

7   *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981) ................................................... 2

8   *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) ......................................................... 3

9   *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 485, 496 (Cal. Ct. App. 2000) ........... 4

10   *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)................................. 4

11   *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) ........................................................ 21

12   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ........................................................... 21

13   *Jackson v. City of San Diego*, 121 Cal.App.3d 579 (1981)...................................... 18, 19

14   *La Raza Unida of Southern Alameda County v. Volpe*, 440 F. Supp. 904 (N.D. Cal. 1977) ......................................................................................................................... 21

15   *Monroe v. Pape*, 365 U.S. 167 (1961)............................................................................. 1

16   *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981) ..................................................... 5

17   *Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986) .................................................... 18, 19

18   *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999) ......................................................... 3

*Statutes*

Title 42 U.S.C. § 1983 ..................................................................................... 1, 2, 4, 6, 21

Title 42 U.S.C. § 1988 .................................................................................................... 20

*Other Authorities*

Ninth Circuit Manual of Model Civil Jury Instructions § 9.3 (2016)................................ 3

Ninth Circuit Manual of Model Civil Jury Instructions § 9.8 (2016)................................ 8

19

20

21

22

23

24

25

26

27

28

-ii-

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### I.   INTRODUCTION

The plaintiff in this action is MARCO MILLA.

The defendants in this action are the CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, RICHARD ULLEY and JOHN VANDER HORCK

Plaintiff MILLA filed this civil action, arising from his wrongful conviction and imprisonment for approximately 12 years and 8 months due to the unconstitutional acts and omissions of Defendants.

### II.   PLAINTIFF'S CONTENTIONS OF FACTS AND LAW

#### A.   PLAINTIFF'S CLAIMS [LOCAL RULE 16-4.1(a)]

Defendants' liability is founded under Title 42 U.S.C. § 1983, which provides, in relevant part, that:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Defendant's misconduct on Plaintiff MARCO MILLA is actionable under Title 42 U.S.C. § 1983. *Monroe v. Pape*, 365 U.S. 167 (1961).

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

One of the most important purposes of Title 42 U.S.C. § 1983 is to deter future abuses of power by persons acting under color of law. *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

Plaintiff MARCO MILLA will pursue the following claims alleged in his Second Amended Complaint against Defendants:

(1)   Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 Against Defendant RICHARD ULLEY AND/OR JOHN VANDER HORCK for Civil Rights Violations for Unlawful Imprisonment and Malicious Prosecution

(2)   Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 Against Defendant CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT for Municipal Liability for Civil Rights Violations for Unlawful Imprisonment and Malicious Prosecution

**B.     ELEMENTS OF PLAINTIFF'S CLAIMS [LOCAL RULE 16-4.1(b)]**

(1) <u>Claim 1: Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 Against Defendant RICHARD ULLEY for Civil Rights Violations for Unlawful Imprisonment and Malicious Prosecution</u>

In order to prevail on his 42 U.S.C. § 1983 claim against the Defendant RICHARD ULLEY AND/OR JOHN VANDER HORCK, Plaintiff MILLA must prove each of the following elements by a preponderance of the evidence:

-2-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1.  the defendant acted under color of state law; and

2.  the acts or failure to act of the defendant deprived the plaintiff of his particular rights under the laws of the United States or the United States Constitution as explained below.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.3 (2016)

To prove that Defendant ULLEY AND/OR JOHN VANDER HORKC violated Plaintiff MILLA's civil rights by withholding evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), Plaintiff MILLA must prove the following:

1.  The information must be favorable to the accused;

2.  The information must be suppressed—that is, not disclosed—by the government, either willfully or inadvertently; and

3.  The information must be "material" to guilt or to punishment.

*See Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

To prove that Defendant ULLEY AND/OR VANDER HORCK violated Plaintiff MILLA's civil rights by fabricating evidence during their investigation in violation of *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), Plaintiff MILLA may show that either:

1.  Defendants continued their investigation of Plaintiff despite the fact that they knew or should have known that he was innocent; or

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

2.    Defendants used investigative techniques that were coercive and abusive that they knew or should have known that those techniques would yield false information.

"The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 485, 496 (Cal. Ct. App. 2000).

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (*citing to Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)) (brackets and quotation marks omitted).

The United States Court of Appeals held that Plaintifff Milla "was wrongfully arrested, convicted, and incarcerated for over 10 years for murder."

The United States Court of Appeals opinion held that the issues to be tried herein include but are not limited to probable cause, "whether the detectives asked leading questions during the witness interviews, whether the witnesses' earlier testimony contradicted later identifications, and whether the detectives failed to investigate Milla's alibi." Further the Court of Appeals determined that "genuine issues of material fact

-4-

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

existed regarding [Milla's] identifications" including, but not limited to "whether the witnesses in this case had an opportunity to observe the crime or were too distracted; whether the witnesses gave a detailed, accurate description; and whether the witnesses were under pressure from [government] officials or others."

As stated by the Court, "Milla was not required to show that the detectives acted knowingly or "with the intent to mislead." It is enough if the detectives acted maliciously or recklessly. See *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981) (Smiddy I); see also *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). )"

Further, the 9th Circuit clearly stated:

"There were genuine issues of material fact regarding whether the detectives gave the prosecutor misleading or incomplete information regarding the photo identifications of Milla—the only evidence tying Milla to the shooting—and regarding Milla's alibi. The presumption of prosecutorial independence will be considered rebutted in circumstances including where the detectives "knowingly provided misinformation to [the prosecutor], concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." Awabdy, 368 F.3d at 1067…. A reasonable juror could find that Milla had rebutted the presumption where the detectives told the prosecutor that Jenkins positively identified Milla without

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

informing the prosecutor that the interview was re-taped, that the second interview was a set of highly leading questions, and that Jenkins had already been shown Milla's photo as part of an array on a previous occasion and had not identified Milla. It is a closer call whether the detectives' representation of Milla's alibi— failing to specifically mention that both Milla and Alex Velarde said they were together at Milla's girlfriend's apartment or that the detectives had not yet interviewed the other alibi witnesses or otherwise investigated Milla's alibi— would, on its own, be sufficient to rebut the presumption of prosecutorial independence; however, in conjunction with the representations and/or omissions regarding the photo identifications, it further highlights why these questions must go to a jury"

(2) <u>Claim 2: Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 Against Defendant CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT for Municipal Liability for Civil Rights Violations for Unlawful Imprisonment and Malicious Prosecution</u>

In order to prevail on his 42 U.S.C. § 1983 claim against Defendant CITY OF LOS ANGELES alleging liability based on a policy of failure to train its police officers or other employees, the plaintiff must prove each of the following elements by a preponderance of the evidence:

-6-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1.    The acts or failure to act of Defendant CITY OF LOS ANGELES's police officers deprived the plaintiff of his particular rights under the laws of the United States, or the United States Constitution as explained in later instructions;

2.    Defendant CITY OF LOS ANGELES's police officers acted under color of state law;

3.    The training policies of the Defendant CITY OF LOS ANGELES were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.    Defendant CITY OF LOS ANGELES was deliberately indifferent to the obvious consequences of its failure to train its police officers or employees adequately; and

5.    The failure of the Defendant CITY OF LOS ANGELES to provide adequate training caused the deprivation of the plaintiff's rights by the Defendant CITY OF LOS ANGELES's police officers or employees; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the Defendant CITY OF LOS ANGELES knew its failure to train

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

adequately made it highly predictable that its police officers would engage in conduct that would deprive persons such as the plaintiff of his rights.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.8 (2016)

## C. KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS [LOCAL RULE 16-4.1(c)]

The key testimony supporting Plaintiff's claims is the testimony of the officers and percipient witnesses as set forth on Plaintiff's witness list.  Such testimony will establish that Plaintiff MILLA was falsely arrested and/or maliciously prosecuted, resulting in his being damaged by serving approximately 12 years and 8 months in prison and having life long emotional distress.

Plaintiff's claims are supported by documentary evidence produced in the course of discovery in this case, including the documents produced in discovery, such as Defendants' Murder Book, the District Attorney File for the prosecution of Plaintiff MARCO MILLA, and the policies and procedures of the Los Angeles Police Department, as well as the deposition testimony of all witnesses, including Defendant RICHARD ULLEY, John Vander Horck, Mark Maldonado, and Plaintiff MARCO MILLA, and the anticipated deposition and trial testimony of other witnesses, such as the district attorneys involved in the criminal prosecution of Plaintiff MARCO MILLA's as well as Plaintiff MARCO MILLA's criminal trial defense attorney.

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The facts to be adduced at trial will include evidence from the habeas report from the District Attorney's office included findings that the defendants actions here were "not quite accurate and misleading."

Other facts to be adduced at trial will include the testimony of Plaintiff's police practices expert witness Steve Strong and/or the evidence to be adduced at trial itself, which will demonstrate the following facts, among others:

"1. The Detectives acted unreasonably by failing to investigate information available to them that Julio "Downer" Munoz was the shooter in this case.

2. The Detectives acted unreasonably by failing to show pictures of Julio "Downer" Munoz, the actual shooter in this instance and a suspect identified by LAPD Gang expert Officer Mark Maldonado, to any of the witnesses.

3. The Detectives acted unreasonably by failing to tell the district attorney that Ramar Jenkins only stated Marco Milla looked most like the shooter out of all of the photos displayed, and did not make a positive identification when first shown photo line-up "E".

4. The Detectives acted unreasonably by not informing the filing district attorney that Marco Milla and at least one other witness provided the detectives with an alibi which, if true, excluded Marco Milla as a suspect.

5. The Detectives acted unreasonably by not following up with an investigation to determine whether Marco Milla's alibi was true or not.

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

6. The Detectives acted unreasonably by failing to investigate Marco Milla's alibi, which was not due to lack of cooperation, but in reality was due to the Detectives' failure to use reasonable efforts to investigate the alibi.

7. The Detectives acted unreasonably by failing to inform the district attorneys that Ramar Jenkins did not identify Marco Milla the first time he viewed a photo display that included Marco Milla's photograph.

8. The Detectives acted unreasonably when they failed to inform the filing district attorney that, before the "positive identification" of Marco Milla in photo line-up card "E" by witness Ramar Jenkins, they had shown Jenkins photo line-up card "B" which included a photograph of Marco Milla, and Jenkins did not identify Marco Milla.

9. The Detectives acted unreasonably by showing witness Ramar Jenkins two photo line-up cards, both including the photograph of Marco Milla, because that tainted the identification made the second time he saw the photograph.

10. The Detectives acted unreasonably if they failed to properly canvas the neighborhood where the subject shooting took place, which would have turned up exculpatory witness Maria Flores.

11. The Detectives acted unreasonably by attempting to intimidate Plaintiffs police practices expert concerning an accurate photograph of the real shooter in this case, Julio "Downer" Munoz, that the expert obtained from the LAPD.

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

12. A detective acting reasonably would have completed the investigation of the alibi provided by Marco Milla, and corroborated by Alex Velarde.

13. The Detectives acted unreasonably by failing to completely investigate Marco Milla's alibi that he was not present at the scene of the shooting and was in Sandra Jauregui's apartment in Downey with multiple other witnesses. For example, the Detectives failed to interview Sandra Jauregui and Irma Navarro, witnesses with knowledge of Marco Milla's whereabouts on the day of the subject shooting and who were identified by Marco Milla and Alex Velarde. The Detectives' failure to interview Sandra Jauregui was unreasonable given that she was voluntarily present at the police station on October 25, 2001, and should have been interviewed at that time.

14. A detective acting reasonably would have checked with neighbors of the apartment that Marco Milla said he was present on the day of the subject shooting, as well as had been there on an ongoing basis. The Detectives acted unreasonably by failing to speak with all such neighbors.

15. A detective acting reasonably would have investigated all individuals identified by Officer Maldonado as possible suspects, including Julio "Downer" Munoz, who has been identified as the actual person who committed the subject shooting. In particular, a detective acting reasonably would have reviewed any field interviews with these suspects identified by Officer Maldonado as possible suspects and their

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

associates. The Detectives acted unreasonably by failing to investigate all

individuals identified by Officer Maldonado.

16. A detective acting reasonably would have investigated whether Julio "Downer"

Munoz was a suspect to the shooting after a new witness testified under oath at a

court hearing in 2003 that Julio "Downer" Munoz committed the subject shooting.

The Detectives acted unreasonably by failing to investigate Julio "Downer" Munoz

for the subject shooting after Maria Flores testified that she knew that Julio

"Downer" Munoz committed the shooting because she saw him do it, and because

he admitted it to her.

17. A reasonable detective would have included all of the suspected gang members

as provided by Officer Maldanado in a photo line-up to present to victims and

witnesses. The Detectives acted unreasonably by failing to do so.

18. A reasonable detective would not include the same person in more than one

photo line-up, which the Detectives unreasonably did in this case.

19. Once the Detectives knew of another eye witness to the crime (Maria Flores),

they should have investigated her story and showed photos of Julio "Downer"

Munoz to all of the witnesses to see if the other witnesses could make an ID. The

Detectives acted unreasonably by failing to do so.

20. The common practice of detective work is to write complete reports including

all the facts, good or bad, with no opinions, and present the facts to the District

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Attorney for filing. That was not done in this case. Instead, the Detectives acted unreasonably by leaving out pertinent information regarding a valid alibi that they did not fully and completely investigate.

21. In this case, Marco Milla was arrested without incident at his home at 7:00 a.m., and the detectives also searched the residence pursuant to a search warrant. Nothing was found connecting him to the murder in this case. At that time, a friend named Celendonio Alejandro Velarde, also known as Alex Velarde, was present. Alex Velarde voluntarily went to the police station with them to give a statement. Alex Velarde and Marco Milla were kept separated at all relevant times. When at the station, the police interviewed Alex Velarde first. According to the Detectives' Chronological Log, "Velarde denied all knowledge of the murder and being at or near the scene when it occurred. He said he and Milla were at 'Sandra's' [apartment] when it occurred." Next, the detectives interviewed Marco Milla. According to the same Chronological Log, "Milla denied all knowledge of the murder and being at or near the scene when it occurred. He said he was at his girlfriend 'Sandra's apartment in Downey during the time of the murder. '" It was unreasonable for the Detectives to fail to fully investigate this alibi and to keep this information from the district attorney.

22. The next morning, at 10:30 am, Sandra came to the police station. The detectives' Chronological Log states that, "Milla's girlfriend 'Sandra' (Sandra

-13-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Jauregui, 9023 Hasty Av, Downey, cell ph# (562) 879-2246, CDL# B8789290)

came to Harbor Station to visit Milla. Det. VanderHorck spoke to Jauregui &

exchanged information & told her Dets wanted to interview her A.S.A.P. after that

date." It was unreasonable for the detectives to fail to interview this alibi witness,

as well as keep this failure from the district attorney.

23. Then, at 2:00 p.m. on the same day, the Detectives acted unreasonably by

presenting the case to the District Attorney' Filing Deputy, Scott Carbaugh. The

custom and practice of the LAPD at that time was that Detectives present a murder

case to the District Attorney's office by bringing along the murder book and giving

the filing deputy a copy of the final follow-up report, which details the facts of the

crime and the findings of their investigation. The murder book is not copied and

given to the filing deputy until after a criminal case was filed.

24. The Detectives acted unreasonably by providing the district attorneys with a

final follow-up report which completely leaves out the fact that both Marco Milla

and Alex Velarde said they were together at Sandra's apartment at the time of the

subject murder, stating only that both MilIa and Velarde denied any knowledge of

the murder, and denied that they were in the area. It also leaves out the fact that the

Detectives spoke with Sandra earlier that day, but did not formally interview her.

Consequently, the filing deputy made his decision to file charges against Milla

-14-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

without knowing that Milla had a valid alibi which was not adequately

investigated.

25. The Detectives acted unreasonably by failing to advise the filing district

attorney about Marco Milla's alibi evidence that Marco Milla and Alex Velarde

told them.  The detectives specifically omitted that Milla and Velarde claimed to

be in Downey at the apartment of Sandra Jauregui and Irma Navarro. Irma Navarro

also had crucial evidence of this alibi and the Detectives did not conduct any type

of interview with Sandra Jauregui or Irma Navarro, even though Sandra Jauregui

was present at the police station the morning of the day in which the Detectives

presented their incomplete paperwork to the filing district attorney. In fact, the

Detectives never made the filing district attorney aware of the fact that the

Detectives failed to conduct any reasonable investigation into the alibi evidence

which would have cleared Marco Milla back in 2001.

26. The Detectives, acting on behalf of the LAPD, acted unreasonably by failing to

provide the District Attorney with full and complete information at the time of

meetings or otherwise, as demonstrated above, thereby precluding the district

attorneys from being able to utilize their independent judgment.

27. The Detectives, acting on behalf of the LAPD, acted unreasonably by failing to

provide the Defense Attorney with complete disclosure of any and all relevant

information as demonstrated above.

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

28. The Los Angeles Police Department acted unreasonably if it failed to train the

officers appropriately regarding investigative practices as demonstrated above.

29. The Los Angeles Police Department acted unreasonably if it failed to establish

clear policies and practices that would have prevented and/or resulted in the

avoidance of the actions and omissions that led to the wrongful incarceration of

Marco Milla, as demonstrated above.

30. The Los Angeles Police Department acted unreasonably if it failed to take

corrective action against the detectives subsequent to the discovery of the

inappropriate actions and omissions the [sic] led to the wrongful incarceration of

Marco Milla demonstrated above in order to prevent future recurrence."


Other facts to be adduced at trial will also include the testimony of Plaintiff's

eyewitness identification expert witness MITCHELL EISEN, Ph.D., and the testimony of

other witnesses demonstrating:

That the photo arrays shown to the witnesses were unduly suggestive and

inappropriate and that the detectives asked leading questions.  That the defendant's claim

that the reasons a critical tape recording of a witness identification that was for some

reason not taped is evidence contrary to their claim that they had probable cause (and the

claim is questionable).  That, inter alia, the witnesses had an inadequate opportunity to

observe the crime or were too distracted; that the witnesses failed to give detailed and/or

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

accurate descriptions; and that the witnesses were under pressure from government officials.

Further, defendants coincidently "lost" the initial tape recording of Ramar Jenkins. And now, Ramar Jenkins, the only person who purportedly positively identified Milla (which is required for probable cause) has testified to the effect that the defendants essentially pointed the finger at Milla's photo, pressured him, and caused him with leading questions to falsely implicate Milla.

Other facts to be adduced at trial will also include the testimony of Plaintiff's psychological expert witness regarding Plaintiff's mental and emotional damages, as well as plaintiff's and other witnesses' testimony on all such issues.

Further, any possible presumption of independent judgment will be considered rebutted in circumstances including, but not limited to, the following situations: "the prosecutor was pressured by police or was given false information; the police acted maliciously or with reckless disregard for the rights of an arrested person; the prosecutor relied on the police investigation and arrest when he filed the complaint instead of making an independent judgment on the existence of probable cause for the arrest; or the officers otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Beck v. City of Upland*, 527 F.3d 853, 862-63 (9th Cir. 2008) (brackets, quotation marks, and citations omitted).

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

As a result of the false arrest and/or malicious prosecution in violation of his civil rights, Plaintiff MILLA suffered life long emotional distress and additional general damages.

### D. DEFENDANTS' AFFIRMATIVE DEFENSES [LOCAL RULE 16-4.1(d)]

In its Answer to the Second Amended Complaint, Defendant CITY OF LOS ANGELES asserted the following affirmative defenses:

1. The Complaint and each cause of action therein fails to state a cause of action or a valid theory of recovery against these answering Defendants.

2. The action is barred by the doctrine of res judicata and/or collateral estoppel.

3. As to the federal claims and theories of recovery, the answering defendant is protected from liability under the doctrine of qualified immunity, because defendant's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

4. The answering defendant is immune from liability for all damages sustained after the prosecutor initiated criminal charges, pursuant to *Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986), and *Jackson v. City of San Diego*, 121 Cal.App.3d 579 (1981).

5. As to the federal claims and theories of recovery, the answering defendant is protected from liability under the doctrine of witness immunity.

6.   Defendant City of Los Angeles and all defendants sued in their official capacities are immune from the imposition of punitive damages.

In his Answer to the Second Amended Complaint, Defendant RICHARD ULLEY asserted the following affirmative defenses:

1.   The Complaint and each cause of action therein fails to state a cause of action or a valid theory of recovery against these answering Defendants.

2.   The action is barred by the doctrine of res judicata and/or collateral estoppel.

3.   As to the federal claims and theories of recovery, the answering defendant is protected from liability under the doctrine of qualified immunity, because defendant Ulley's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

4.   The answering defendant is immune from liability for all damages sustained after the prosecutor initiated criminal charges, pursuant to *Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986), and *Jackson v. City of San Diego*, 121 Cal.App.3d 579 (1981).

5.   As to the federal claims and theories of recovery, the answering defendant is protected from liability under the doctrine of witness immunity.

6.   Defendant City of Los Angeles and all defendants sued in their official capacities are immune from the imposition of punitive damages.

-19-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## E.   ELEMENTS OF DEFENDANTS' AFFIRMATIVE DEFENSES [LOCAL RULE 16-4.1(e)]

Please see Defendants' Memorandum of Contentions of Law and Fact for the elements of Defendants' affirmative defenses.

## F.   ANTICIPATED EVIDENTIARY ISSUES [LOCAL RULE 16-4(h)]

The parties have filed various Motions *in Limine* as well as oppositions to Motions in *Limine* depending on whether Defendants attempt to introduce matters that are irrelevant or otherwise inadmissible.

## G.   KEY LEGAL ISSUES [LOCAL RULE 16-4(i)]

The claims and issues in this case are as described above.  Plaintiff does not anticipate or foresee additional issues.

## III.   <u>JURY TRIAL</u>

Timely demand for jury trial has been made by Plaintiff, (as well as the Defendants).

## IV.   <u>ATTORNEY'S FEES</u>

In this case, an award of attorney's fees is authorized by the Civil Rights Attorney's Fees Award Act of 1976 codified in Title 42 U.S.C. § 1988, which states in relevant part:

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

"(b) Attorney's fees

In any action of proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ."

A request for an award of attorney's fees to Plaintiff MARCO MILLA is appropriate to the extent that he is the prevailing party on any of his claims based on Title 42 U.S.C. § 1983. "Congress intended to permit the interim award of counsel fees only when a party has prevailed on some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam). "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also La Raza Unida of Southern Alameda County v. Volpe*, 440 F. Supp. 904 (N.D. Cal. 1977). The above authorities support a request for and award of attorney's fees to Plaintiff MILLA as a prevailing party on a Title 42 U.S.C. § 1983 claim.

DATED: April 13, 2023

Respectfully submitted,
LAW OFFICES OF MARTIN STANLEY

By: _____/s/ Martin Stanley_____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff, MARCO MILLA

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, California 90401.

On **April 13, 2023,** I served the foregoing document(s) on the interested parties in this action by email as follows:

**Attorney for Defendants:**
KEVIN GILBERT
Email: kgilbert@ohhlegal.com

BY ELECTRONIC DELIVERY DUE TO COVID-19

[**X**]  STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 13, 2023,** at Santa Monica, California

_____/s/ MARTIN STANLEY___
Martin Stanley

-22-
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**