HYDEE FELDSTEIN SOTO, City Attorney - SBN 106866
SCOTT MARCUS, Chief Assistant City Attorney - SBN 184980
CORY M. BRENTE, Senior Assistant City Attorney - SBN 115453
cory.brente@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7021/Facsimile: (213) 978-8785

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Telephone: (510) 999-7908/Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT,
DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  16-cv-00134-FWS-MRW<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 SEEKING AN ORDER FOR BIFURCATION**<br><br>[Filed concurrently with Declaration of Kevin E. Gilbert; Proposed Order]<br><br>PTC:     May 5, 2023<br>TIME:    9:00 a.m.<br>DEPT:    Courtroom 10D<br>JUDGE:   Hon. Fred W. Slaughter<br>TRIAL:   May 16, 2023 |

# NOTICE

TO THIS HONORABLE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Pursuant to Rules 403, 404 and 608 of the Federal Rules of Evidence and FRCP Rule 42 (b), Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK (hereinafter "Defendants") hereby request this Honorable Court on May 5, 2023 at 9:00 a.m., or as soon thereafter as this Honorable Court may hear said motion, at the above-entitled Court, for an order in limine requesting this Honorable Court order that trial in this matter be bifurcated between liability and damages.

Defendants request the court order phasing as follows:

Phase 1: Liability under 42 USC 1983 for the individual defendants and *Monell* liability.

Phase 2: Damages, including the amount of compensatory damages, if any.

Pursuant to Rule 42 (b) of the Federal Rules of Civil Procedure, this Honorable Court has broad discretion, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to creating an expeditious and economically sound atmosphere, to order a separate trial of any claim or any issue.

The basis for this motion is that the presentation of the liability portion of the case will be the most expeditious manner to dispose of the main issues in the case, without having to address the likely sympathy that a jury may feel in favor of a person who was incarcerated for a long period of time. Should Plaintiff prevail on liability and causation, a trial on potential damages would be relevant, if the case does not otherwise settle.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of Kevin E. Gilbert and any further evidence that may be presented at the hearing on the motion. Pursuant to this Court's Civil Order regarding Pretrial and Trial Procedures, counsel for both parties have been in continuous discussions regarding trial filings in this matter, including the subject of this motion in

///

1  limine. However, notwithstanding those meet and confer efforts, the parties were unable
2  to agree that trial should be bifurcated and as such this motion is necessary.
3
4  Dated: April 13, 2023     Respectfully submitted,
                              **ORBACH HUFF + HENDERSON LLP**
5
6                             By:      */s/ Kevin E. Gilbert*
7                                   Kevin E. Gilbert
                                    Carolyn M. Aguilar
8                                   Attorneys for Defendants
                                    CITY OF LOS ANGELES, LOS ANGELES
9                                   POLICE DEPARTMENT, DETECTIVE R.
                                    ULLEY and DETECTIVE J. VANDER HORCK
10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK (hereinafter "Defendants") request an order *in limine* pursuant to Federal Rules of Evidence (hereinafter "FRE"), Rules 402, 403, and Rule 42(b) of the Federal Rules of Civil Procedure (hereinafter "FRCP") bifurcating this action into two phases: Phase 1 to address Plaintiff's liability and *Monell* allegations against Defendants; and Phase 2 to address Plaintiff's compensatory damages, if necessary. Separate trials on the issues of liability and then damages are needed not only to promote judicial efficiency and avoid unfair prejudice, but will greatly minimize any potential confusion of issues by the jury.

## II. STATEMENT OF FACTS

In 2002, Plaintiff Marco Milla ("Plaintiff") was convicted of the murder of Robert Hightower ("Hightower") and the attempted murder of several others for a shooting that occurred on September 29, 2001 in Los Angeles. Subsequent to his conviction and incarceration, a witness, Salvador Pimentel, came forward in or around 2010 claiming he had proof that Plaintiff did not commit the shootings. Pimentel further asserted that Julio Munoz (aka "Downer") was the actual shooter. Using Pimentel's testimony, together with a new witness's testimony (Maria Flores), Plaintiff filed a writ of habeas corpus which was ultimately granted, leading to Plaintiff's conviction being overturned. Plaintiff then filed this action one year later, alleging Defendants unlawfully imprisoned and maliciously prosecuted Plaintiff.

In September of 2001, Defendants Richard Ulley and John Vander Horck ("Detectives") were assigned to investigate the Hightower murder. Plaintiff alleges that the Detectives used coercive interviewing and line-up tactics to identify him as the shooter and failed to investigate his alibi. In reality, the Detectives did nothing wrong and reasonably believed that Plaintiff was the involved shooter, not only because he was positively identified by multiple witnesses, but because he fit the description of the

shooter, appeared to have motive (gang membership and the racially motivated crime), had access to weapons (prior arrests and gun cases and ammunition found at his house), was associated with the gang in that area, and was not in custody at the time of the crime.

Ultimately, the Detectives were unaware of the new evidence that came to light only after Plaintiff was convicted and incarcerated. As such, the Detectives cannot be held liable for not discovering something that was not available at the time of their investigation. While it is unfortunate Plaintiff was found guilty of a murder he did not commit, it was nonetheless reasonable for the Detectives to have made the findings they did based on the information known to them at the time. Consequently, liability in this case is highly questionable and unlikely to be found.

### III.   FRCP 42(b) APPLIES TO THE FACTS OF THIS CASE

FRCP Rule 42(b) states in relevant part that a court may "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FRCP 42(b). The district court has "broad discretion to order separate trials" under this Rule. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985). Factors to be considered in deciding whether to order separate trials include: avoiding prejudice, separability of the issues, convenience, judicial economy, and risk of confusion. *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). Other factors to be considered include: complexity of the issues, factual proof, and the possibility that the first trial may be dispositive of the case. *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994).

This case is about whether Plaintiff can prove that the Detectives impermissibly targeted Plaintiff for Hightower's murder, leading to Plaintiff's unlawful imprisonment and malicious prosecution. If the jury finds that the Detectives *did not* conduct an unlawful investigation, there would be no need to hear or needlessly confuse the jury with additional facts pertinent to the Plaintiff's damages, which may include psychological harm from his incarceration. Alternatively, if the Detectives *did* commit

an unlawful investigation, only then will damages come into consideration, in any event. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Figueroa v. Gates*, 207 F.Supp.2d 1085, 1101 (C.D. Cal. 2002) (a municipality cannot be held liable unless a constitutional violation has occurred). There would be no prejudice to Plaintiff to a bifurcated trial. If the jury hears damages "evidence" at the same time as evidence regarding the Hightower murder investigation, though, there will be numerous additional witnesses, a likely confusion of the issues, and irreparable prejudice to Defendants. FRE 403. Consequently, this Motion *in Limine* should be granted in order to prevent Defendants from suffering unfair prejudice as a result of confusion of the issues and in the interest of judicial economy.

## IV. THE INTERESTS OF EXPEDITION AND JUDICIAL ECONOMY WEIGH IN FAVOR OF SEPARATE PHASES OF THE TRIAL

Whether the Detectives committed an unlawful investigation is one thing, but whether they did so maliciously, recklessly, or oppressively is an entirely different analysis. In fact, assuming the jury finds Defendants liable, Plaintiff's evidence to support his claims for damages are likely to influence the jury's decision on whether to also penalize the Defendants for their conduct. Further support is provided by California Civil Code section 3295, which mandates the bifurcation of a plaintiff's liability claims from those for punitive damages.

In general, compensatory damages focus on the plaintiff – his suffering, his pain, his injuries because of a defendant's conduct; whereas punitive damages focus on the defendant's conduct:

> Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Ninth Circuit Model Jury Instruction, No. 5.5 Punitive Damages.  Thus, these issues are separate and will necessarily involve distinctly different witnesses, adding time to the length of trial.  Thus, judicial economy will be served by bifurcating the liability issues from Plaintiff's damages claims.  FRE 403.

"Distinctions between the evidence and burdens of proof necessary to prove liability and demonstrate an entitlement to punitive damages also weigh in favor of bifurcation." *Norwood v. Children & Youth Serv., Inc.,* No. CV10-7944 GAF (MANx), 2011 U.S. Dist. LEXIS 159820, 2012 WL 12882757, at *8 (C.D. Cal. Jul. 27, 2012); *see also, Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.), *cert. denied,* 469 U.S. 1072 (1984) (bifurcation warranted if the two phases involve different types of evidence); *Helminski v. Ayerst Lab., a Div. of American Home Prods. Corp.,* 766 F.2d 208, 212 (6th Cir.), *cert. denied,* 474 U.S. 981 (1985) (bifurcation "is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination."); *Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991) ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case.").  "Because the financial condition of an alleged tortfeasor is an 'important factor in determining the propriety of an award for punitive damages,' without bifurcation, the jury will concurrently hear testimony about Defendant's liability and wealth." *Norwood*, citing *Ferraro v. Pacific Fin. Corp.*, 8 Cal.App.3d 339 (1970).  Furthermore, hearing issues of damages with liability is likely to inflame the jury and prejudice Defendants.  FRE 403.  Assuming that one of the Detectives is demonstrated to have acted maliciously against Plaintiff, the jury will likely be so upset by the outrageous conduct of that Detective that they will penalize not only that one detective, but the other detective or the City of Los Angeles as a whole and find the other Defendants liable regardless of whether those other Defendants actually committed any violations.

///

Moreover, damages testimony regarding Plaintiff's incarceration is likely to highly inflame the jury. Case in point, in the matter of *Baker v. McCollan*, 443 U.S. 137, 61 L.Ed.2d 433, 99 Sup. Ct. 2689 (1979), the issue surrounded the claim by an arrestee that his due process rights were violated after he was held in custody for several days because of a mistaken identity. Chief Justice Rehnquist delivered the opinion of the Court:

> Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested. If it did, §1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released. . . Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person. *Baker v. McCollan*, 443 U.S. at 145 citing *Patterson v. New York*, 432 U.S. 197, 208 (1977).

Unfortunately, most jurors will not have the legal knowledge that Chief Justice Rehnquist had when he delivered that opinion. Accordingly, to avoid this confusion and prejudice, bifurcation of liability and damages is necessary.

The Ninth Circuit has repeatedly affirmed a district court's decision to bifurcate cases involving such damages claims. *Norwood,* No. CV10-7944 GAF (MANx), 2011 U.S. Dist. LEXIS 159820, 2012 WL 12882757*,* at * 6, citing *Arthur Young & Co., v. U.S. Dist. Ct.,* 549 F.2d 686, 697 (9th Cir. 1977); *M2 Software, Inc. v. Madacy Entm't,* 421 F.3d 1073, 1088 (9th Cir. 2005). Bifurcation will provide judicial economy and avoid substantial prejudice to Defendants.

///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order bifurcating the trial into two separate phases: (Phase 1) liability of Defendants (including the *Monell* claim), and (Phase 2) determination of Plaintiff's damages claims, if necessary.

Dated:  April 13, 2023         Respectfully submitted,
                               **ORBACH HUFF + HENDERSON LLP**

                               By:  */s/ Kevin E. Gilbert*
                                    Kevin E. Gilbert
                                    Carolyn M. Aguilar
                                    Attorneys for Defendants
                                    CITY OF LOS ANGELES, LOS ANGELES
                                    POLICE DEPARTMENT
                                    and DETECTIVE R. ULLEY