HYDEE FELDSTEIN SOTO, City Attorney - SBN 106866
SCOTT MARCUS, Chief Assistant City Attorney - SBN 184980
CORY M. BRENTE, Senior Assistant City Attorney - SBN 115453
cory.brente@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7021/Facsimile: (213) 978-8785

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Telephone: (510) 999-7908/Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT,
DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 16-cv-00134-FWS-MRW<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 SEEKING AN ORDER THAT PLAINTIFF AND HIS WITNESSES BE PRECLUDED FROM TESTIFYING THAT JULIO MUNOZ IS THE ACTUAL SHOOTER**<br><br>[Filed concurrently with Declaration of Kevin E. Gilbert; Proposed Order]<br><br>PTC: May 5, 2023<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 10D<br>JUDGE: Hon. Fred W. Slaughter<br>TRIAL: May 16, 2023 |

TO THIS HONORABLE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Pursuant to Rules 402, 403, 701 and 801 of the Federal Rules of Evidence, Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK (hereinafter "Defendants") hereby request this Honorable Court on May 5, 2023, at 9:00 a.m., or as soon thereafter as this Court may hear said motion, and issue an order granting Motion in Limine No. 2, precluding Plaintiff MARCO MILLA ("Plaintiff") and his witnesses, including experts, to testify, state, aver, infer, reference or claim that Julio Munoz, aka "Downer" is the actual shooter and perpetrator of the crime that was the subject of Plaintiff's incarceration.[1]

In this case, Plaintiff was incarcerated for the murder of Robert Hightower on September 29, 2001. Years later, new witnesses came forward with testimony that Plaintiff was not the shooter, instead pointing to Munoz as the actual shooter. However, Defendants in this case were never aware of these witnesses or this testimony at the time of Plaintiff's arrest and investigation. As a result, this evidence would have no relevancy to whether Defendants lawfully arrested and investigated Plaintiff in this case. Furthermore, Munoz's guilt in the murder of Hightower has never been officially established. As such, referencing this would be mere speculation and hearsay, rather than any semblance of truth. Whether Munoz was the actual shooter, however, is also highly prejudicial and will be confusing to the jury will likely confuse whether the Defendants were aware of this information at the time of their investigation of Plaintiff and infer that this information was known, when it was not. As such, this motion should be granted in its entirety.

///

---

[1] While this Motion is similar to Defendants' Motion in *Limine* No. 7, this Motion seeks a slightly different request of precluding the identification or reference that Julio Munoz committed the murder of Robert Hightower, which is not a finding that has been made in any criminal court, nor is it relevant to the issues in this case.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Kevin E. Gilbert and any further evidence that may be presented at the hearing on the motion. Pursuant to this Court's Civil Order regarding Pretrial and Trial Procedures, counsel for both parties have been in continuous discussions regarding trial filings in this matter, including the subject of this motion in limine. However, notwithstanding those meet and confer efforts, the parties were unable to agree that this evidence should be excluded and as such this motion is necessary.

Dated: April 13, 2023

Respectfully submitted,
**ORBACH HUFF + HENDERSON LLP**

By: */s/ Kevin E. Gilbert*
Kevin E. Gilbert
Carolyn M. Aguilar
Attorneys for Defendants
CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK (hereinafter "Defendants") request an order *in limine* pursuant to Federal Rules of Evidence (hereinafter "FRE"), Rules 402, 403 and 801 precluding any testimony, evidence, or other reference to the fact of Julio "Downer" Munoz being the actual shooter of Robert Hightower on September 29, 2001, as this fact is completely irrelevant to the claims against Defendants and would be highly prejudicial to their right to a fair trial.

## II. STATEMENT OF FACTS

In 2002, Plaintiff Marco Milla ("Plaintiff") was convicted of the murder of Robert Hightower ("Hightower") and the attempted murder of several others for a shooting that occurred on September 29, 2001 in Los Angeles. Subsequent to his conviction and incarceration, a witness, Salvador Pimentel, came forward in or around 2010 claiming he had proof that Plaintiff did not commit the shootings. Pimentel further asserted that Julio Munoz (aka "Downer") was the actual shooter. Using Pimentel's testimony, together with a new witness's testimony (Maria Flores), Plaintiff filed a writ of habeas corpus which was ultimately granted, leading to Plaintiff's conviction being overturned. Plaintiff then filed this action one year later, alleging Defendants unlawfully imprisoned and maliciously prosecuted Plaintiff.

In September of 2001, Defendants Richard Ulley and John Vander Horck ("Detectives") were assigned to investigate the Hightower murder. Plaintiff alleges that the Detectives used coercive interviewing and line-up tactics to identify him as the shooter and failed to investigate his alibi. In reality, the Detectives did nothing wrong and reasonably believed that Plaintiff was the involved shooter, not only because he was positively identified by multiple witnesses, but because he fit the description of the shooter, appeared to have motive (gang membership and the racially motivated crime),
///

had access to weapons (prior arrests and gun cases and ammunition found at his house), was associated with the gang in that area, and was not in custody at the time of the crime. Ultimately, the Detectives were unaware of the new evidence that came to light only after Plaintiff was convicted and incarcerated.

Plaintiff maintains that Julio "Downer" Munoz ("Munoz") was the real shooter in Hightower's murder. However, there was little, if any information known to the Detectives regarding Munoz at the time of the investigation. While Munoz was among a list of potential suspects originally provided by Officer Maldonado, that was the only information known about Munoz at the time of the investigation.

There is no doubt, however, that further information about Munoz's possible involvement came *after* Plaintiff was incarcerated or was never provided to the Detectives at all. For example, Plaintiff testified in deposition that Munoz and Salvador Pimentel (aka Travieso) came to his girlfriend's apartment on September 29th or the early morning September 30, 2001 where Munoz stated that "I just shot some N-word over on 204th." While Plaintiff allegedly now believes Munoz was the shooter, he admits he never told the Detectives about this statement.

The theory that Munoz was the shooter was first argued by Plaintiff in or around July of 2003 in conjunction with Plaintiff's motion for new trial, following verdict against him. At that time, witness Maria Flores, came forward claiming that she saw Munoz in the area of the shooting shortly after the shooting. She claims she later confronted Munoz, but he told her words to the effect that she needed to mind her own business. The motion for new trial was denied in part because the Court found that Maria Flores' testimony was not recently discovered evidence. Ms. Flores is also a cousin of the mother of Milla's child, which likely caused some question as to the reliability of Flores' testimony.

Later, in approximately 2010, Salvador Pimentel came forward and disclosed for the first time that he was on 204th St. at the time of the shooting and that Munoz was the shooter. Pimentel had never told anyone about these observations and was largely

unavailable until then as he had been in prison since 2001. Plaintiff's conviction was overturned due to the new testimony from Pimentel.

Notwithstanding the statements that were ultimately used in overturning Plaintiff's conviction, Munoz has never been arrested, tried or convicted of the Hightower murder and related shooting. Consequently, there has been no actual finding that Munoz was the actual shooter. More importantly, this information is entirely irrelevant to the issues in this case, as the Detectives were unaware of Munoz's potential involvement at the time of the investigation. As such, Plaintiff should be precluded from alleging that Munoz was, in fact, the shooter because this has never been found to be true, nor is it relevant to the issues in this case.

## III.   ARGUMENT

### A.   That Munoz is The Actual Shooter is Not Relevant

Plaintiff's attempt to argue that Munoz was the actual shooter is entirely irrelevant. Federal Rules of Evidence, Rule 402 states in relevant part that, ". . . Evidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The relevant inquiry in this case is whether the Detectives had probable cause to arrest Plaintiff, and that in turn is based upon the totality of circumstances known to the Detectives at the time of Plaintiff's arrest. Consequently, evidence discovered subsequent to the investigation and Plaintiff's arrest, such as whether Munoz was in fact the shooter, and not known to the Detectives is necessarily irrelevant.

"To determine whether an officer had probable cause for an arrest, 'we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause.'" *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018), citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "Because probable cause 'deals with probabilities and depends on the totality of the circumstances,'

[citations] it is 'a fluid concept' that is 'not readily, or even usefully, reduced to a neat set of legal rules.'" *Wesby,* 138 S. Ct. at 586, citing *Pringle, supra; Illinois v. Gates*, 462 U.S. 213, 232 (1983). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 243–244, n. 13. "Probable cause 'is not a high bar.'" *Wesby,* 138 S. Ct. at 586, citing *Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014).

In this case, it is irrelevant who the actual shooter may have been. The important issue in this matter is whether the Detectives had probable cause to arrest Plaintiff and what information they had at the time to make that determination – not whether Plaintiff later turned out to be innocent or who else may have been the actual shooter. The evidence pointing to Munoz as the shooter simply was not known to the Detectives at the time of the investigation – either because it was hidden from them by Plaintiff, his alibi witnesses (like his girlfriend who refused to speak with the Detectives) or because witnesses did not come forward until years after Plaintiff's incarceration. Both Maria Flores and Salvador Pimentel admit that they would not have spoken to the police about this information in 2001 out of concern for their own safety and retaliation by members of the 204th St. gang. As a result, the Detectives knew nothing about Munoz.

Even assuming the statements made by Plaintiff's girlfriend or Ms. Flores were relevant and believable, they are entirely hearsay, not subject to an exception. Fed. R. Evid. 801. Moreover, the statements that point to Munoz as the shooter do not conclusively state that he *was* the shooter, only that he *may* have been the shooter and present nothing more than pure speculation as neither Flores, Pimentel or Sandra Jauregui (Plaintiff's girlfriend) were present at the time of Hightower's murder to know whether Munoz, in fact, shot Hightower. Fed. R. Evid. 701. To this date, Munoz has never been arrested, tried or convicted of Hightower's murder. Accordingly, there is no established fact that Munoz actually shot Hightower, despite Plaintiff's witnesses' assertions to the contrary.
///

### B. The Fact of Munoz Being the Actual Shooter is Prejudicial to Defendants

Evidence Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . .." Rule 403 requires the prejudice be "unfair." *U.S. v. Young*, 754 F. Supp. 739, 742 (D.S.D. 1990). "Unfair" in this context means the evidence has an undue tendency to suggest to a jury decision based upon an improper basis, usually an emotional one. *Young*, 754 F. Supp. at 742. Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *U.S. v. Guerrero*, 756 F.2d 1342, 1348 (9th Cir. 1984); *U.S. v. Black*, 20 F.3d 1458, 1464 (9th Cir. 1994).

Here, whether Munoz was the actual shooter is not only irrelevant, but would be highly prejudicial to Defendants and confusing to the jury. If the jury were to hear evidence surrounding that Munoz was the actual shooter, they will be confused as to what were the totality of circumstances known to the Detectives at the time and may mistakenly believe that the Defendants knew that Munoz was the shooter, but nonetheless arrested Plaintiff. In reality, the Defendants knew next to nothing about Munoz – in large part due to Plaintiff's and his own alibi witnesses' failure to tell the Detectives of this information at the time. It would be prejudicial to allow Plaintiff to attempt to profit from his deliberate failure to disclose material information to the police and then claim the police should have done something more during their investigation.

///
///
///
///
///
///

- 5 -
Defs' MIL No. 2 Seeking Order to Preclude Testimony that J. Munoz is Shooter [16-cv-134-FWS-MRW]

## IV. CONCLUSION

For the foregoing reasons the court should preclude any evidence, testimony, or other reference that Munoz was the actual shooter, as this fact has never be established in any court or proceeding, and is entirely irrelevant to the issues in this case and is highly prejudicial to Defendants and would lead to jury confusion.

Dated:  April 13, 2023

Respectfully submitted,
**ORBACH HUFF + HENDERSON LLP**

By:     */s/ Kevin E. Gilbert*
        Kevin E. Gilbert
        Carolyn M. Aguilar
        Attorneys for Defendants
        CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK