HYDEE FELDSTEIN SOTO, City Attorney - SBN 106866
SCOTT MARCUS, Chief Assistant City Attorney - SBN 184980
CORY M. BRENTE, Senior Assistant City Attorney - SBN 115453
cory.brente@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7021/Facsimile: (213) 978-8785

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Telephone: (510) 999-7908/Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT,
DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No.  16-cv-00134-FWS-MRW<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE REGARDING FINDING OF FACTUAL INNOCENCE AND LATER ACQUIRED EVIDENCE**<br><br>[Filed concurrently with Declaration of Kevin E. Gilbert; Proposed Order]<br><br>PTC:     May 5, 2023<br>TIME:    9:00 a.m.<br>DEPT:    Courtroom 10D<br>JUDGE:   Hon. Fred W. Slaughter<br>TRIAL:   May 16, 2023 |

TO THIS HONORABLE COURT, PLAINTIFF & HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Pursuant to Federal Rules of Evidence 104, 401, 402, 403, 801 et seq. and FRCP Rule 16 ( c)(2)(A)(C)(J)(O)(P) Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK (hereinafter "Defendants") hereby request this Honorable Court on May 5, 2023, at 9:00 a.m., or as soon thereafter as this Court may hear said motion, and issue an order granting MIL No. 7[1], to exclude evidence regarding Los Angeles County Superior Court's ruling finding Plaintiff factually innocent and any other similar later acquired evidence, as follows:

1. Precluding all evidence, references, argument and testimony by Plaintiff, his attorneys and witnesses regarding Los Angeles County Superior Court's ruling finding Plaintiff factually innocence and all evidence related thereto after Plaintiff was convicted, such as testimony from Salvador Pimentel, Maria Flores, and Sandra Jauregui who refused to come forward or speak with Defendants until after Plaintiff was convicted.

2. Requiring Plaintiff to instruct his witnesses not to mention anything related to Los Angeles County Superior Court's ruling finding Plaintiff factually innocent and any later acquired evidence after Plaintiff was convicted; and

3. If the Court is inclined to allow this type of evidence at trial, that the Court hold a hearing pursuant to Federal Rule of Evidence 104.

This motion is made upon grounds that such evidence is irrelevant, highly prejudicial, and would confuse and mislead the jury and waste time and should be excluded. Fed. R. Evid. 401, 402, 403, 801.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of Kevin E. Gilbert and any further evidence that may be

---

[1] While this Motion is similar to Defendants' Motion *in Limine* No. 7, this Motion seeks slightly different relief, specifically seeking to exclude any evidence that came forward after Plaintiff's conviction, including the finding of factual innocence, as none of this evidence was known to Detectives at the time of their investigation of Plaintiff and as such is irrelevant, highly prejudicial, and would lead to jury confusion.

Defs' MIL No. 7 to Exclude Evidence Regarding Finding of Factual Innocence [16-cv-134-FWS-MRW]

presented at the hearing on the motion. Pursuant to this Court's Civil Order regarding Pretrial and Trial Procedures, counsel for both parties have been in continuous discussions regarding trial filings in this matter, including the subject of this motion in limine. However, notwithstanding those meet and confer efforts, the parties were unable to agree that this evidence should be excluded and as such this motion is necessary.

Dated:  April 13, 2023

Respectfully submitted,
**ORBACH HUFF + HENDERSON LLP**

By:      */s/ Kevin E. Gilbert*
      Kevin E. Gilbert
      Carolyn M. Aguilar
      Attorneys for Defendants
      CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK (hereinafter "Defendants") request an order *in limine* pursuant to Federal Rules of Evidence (hereinafter "FRE"), Rules 402, 403, and 801 precluding any testimony, evidence, or other reference to the finding of factual innocence (and post-conviction related evidence thereto, including testimony or evidence from Salvador Pimentel, Maria Flores, and Sandra Jauregui) of Plaintiff MARCO MILLA ("Plaintiff"), as this evidence is completely irrelevant to the claims against Defendants and would be highly prejudicial to their right to a fair trial.

Defendants believe that Plaintiff will seek to introduce evidence and argument pertaining to Plaintiff's finding of factual innocence and evidence related thereto that led to the overturning of Plaintiff's conviction. It is undisputed that Detectives Ulley and Vander Horck ("Detectives") did not know and could not have known this information in the 2001-2002 timeframe, and as such it has no relevance to Plaintiff's claims in this lawsuit. Plaintiff's guilt or innocence similarly has no relevance to the issues in this lawsuit and will only serve to confuse the jury. Defendants respectfully request that the Court issue an order excluding any such evidence or argument from the jury. This evidence, at a minimum, should be excluded in the first phase of trial addressing the determination of liability.

## II.  STATEMENT OF FACTS

In 2002, Plaintiff Marco Milla ("Plaintiff") was convicted of the murder of Robert Hightower ("Hightower") and the attempted murder of several others for a shooting that occurred on September 29, 2001 in Los Angeles. Subsequent to his conviction and incarceration, a witness, Salvador Pimentel ("Pimentel"), came forward in or around 2010 claiming he had proof that Plaintiff did not commit the shootings. Pimentel further asserted that Julio Munoz (aka "Downer") was the actual shooter. Similarly, Plaintiff's

girlfriend, Sandra Jauregui, although known to Defendants at the time of Plaintiff's investigation, refused to speak with any Detective to corroborate Plaintiff's alleged alibi. Using Pimentel's testimony, together with a new witness's testimony (Maria Flores) and the testimony from Plaintiff's girlfriend, Plaintiff filed a writ of habeas corpus which was ultimately granted, leading to Plaintiff's conviction being overturned. Plaintiff then filed this action one year later, alleging Defendants unlawfully imprisoned and maliciously prosecuted Plaintiff.

In September of 2001, Defendants Richard Ulley and John Vander Horck ("Detectives") were assigned to investigate the Hightower murder. Plaintiff alleges that the Detectives used coercive interviewing and line-up tactics to identify him as the shooter and failed to investigate his alibi. In reality, the Detectives did nothing wrong and reasonably believed that Plaintiff was the involved shooter, not only because he was positively identified by multiple witnesses, but because he fit the description of the shooter, appeared to have motive (gang membership and the racially motivated crime), had access to weapons (prior arrests and gun cases and ammunition found at his house), was associated with the gang in that area, and was not in custody at the time of the crime. Ultimately, the Detectives were unaware of the new evidence that came to light only after Plaintiff was convicted and incarcerated.

Importantly, the finding of Plaintiff's factual innocence and the testimony from Pimentel and others that came *after* Plaintiff was incarcerated are entirely irrelevant to the issues in this case, as the Detectives were unaware of Munoz's potential involvement at the time of the investigation. As such, Plaintiff should be precluded from producing any of the evidence relating to the finding of factual innocence, including testimony from Maria Flores and Salvador Pimentel or any other witnesses that were not provided to the Detectives at the time of the investigation.

///
///
///

## III. EVIDENCE ACQUIRED AFTER PLAINTIFF WAS CONVICTED IS IRRELEVANT

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule of Evidence 402 establishes that while all relevant evidence is admissible, "Evidence which is not relevant is not admissible." The relevant inquiry in this case is whether the Detectives had probable cause to arrest Plaintiff, and that in turn is based upon the totality of circumstances known to the Detectives at the time of Plaintiff's arrest. Consequently, evidence discovered subsequent to the investigation and Plaintiff's arrest, such as testimony from Pimentel, Flores, and Jauregui that Munoz was the shooter, and not known to the Detectives is necessarily irrelevant.

"To determine whether an officer had probable cause for an arrest, 'we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause.'" *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018), citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "Because probable cause 'deals with probabilities and depends on the totality of the circumstances,' [citations] it is 'a fluid concept' that is 'not readily, or even usefully, reduced to a neat set of legal rules.'" *Wesby,* 138 S. Ct. at 586, citing *Pringle, supra; Illinois v. Gates*, 462 U.S. 213, 232 (1983). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 243–244, n. 13. "Probable cause 'is not a high bar.'" *Wesby,* 138 S. Ct. at 586, citing *Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014).

In this case, it is irrelevant what evidence later came out overturning Plaintiff's conviction. The important issue here is whether the Detectives lacked probable cause to believe Plaintiff murdered Hightower at the time of the investigation – not that Plaintiff turned out to be innocent. None of the information that led to the overturning of

Plaintiff's conviction was known to the Detectives at the time of the investigation. As such, it does nothing to establish whether the Detectives had probable cause to arrest Plaintiff. In large part, most of this evidence was hidden from them by Plaintiff, his alibi witnesses (like his girlfriend who refused to speak with the Detectives) or because witnesses did not come forward until years after Plaintiff's incarceration. Both Maria Flores and Salvador Pimentel admit that they would not have spoken to the police about this information in 2001 out of concern for their own safety and retaliation by members of the 204th St. gang. As a result, the Detectives did not have this information when they investigated Plaintiff in 2001-2002 and it is completely irrelevant to the issues in this case and must be excluded.

## IV. EVIDENCE ACQUIRED AFTER PLAINTIFF WAS CONVICTED IS PREJUDICIAL AND CONFUSING

Assuming for the moment that evidence of Plaintiff's factual innocence and testimony that someone else murdered Hightower is relevant to the present case, it may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Federal Rule of Evidence 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or a needless presentation of cumulative evidence."

Rule 403 requires the prejudice be "unfair." *U.S. v. Young* (D.S.D. 1990) 754 F.Supp. 739, 742. "Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. *Young*, supra, 754 F. Supp. at 742. Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *U.S. v. Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348; U.S. v. Black (9th Cir. 1994) 20 F.3d 1458, 1464.

///

Plaintiff may argue that because he was found to be factually innocent, Defendants violated his rights when conducting the murder investigation. It is undisputed that Detectives Ulley and Vander Horck had no way of knowing that a court would find Plaintiff factually innocent of the crime years later. Plaintiff's guilt or innocence is not at issue in this litigation. Because Federal Rules of Evidence Rule 402 provides that irrelevant evidence is not admissible, this Court should exclude any such evidence or argument because it has no relevance as to whether there was a violation of Plaintiff's constitutional rights.

If the jury were to hear argument or evidence that Plaintiff was found factually innocent – and similar evidence or testimony from witnesses that came forward years after Plaintiff was convicted - it would unnecessarily inflame the passions of the jury. Whether or not the jury finds any wrongdoing on behalf of Defendants, there will be a strong temptation to assign liability in order to compensate Plaintiff for the time he was incarcerated. Therefore, even assuming such evidence was relevant, it must be excluded under Rule 403. Moreover, requiring the parties to address the actual innocence or guilt of Plaintiff would essentially result in an unnecessary and time-consuming retrial of the criminal case, which would unduly delay the trial of this matter. Furthermore, the jury is likely to be confused as to whether the Defendants *should* have known of this information, even though they were never given the information. This is not the standard by which the Detectives will be judged, and such will unfairly prejudice Defendants in the eyes of the jury. Accordingly, this evidence must be excluded in its entirety.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court preclude all evidence, references, argument and testimony by Plaintiff, his attorneys and witnesses regarding the Los Angeles County Superior Court's ruling finding Plaintiff factually innocent and any evidence related thereto, including any testimony from Salvador Pimentel, Maria Flores, and Sandra Jauregui. If the Court is inclined to allow this type of

///

questioning or evidence, defendants request an offer of proof of other alleged incident and a hearing under Federal Rules of Evidence 104.

Dated:  April 13, 2023

Respectfully submitted,
**ORBACH HUFF + HENDERSON LLP**

By:  */s/ Kevin E. Gilbert*
      Kevin E. Gilbert
      Carolyn M. Aguilar
      Attorneys for Defendants
      CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK