**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401
Telephone:  (310) 399-2555 /Facsimile: (310) 917-1001

**BARRETT LAW OFFICE**
Edmont T Barrett [State Bar No. 74117]
P.O. Box 607
Diamond Springs, CA 95619
Telephone:  (530) 642-8468 /Facsimile: (530) 653-2449

Attorneys for *Plaintiff*, MARCO MILLA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCO MILLA an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. CV-00134-FWS-MRW<br>Hon. Judge Fred W. Slaughter<br>Hon. Magistrate Judge Michael R. Wilner<br><br>**PLAINTIFF MARCO MILLA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 SEEKING AN ORDER THAT PLAINTIFF AND HIS WITNESSES BE PRECLUDED FROM TESTIFYING THAT JULIO MUNOZ IS THE ACTUAL SHOOTER**<br><br>**Trial**<br>Date:　　　　05/16/2023<br>Time:　　　　08:30 AM<br>Courtroom:　　10D, Santa Ana<br><br>**Pre-Trial Conference**<br>Date:　　　　05/05/2023<br>Time:　　　　09:00 AM<br>Courtroom:　　10D, Santa Ana |

-1-
**PLAINTIFF'S OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 2**

1  TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF

2  RECORD:

3

4      PLEASE TAKE NOTICE that Plaintiff MARCO MILLA submits his Opposition

5  to Defendants CITY OF LOS ANGELES, Det. RICHARD ULLEY and Det. J.

6

7  VANDER HORCK's Motion in Limine No. 2 seeking an order that Plaintiff and his

8  witnesses be precluded from testifying that Julio Munoz is the actual shooter.

9

10

11  DATED: April 18, 2023         Respectfully submitted,
                                            LAW OFFICES OF MARTIN STANLEY

12

13                                            By:_____/s/ Martin Stanley_____
                                          MARTIN STANLEY, ESQ.

14                                            Attorneys for Plaintiff MARCO MILLA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 2**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants CITY OF LOS ANGELES, Det. RICHARD ULLEY and Det. J. VANDER HORCK's Motion in Limine No. 2 improperly seeks to preclude relevant evidence about the actual shooter in this case, Julio Munoz, who was a known suspect to Defendants prior to the arrest and subsequent conviction of Plaintiff MARCO MILLA ("Plaintiff MILLA").  There is no authority to support Defendants' Motion in Limine No. 2, as demonstrated by Defendants' failure to cite to any specific case law or other legal authority to support their Motion. Defendants may not properly use a motion in limine to dispose of one of Plaintiff MILLA's main theories of liability , i.e., that Defendants unreasonably and improperly targeted Plaintiff MILLA even though Defendants possessed information that would have and should have led them to investigate the actual shooter Julio Munoz. Furthermore, if the jury is not instructed and/or advised by evidence as to all the reasons why this case is here, they will be left with a false impression that the defendants want to create that plaintiff was/is guilty of the underlying offence, which is completely contrary to law.

The fact that the police did not develop evidence against Munoz (even though evidence was available) should not be a defense for the defendants. When the motion for a new trial was developed by the defense attorney who substituted in after trial, the defendants were given that information and they ignored it and tried to bully the witness

Maria Flores. The judge denied that motion on the basis that the evidence could have reasonably been discovered by the trial attorney. Well if that information could have been "reasonably" discovered by the trial attorney, it is certain that evidence could have reasonably been discovered by the police as well.

## II. STATEMENT OF RELEVANT FACTS

On September 29, 2001, Julio Munoz fatally shot Robert Hightower on the 1500 block of 204th Street in Harbor Gateway, California. Defendants RICHARD ULLEY ("Defendant ULLEY") and Detective JOHN VANDER HORCK ("Defendant VANDER HORCK) were assigned to investigate this shooting.

On October 16, 2001, Officer Maldonado provided Defendant ULLEY a list of gang suspects to the shooting. This list included Julio Munoz, a known 204th Street gang member who had several features that matched the physical description of the shooter, including weight, height, race, gender, and hair style, as provided by many of the victims and witnesses to the subject shooting.

Even after receiving Officer Maldonado's list of suspects, Defendants never investigated Julio Munoz as a suspect or even showed his photo to any of the suspects or victims to the subject shooting. Defendant ULLEY admitted that Julio Munoz was someone he should have investigated as a suspect. Further, Defendants' Chronology Record demonstrates that Defendants unreasonably failed to properly canvas the neighborhood of the subject shooting by knocking on only 5 doors on the 1500 block of

204th Street. A proper canvass of the neighborhood would have allowed Defendants to discover Maria Flores who witnessed Julio Munoz flee the scene of the shooting.

Plaintiff MILLA filed claims under Title 42 U.S.C. Section 1983 against both Defendants for investigating him despite the fact that they knew or should have known that Plaintiff MILLA was innocent, in violation of *Devereaux v. Abbey*, 263 F .3d 1070 (2001), and pursuant to an official Los Angeles Police Department policy that suppressed from Plaintiff MILLA and his criminal defense team known exculpatory evidence relied upon by Defendants in their investigation of Plaintiff MILLA, such as Cal-Gang photographs of Julio Munoz .

### III.  PLAINTIFF MILLA SHOULD BE ALLOWED TO PRESENT EVIDENCE THAT JULIO MUNOZ IS THE ACTUAL SHOOTER IN THIS CASE.

The identity of the subject shooting's actual perpetrator is highly relevant evidence to support Plaintiff MILLA's claims that Defendants violated his civil rights under *Devereaux*. Plaintiff MILLA contends that Defendants continued their investigation into Plaintiff MILLA despite the fact that Defendants knew or should have known that Plaintiff MILLA was innocent for a number of reasons, such as his alibi which was corroborated by another person, the lack of physical evidence connecting him to the shooting, and the difficulty that numerous victims and witnesses had in identifying Plaintiff MILLA as the shooter. Such evidence or lack thereof, concerning Plaintiff

MILLA, should have compelled Defendants to investigate other suspects, such as Julio "Downer" Munoz. To explain the significance of Defendants' actions and omissions, Plaintiff MILLA, his witnesses, and his counsel should be properly allowed to introduce evidence that Julio Munoz has been identified as the shooter by multiple individuals, such as Salvador Pimental and Maria Flores.

Further, the identity of the subject shooting's actual perpetrator is highly relevant evidence to support Plaintiff MILLA 's claims that Defendants violated his civil rights under *Brady*. Defendant ULLEY testified that he viewed a Cal-Gang photograph of Julio Munoz, and then decided not to show any victims or witnesses his photograph. Again, to explain the significance of Defendants' omission, Plaintiff MILLA, his witnesses, and his counsel should be properly allowed to introduce evidence that Julio Munoz has been identified as the shooter by multiple individuals, such as Salvador Pimental and Maria Flores.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff MILLA respectfully requests that this Honorable Court deny Defendants' Motion in Limine No. 2.  Again, if the jury is not instructed and/or advised by evidence as to all the reasons why this case is here, they will be left with a false impression that the defendants want to create that plaintiff was/is guilty of the underlying offense, which is completely contrary to law.

DATED: April 18, 2023

Respectfully submitted,
LAW OFFICES OF MARTIN STANLEY

By: _____/s/ Martin Stanley_____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff MARCO MILLA

**PLAINTIFF'S OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 2**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, California 90401.

On **April 18, 2023,** I served the foregoing document(s) on the interested parties in this action by email as follows:

**Attorney for Defendants:**
KEVIN GILBERT
Email: kgilbert@ohhlegal.com

BY ELECTRONIC DELIVERY DUE TO COVID-19

[**X**] STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 18, 2023,** at Santa Monica, California

       /s/ MARTIN STANLEY
       Martin Stanley

**PLAINTIFF'S OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 2**