**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401
Telephone: (310) 399-2555 /Facsimile: (310) 917-1001

**BARRETT LAW OFFICE**
Edmont T Barrett [State Bar No. 74117]
P.O. Box 607
Diamond Springs, CA 95619
Telephone: (530) 642-8468 /Facsimile: (530) 653-2449

Attorneys for *Plaintiff*, MARCO MILLA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV-00134-FWS-MRW<br>Hon. Judge Fred W. Slaughter<br>Hon. Magistrate Judge Michael R. Wilner<br><br>**PLAINTIFF MARCO MILLA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7 REGARDING PLAINTIFF BEING FACTUALLY INNOCENT OF THE UNDERLYING OFFENSE**<br><br>**Trial**<br>Date: 05/16/2023<br>Time: 08:30 AM<br>Courtroom: 10D, Santa Ana<br><br>**Pre-Trial Conference**<br>Date: 05/05/2023<br>Time: 09:00 AM<br>Courtroom: 10D, Santa Ana |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff MARCO MILLA submits his Opposition to Defendants CITY OF LOS ANGELES, Det. RICHARD ULLEY and Det. J. VANDER HORCK's Motion in Limine No 7, wherein they seek to preclude the finding of factual innocence in this matter.

DATED: April 18, 2023

Respectfully submitted,
LAW OFFICES OF MARTIN STANLEY

By:_____/s/ Martin Stanley_____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff MARCO MILLA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS

On September 29, 2001, Julio Munoz fatally shot Robert Hightower on the 1500 block of 204th Street in Harbor Gateway, California. Defendants RICHARD ULLEY ("Defendant ULLEY") and Detective JOHN VANDER HORCK ("Defendant VANDER HORCK) were assigned to investigate this shooting.

On October 16, 2001, Officer Maldonado provided Defendant ULLEY a list of gang suspects to the shooting. This list included Julio Munoz, a known 204th Street gang member who had several features that matched the physical description of the shooter, including weight, height, race, gender, and hair style, as provided by many of the victims and witnesses to the subject shooting.

Even after receiving Officer Maldonado's list of suspects, Defendants never investigated Julio Munoz as a suspect or even showed his photo to any of the suspects or victims to the subject shooting. Defendant ULLEY admitted that Julio Munoz was someone he should have investigated as a suspect. Further, Defendants' Chronology Record demonstrates that Defendants unreasonably failed to properly canvas the neighborhood of the subject shooting by knocking on only 5 doors on the 1500 block of 204th Street. A proper canvass of the neighborhood would have allowed Defendants to discover Maria Flores who witnessed Julio Munoz flee the scene of the shooting.

Plaintiff MILLA filed claims under Title 42 U.S.C. Section 1983 against both Defendants for investigating him despite the fact that they knew or should have known that Plaintiff MILLA was innocent, in violation of *Devereaux v. Abbey*, 263 F .3d 1070 (2001), and pursuant to an official Los Angeles Police Department policy that suppressed from Plaintiff MILLA and his criminal defense team known exculpatory evidence relied upon by Defendants in their investigation of Plaintiff MILLA, such as Cal-Gang photographs of Julio Munoz as well as, among other things, various claims relating to improper photo identification.

## II. HABEAS RELIEF AND FINDING OF FACTUAL INNOCENCE

Plaintiff was convicted of murder and attempted murder on December 23, 2002. After spending 12 years and 8 months in prison, the Hon. Frederick Wapner granted MILLA's Petition for Writ of Habeas Corpus on the basis that he was unlawfully imprisoned. (See Request for Judicial Notice filed concurrently herewith.)

## III. DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF FACTUAL INNOCENCE IS FRIVOLOUS AND SHOULD BE DENIED

Plaintiff's section 1983 claim is that defendants failed to investigate information in their possession during the murder investigation that would have shown MILLA was innocent. This included information about Julio Munoz who was among the list of suspects who matched the witnesses' description, the defendants' failure to include Munoz's photo when witnesses were asked to identify the suspect during photo line-ups,

and the defendants' suppression of Munoz's photo from MILLA's criminal defense team. Plaintiff makes a claim for malicious prosecution against the detectives for causing a criminal action to be filed and maintained against MILLA. "Malicious prosecution actions are not limited to prosecutors, but may be brought, as here, against other person who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto* 368 F.3d 1062, 1066 (9th Cir. 2004). Plaintiff must prove the element of favorable termination and Judge Wapner's January 13, 2016 Order Finding Factual Innocence is evidence of favorable termination. Plaintiff has requested the Court to take judicial notice of this adjudicative fact pursuant to Fed. R. Evid. 201.

Defendants argue that evidence that MILLA is factually innocent would unnecessarily inflame the passions of the jury. This too, is a frivolous argument. The jury's job is to determine the truth, and the fact that evidence may be embarrassing or damning to a party does not make the evidence inadmissible.

### IV. DEFENDANTS HAVE IGNORED CASE LAW DEMONSTRATING THAT THE FINDING OF FACTUAL INNOCENCE IS RELEVANT TO A HOST OF ISSUES IN DISPUTE IN THIS ACTION.

Defendants in fact have apparently chosen to ignore cases that demonstrate a finding of factual innocence is both relevant and admissible. The following quote from *Henriquez v. City of Los Angeles,* 2012 WL 13226590 (CD Cal. 2012) is instructive,

allowing even evidence of acquittal (as opposed to here where we have an actual finding of factual innocence), and citing to a whole host of cases permitting the evidence, stating:

> Plaintiff asserts that he intends to offer evidence of his prior acquittal for non-hearsay purposes, namely, as circumstantial evidence of falsification of evidence, to prove causation and damages for defendants' alleged conspiracy to maliciously prosecute him, and to rebut defendants' evidence that probable cause to arrest existed. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (stating that "[a]mong the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by ... fabricated evidence, or other wrongful conduct undertaken in bad faith," and holding that a state court's decision to hold the section 1983 plaintiff to answer after a preliminary hearing would not prevent him from maintaining a § 1983 malicious prosecution claim if he could prove that the criminal prosecution was "based on the defendants' intentional and knowingly false accusations and other malicious conduct"); cf. Engman v. City of Ontario, 2011 WL 2463178, at *5 (C.D. Cal. Jun. 20, 2011) (denying a motion in limine to exclude evidence that the section 1983 plaintiffs were not convicted of resisting arrest and other charges where the plaintiffs argued that the evidence was relevant to their claim that defendant officers filed false police reports, and

stating that the court would instruct the jury that there was a criminal prosecution and that the plaintiffs were not convicted).

Defendants may, of course, request a limiting instruction to allay potential prejudice or juror confusion. See Borunda, 885 F.2d at 1388-1389; Smith, 538 F.Supp.2d at 1388; see also White v. McKinley, 2009 WL 813001, at *14 (W.D. Mo. Mar. 26, 2009) (holding that evidence of the plaintiff's acquittal was properly admitted to show causation and damages in his section 1983 trial alleging that the defendant's withholding of, and failure to preserve, exculpatory evidence violated the plaintiff's procedural due process rights, and noting that the defendant failed to request a limiting instruction); Doe v. Village of Downers Grove, 1992 WL 122777, at *7 (N.D. Ill. 1992) (holding that evidence of the plaintiff's acquittal on the charge of possession of marijuana was properly admitted for the limited purpose of assessing the defendants' "credibility in asserting that [the plaintiff] was in possession of marijuana at the time of her arrest and defendants' good faith in deciding to strip search [her]" where the jury was instructed "that the acquittal evidence could be considered only for credibility purposes"), reconsideration granted on other grounds, 834 F.Supp. 244 (N.D. Ill. 1992)

See, also, *McNally v. Riis*, 2020 WL 209141 (SD Cal. 2020) – [denial of motion in

-7-
**PLAINTIFF'S OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 7**

limine re exclusion of prosecutor's decision not to bring charges, with an order that the parties submit a limiting instruction]

The bottom line is that it is obvious Defendants would of course strategically want the jury to be confused as to whether Plaintiff was guilty of the murder and shootings to prejudice Plaintiff, especially since they are seeking to introduce evidence of his membership in a gang- to say that these allegations would prejudice any reasonable jury is an understatement- this Court has the duty to ensure a fair and truthful playing field so that there is no belief in any of the jurors' minds that Milla was guilty of anything – defendants in fact admit he was innocent- but they simply do not want the jury to hear about that. Why? What is the potential for prejudice when the truth is that plaintiff was never guilty of any offense?

DATED: April 18, 2023

Respectfully submitted,
LAW OFFICES OF MARTIN STANLEY

By:_____/s/ Martin Stanley_____
MARTIN STANLEY, ESQ.
Attorneys for Plaintiff MARCO MILLA

**PLAINTIFF'S OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 7**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, California 90401.

    On **April 18, 2023,** I served the foregoing document(s) on the interested parties in this action by email as follows:

**Attorney for Defendants:**
KEVIN GILBERT
Email: kgilbert@ohhlegal.com

    BY ELECTRONIC DELIVERY DUE TO COVID-19

    [**X**]  STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on **April 18, 2023,** at Santa Monica, California

                                                 /s/ MARTIN STANLEY
                                                     Martin Stanley

**PLAINTIFF'S OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 7**