HYDEE FELDSTEIN SOTO, City Attorney - SBN 106866
SCOTT MARCUS, Chief Assistant City Attorney - SBN 184980
CORY M. BRENTE, Senior Assistant City Attorney - SBN 115453
cory.brente@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7021/Facsimile: (213) 978-8785

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Telephone: (510) 999-7908/Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT,
DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  16-cv-00134-FWS-MRW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF MARCO MILLA'S AMENDED MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF IRRELEVANT MATTERS RAISED AT PLAINTIFF'S DEPOSITION**<br><br>PTC:       May 5, 2023<br>TIME:     9:00 a.m.<br>DEPT:     Courtroom 10D<br>JUDGE:  Hon. Fred W. Slaughter<br>TRIAL:    May 16, 2023 |

Defs' Opp to Plt's Amended MIL No. 1 to Exclude Evidence of Irrelevant Matters at Plt's Depo [16-cv-134-FWS-MRW]

TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK ("Defendants") hereby submit the following Memorandum of Points and Authorities in Opposition to Plaintiff's Amended Motion *in Limine* No. 1 to Exclude Evidence of Irrelevant Matters Raised at Plaintiff's Deposition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In Plaintiff's Amended Motion *in Limine* No. 1, Plaintiff seeks to preclude numerous topics upon which Plaintiff provided testimony at his deposition on December 22, 2016. Plaintiff's Motion fails to explain or articulate why the topics are prejudicial and should be excluded, especially as each of the issues is directly relevant to the pending claims. Defendants contend that these areas of inquiry are relevant and probative of numerous issues in the case. They are also relevant to the jury's determination of the credibility for many of the anticipated witnesses.

### II. ARGUMENT

In hopes of allowing the Court to easily evaluate the challenged evidence, Defendants have prepared the below table which groups each item of Plaintiff's evidence with Defendants' response thereto.

| Plaintiff seeking to exclude | Defendants' response |
|---|---|
| 1.  Relationship to Sandra Villalobos, her daughter Mariah and family law proceedings. | This information may be used to impeach Plaintiff about whether Mariah is his daughter. It may also be used to impeach Plaintiff's claims about his damages, including allegations of missing his family or daughters while in prison. It may also be relevant to show bias, if Sandra Villalobos is to testify. It also helps explain why Albert Villalobos would visit Plaintiff in jail. |

| Plaintiff seeking to exclude | Defendants' response |
|---|---|
| 2. Plaintiff's street name of Drifter. | This information is relevant to the identifications of Plaintiff as the shooter during the Detectives' investigation of the underlying incident. This information was listed in a database which was consulted by the officers and considered part of the totality of the circumstances. (*See* Defendants' Opposition to Plaintiff's Amended Motion *in Limine* No. 3.) |
| 3. Identities of persons who Milla sees on occasion from 204th Street. | Defendants do not know who Plaintiff will be calling as witnesses either to address his damages claims or his allegations that the Detectives were provided additional information that related to Plaintiff's claimed innocence. His relationship and contacts with these individuals could potentially be relevant to bias or for impeachment. |
| 4. Plaintiff's weight being reported as 187, which is a Penal Code section for murder. | Plaintiff claims, in part, that the police should not have considered him as a suspect because his height and build were not consistent with the range of heights and weights provided by witnesses. It can be contended that Milla overstated his weight to be 187 pounds because such a weight would "look cool" or be part of "gang mentality" or lifestyle. This fact is probative to show he was actively involved in the gang lifestyle and not just tangentially involved. Such a fact can be part of an objectively reasonable belief that a person is part of a gang, which is one of the identifying factors and provided motive in this case. (*See* Defendants' Opposition to Plaintiff's Amended Motion *in Limine* No. 3.) |
| 5. Plaintiff's current weight and exercise regimen of kickboxing. | This information is relevant to Plaintiff's claims of damages and depression. Plaintiff states no reason that such information is not admissible under FRE 403. |

| Plaintiff seeking to exclude | Defendants' response |
|---|---|
| 6. The location of Plaintiff's high school and post high school camp. | This information may be relevant and probative of Plaintiff's claimed damages, Plaintiff's employability and reasons for not obtaining work, if he has even applied. Plaintiff does not explain why the information is not relevant or probative on a damages issue. |
| 7. Plaintiff Milla's reading level. | This information may be relevant and probative of Plaintiff's claimed damages, Plaintiff's employability and reasons for not obtaining work, if he has even applied. Plaintiff does not explain why the information is not relevant or probative on a damages issue. Plaintiff reportedly reads and has been tested to read at over the level of a 12th grader. His reading level is not an impediment to his employability. |
| 8. Plaintiff Milla's tattoos. | This request does not explain which of his tattoos are not relevant or which are more prejudicial than probative. At a minimum, Plaintiff's tattoos served to identify him as a 204th Street gang member and were consistent with information in the police database, which was relied upon by the Detectives as part of the totality of the circumstances. (*See* Defendants' Opposition to Plaintiff's Amended Motion *in Limine* No. 3.) |
| 9. The contents of Plaintiff's prison file. | Once again, Plaintiff fails to detail the lack of prejudice or lack of relevance to this topic. Plaintiff's conduct in prison directly impacted his housing, discipline and opportunities to be involved in programs while incarcerated. Plaintiff claims his time in prison was mostly spent in his cell due to lock downs. He was involved in assaulting another prisoner with a deadly weapon which was the cause of an eight-month lockdown. Hence, he was a cause of his own inability to have "yard time."<br><br>Plaintiff's disciplinary history also included making "pruno" (jail wine or alcohol) and potential drug user. Plaintiff denies that he is an |

| Plaintiff seeking to exclude | Defendants' response |
|---|---|
| | alcoholic or needs intervention with any narcotic issues. However, one of the expert's opinions in this case is that Plaintiff has an alcohol and/or substance abuse problem. Apparently, Plaintiff's mother has suggested, and Plaintiff resists, recommendations that he attend AA or NA meetings. Thus, his drug and alcohol history are relevant, especially to his claimed emotional damages.<br><br>Plaintiff does not state any facts why this information is not relevant or more prejudicial than probative. |
| 10. Plaintiff's disciplinary history in County Jail. | Defendants incorporate their response to Number 10 herein. |
| 11. Plaintiff's disciplinary history in prison. | Defendants incorporate their response to Number 10 herein. |
| 12. Plaintiff's use of marijuana, heroin, pruno and alcohol in prison and use since. | Defendants incorporate their response to Number 10 herein. |
| 13. Plaintiff Milla's belief that Salvador Pimental was on meth on 9/29-30/2001 | Mr. Pimental is allegedly one of the people who could have provided information to the police that Plaintiff was not the shooter or that Munoz admitted to committing the shooting. Pimental's mental and physical state at that time is relevant to his perception and credibility. |
| 14. Plaintiff Milla's arrest in May 2001 for assault. | This arrest is relevant as it was information known to the officers at the time and was part of their belief that probable cause existed for Plaintiff to be a suspect. This arrest provided a similar motive, access to weapons, and showed Plaintiff frequented the same area. The DA used this information during the criminal proceedings, which the criminal court allowed as evidence of a prior bad act. (*See* Defendants' Opposition to Plaintiff's Amended Motion *in Limine* No. 3.) |

| Plaintiff seeking to exclude | Defendants' response |
|---|---|
| 15. Plaintiff Milla's mother's recommendation that Plaintiff attend "AA" or "NA." | One of Plaintiff's mental diagnoses per Dr. Evans is that he has long standing drug and/or alcohol abuse. Plaintiff is in denial of the condition or need for treatment. Such a statement by his mother bolsters the expert's opinion, even from a lay person's observations. |
| 16. Plaintiff's Milla's purchase and ownership of two homes. | Plaintiff does not state why such information is not relevant or why it is prejudicial. Likely, this information is more probative on damages issues. This information is also relevant to support Dr. Evans' view of some impulsive behavior. |
| 17. Plaintiff Milla's child support proceedings regarding his daughter Ruby Milla. | This information is relevant to Plaintiff's damages claims. Plaintiff has identified current stressors in his life, including his alleged financial inability to care for his newest child and his child(ren) from prior relationship(s). This information is also relevant to support Dr. Evans' damages opinions. This information pertains to the damages phase. (Damages issue.) However, this information may be relevant to the bias, interests, and motives of Sandra Jauregui, should she testify during the liability phase. |
| 18. Plaintiff Milla's compensation from the State of California in the amount of approximately $650,000 and his use of those funds. | Plaintiff states no particular reason that the topic is not relevant or more prejudicial than probative. This will also be relevant to Plaintiff's claimed damages.<br><br>Defendants contend that the best manner to handle this issue may be by a stipulation or limiting instruction. |
| 19. Plaintiff Milla's work history in prison. | Plaintiff does not point to any specific lack of relevance or prejudice from this area of inquiry. Unless the information is needed to support an opinion in the damages phase, Defendants are NOT likely to raise this topic. |
| 20. Plaintiff Milla's arrest history. | Plaintiff does not point to any specific aspects of his arrest or conviction history. He does not provide any legal bases for an exclusion. Plaintiff's pre-incident arrest history is probative |

| Plaintiff seeking to exclude | Defendants' response |
|---|---|
|  | and relevant as it was known to the investigating detectives and part of the totality of the information leading to a warrant being sought and Plaintiff criminally prosecuted. Plaintiff's prior arrest and conviction history are relevant to the determination of probable cause – that history includes Plaintiff's gang membership, access to weapons, history of a violent crime against an African American. (*See* Defendants' Opposition to Plaintiff's Amended Motion *in Limine* No. 3.) |
| 21.   Any items seized from Plaintiff Milla's home at the time of his arrest given the admitted lack of connection between any physical evidence found, seized, and analyzed to the shooting and Plaintiff Milla. | Plaintiff ignores the relevance of these items and their relation to establishing probable cause. Plaintiff cites no case requiring that the items found during a search warrant have to be connected to the crime at issue in order for them to be relevant to the determination of probable cause.<br><br>The items seized included handgun cases, ammunition, a letter from a gang member in prison, evidence of gang affiliation, all of which is relevant to establishing a reasonable belief that probable cause existed.<br><br>These items also provided evidence of access to firearms and firearm related materials and were probative of Plaintiff's familiarity with firearms. |
| 22.   Plaintiff Milla's personal opinion regarding his criminal defense trial attorney Bruce Brown's representation of Plaintiff Milla at time of the underlying criminal trial. | Plaintiff points to no reason that such area of inquiry is not relevant or not probative. Plaintiff's (or his legal agent's) belief as to what information and who caused his damages and incarceration are relevant. Plaintiff (through counsel) made judicial admissions in the motion for new trial, the appeal of his conviction to the California Court of Appeal and a Federal Habeas Petition that he received ineffective assistance of counsel due to counsel's failure to properly investigate the case. Such a claim is probative regarding what information was available to his |

| Plaintiff seeking to exclude | Defendants' response |
|---|---|
| | counsel to investigate and why the failure to investigate was material or had an effect on the potential outcome of his trial. |
| | If Plaintiff is claiming failure to investigate information known to Plaintiff and not known to the police, then this topic is probative on the element of the malicious prosecution claim of the police's interference with his fair trial right or the suppression of evidence claim. |

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion *in Limine* No. 1 to Exclude Evidence of Irrelevant Matters Raised at Plaintiff's Deposition should be denied in its entirety.

Dated:  April 20, 2023            Respectfully submitted,
                                  **ORBACH HUFF + HENDERSON LLP**

                                  By:  */s/ Kevin E. Gilbert*
                                        Kevin E. Gilbert
                                        Carolyn M. Aguilar
                                        Attorneys for Defendants
                                        CITY OF LOS ANGELES, LOS ANGELES
                                        POLICE DEPARTMENT, DETECTIVE R.
                                        ULLEY and DETECTIVE J. VANDER HORCK