UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Melissa H. Kunig                                    N/A
Deputy Clerk                               Court Reporter

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:

Not Present                                    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER RE: MOTIONS IN LIMINE [157] [264] [265] [266] [267] [274] [275] [276] [277] [278] [279] [280]**

Before the court are motions *in limine* (collectively, "Motions") filed by Plaintiff Marco Milla ("Plaintiff") and Defendants City of Los Angeles, Los Angeles Police Department, and Detective Robert Ulley, (collectively, "Defendants"). (Dkts. 157, 264-67, 274-80.) The parties oppose each other's respective Motions. (Dkts. 281-91.) The court's rulings below are based on the applicable law, record, and arguments raised by the parties in their respective briefing on the Motions. Based on these considerations and oral argument held on May 5, 8, and 12, 2023, the Motions are **GRANTED IN PART AND DENIED IN PART**. The court's rulings on each individual Motion are provided in summary fashion at the end of this Order, *infra*, Section IV.

### I.    Legal Standards

#### A.    Motions *in Limine*

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). However, "[a] motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015). Moreover, "[a] motion in limine is not a proper vehicle by which to seek summary judgment on all or a portion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                              Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

of a claim." *Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *3 (C.D. Cal. Mar. 7, 2011).

Motions *in limine* are vehicles by which a court may exclude inadmissible or prejudicial evidence before it is "actually offered." *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions *in limine* "avoid the futile attempt of unringing the bell when jurors have seen or heard inadmissible evidence, even when stricken from the record"; "streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial"; and "permit more thorough briefing and argument on evidentiary issues than would be likely during trial." *Altair Instruments, Inc. v. Telebrands Corp.*, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021) (cleaned up). "[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (cleaned up) (citation omitted); *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored."). "The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'" *Lewis*, 493 F. Supp. 3d at 861 (alterations in original) (quoting *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015)).

A ruling on a motion *in limine* "is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (citations and internal quotation marks omitted). Because "testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling," a "district court may change its ruling at trial." *Id.* (citations and internal quotation marks omitted); *see also* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered.").

B.      <u>Admissibility of Relevant Evidence under Federal Rules of Evidence 401, 402, and 403</u>

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                   Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*
_____

Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.  Fed. R. Evid. 402.  Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action."  Fed. R. Evid. 401. "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## II.    Discussion[1]

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendments rights based on false imprisonment and malicious prosecution, pursuant to a deliberate fabrication of evidence theory, as well as *Monell* liability.  (*See* Dkt. 21 ("SAC").)  For purposes of the motions *in limine* rulings, the court briefly reviews the elements of the individual constitutional claims.

First, "[a] claim for unlawful arrest is cognizable under [section] 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001).  To prove false imprisonment under Section 1983, the plaintiff must "demonstrate that there was no probable cause to arrest him."  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)).

Second, to prove malicious prosecution under Section 1983, "a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'"

---

[1] The court's rulings on motions *in limine* are tentative and subject to change depending on what evidence is presented at trial.  *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

*Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F,3d 1180, 1189 (9th Cir. 1995)).

Third, to establish deliberate fabrication of evidence, the plaintiff must: "point to evidence that supports at least one of the following two propositions: (1) [d]efendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) [d]efendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

A.    **Plaintiff's Motions *in Limine***

1.    Plaintiff's Motion *in Limine* No. 1

Plaintiff's Motion *in Limine* No. 1 seeks to preclude twenty-three categories of evidence stemming from Plaintiff's December 22, 2016, deposition testimony as irrelevant, more prejudicial than probative under Rule 403, or inadmissible hearsay. (*See* Dkt. 266 at 4-12.) Defendants oppose excluding all categories, arguing the information is relevant, probative, or related to witness credibility. (*See* Dkt. 288 at 2.)

Preliminarily, the court notes that although Plaintiff cites page numbers of Plaintiff's deposition, the Motion does not include the deposition transcript or otherwise reference where in the record the transcript is located. (*See generally* Dkt. 266.) The transcript also was not attached to Plaintiff's two previous iterations of this same Motion, (*see* Dkts. 85, 156), or his brief filed in opposition to summary judgment, (*see* Dkt. 64). Absent the deposition transcript, and given the cursory explanations in the Motion, the court lacks sufficient information to contextualize the relevance of several categories of evidence, and thus **DENIES** the Motion as overbroad with respect to those categories, as noted below.

| Evidence | Ruling |
|---|---|
| Evidence related to Plaintiff's relationship with Sandra | This Motion is **DENIED** as to Plaintiff's relationship with Sandra Villalobos and her daughter because this information |

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| Villalobos, her daughter Mariah, and the pending family law proceeding involving Plaintiff. | is relevant to Ms. Villalobos's credibility to the extent she intends to testify.  *See United States v. Abel*, 49 U.S. 45, 52 (1984) ("Bias is a term used in the 'common law of evidence' to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party.  Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest.").  In addition, the court finds: (1) the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice under Rules 402 and 403; and (2) Plaintiff has not adequately demonstrated this category of information is inadmissible hearsay or stems from a hearsay source.  The Motion is also **DENIED** as overbroad with respect to the pending family law proceedings; Plaintiff has not provided sufficient information regarding this proceeding for the court to rule on its relevance at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  The court will rule on any objections related to the pending family law proceeding at trial. |
| Evidence that Plaintiff's former street name was "Drifter." | As discussed above, a lack of probable cause is an element of both Plaintiff's Section 1983 claims.  *See Awabdy*, 368 F.3d at 1066; *Cabrera*, 159 F.3d at 380.  Plaintiff's "street name" was known to the detectives at the time of the arrest and is thus relevant to probable cause.  (*See* Dkt. 288 at 3); *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) ("To determine whether an officer had probable cause for an arrest, 'we examine the events leading up the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, |

---

**CIVIL MINUTES – GENERAL**                                        **5**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| | amount to' probable cause.'") (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)).  Additionally, the court finds: (1) the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice under Rules 402 and 403; and (2) Plaintiff has not adequately demonstrated Plaintiff's street name is inadmissible hearsay or stems from a hearsay source.  Thus, this Motion is **DENIED** with respect to Plaintiff's "street name." |
| Evidence related to the individuals from 204th Street that Plaintiff sees on occasion at this time. | The court finds Plaintiff has not provided sufficient information regarding the identities of these individuals, their relationship to Plaintiff, or whether these individuals will be testifying at trial such that the court cannot rule on the relevance of this evidence at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  In addition, Plaintiff's relationship to these witnesses may be relevant to the extent they intend to testify at trial.  *See Abel*, 49 U.S. at 52.  Thus, the Motion is **DENIED** with respect to the individuals from the 204th Street gang that Plaintiff associates with on occasion.  The court will rule on any objections regarding this category of evidence at trial. |
| Evidence that Plaintiff's listed weight at the time of his arrest in the underlying criminal case was 187, the same number as California Penal Code, § 187. | To the extent Plaintiff seeks to exclude this information as related to Plaintiff's gang membership, the court incorporates by reference the analysis in Section III.A.3, *infra*.  Defendant argues this evidence is probative because Plaintiff argues his height and weight were not consistent with the range of heights and weights of other suspects. (Dkt. 288 at 3.)  Evidence regarding Plaintiff's weight and build may be relevant to probable cause because Plaintiff indicated he weighed approximately the same amount at the |

_____

**CIVIL MINUTES – GENERAL**                                                          **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                     Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| | time he obtained his license.  (Dkt. 266 at 5-6.)  *See Awabdy*, 368 F.3d at 1066; *Cabrera*, 159 F.3d at 380; *Wesby*, 138 S. Ct. at 586.  However, based on the record, the court cannot determine whether this evidence was known to the detectives at the time of the arrest or whether the listed weight has any added significance stemming from Plaintiff's deposition testimony.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  Thus, this Motion is **DENIED** with respect to Plaintiff's weight.  The court will rule on any objections regarding this category of evidence at trial. |
| Evidence related to Plaintiff's current weight and exercise regimen of kickboxing. | The court finds Plaintiff has not provided sufficient information regarding this category of evidence for the court to definitively rule on its relevance at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  The Motion is **DENIED** with respect Plaintiff's current weight and kickboxing regimen.  The court will rule on any objections regarding this category of evidence at trial. |
| Evidence related to the location of Plaintiff's high school and post-high school camp, including his juvenile conviction for gun possession at age 11 or his probation. | The court finds Plaintiff has not provided sufficient information regarding this category of evidence for the court to definitively rule on its relevance at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  Furthermore, the court notes Plaintiff's gun conviction at age eleven and subsequent probation may be relevant to probable cause if the detectives knew of this |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| | conviction at the time of the arrest. *See Awabdy*, 368 F.3d at 1066; *Cabrera*, 159 F.3d at 380; *Wesby*, 138 S. Ct. at 586. However, the court cannot determine whether this evidence was known to the detectives at the time of the arrest based on the current record. Thus, the Motion is **DENIED** with respect to the location of Plaintiff's high school and juvenile conviction. The court will rule on any objections regarding this category of evidence at trial. |
| Evidence related to Plaintiff's reading level. | The court finds Plaintiff has not provided sufficient information regarding this category of evidence for the court to definitively rule on its relevance at this time. *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'"). In addition, this information may be relevant to Plaintiff's economic damages. The Motion is **DENIED** with respect Plaintiff's reading level. The court will rule on any objections regarding this category of evidence at trial. |
| Evidence regarding Plaintiff's tattoos. | The court incorporates by reference its analysis in Section III.A.3, *infra*. Here, Plaintiff broadly argues his head tattoo was obtained after the offense and his body tattoos are irrelevant to probable cause. (Dkt. 266 at 7.) Defendants indicate that some of Plaintiff's tattoos were known to Defendants at the time of the arrest and identified Plaintiff as a member of the 204th Street gang. (Dkt. 288 at 4.) The court cannot determine which tattoos Plaintiff had at the time of the arrest or which tattoos Defendants had knowledge of based on the police database. Therefore, although some tattoos may be relevant to probable cause, the court lacks sufficient information to determine the relevance of any of Plaintiff's tattoos at this time. *See, e.g.*, *King v. Biter*, 2023 WL 2189235, at *7 (E.D. Cal. Feb. 23, |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| | 2023) ("Defendant is correct that evidence of gang affiliation is admissible when relevant to a material issue in the case.") (citing *Abel*, 469, U.S. at 49); *United States v. Young*, 2019 WL 9418229, at *7 (C.D. Cal. Apr. 8, 2019) (denying motion *in limine* to exclude gang tattoos in criminal case for gang-related murders).  Thus, the Motion is **DENIED** with respect to this category of evidence.  The court will rule on any objections to evidence related to Plaintiff's tattoos at trial.  Any evidence presented will be subject to the same limiting instruction described in Section III.A.3, *infra*. |
| Evidence related to Plaintiff's "C-File" in prison | The court finds Plaintiff has not provided sufficient information, including by explaining the contents of the "C-File," for the court to definitively rule on the relevance of this evidence at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  The Motion is **DENIED** with respect to Plaintiff's "C-File" in prison.  The court will rule on any objections regarding this category of evidence at trial. |
| Evidence related to Plaintiff's disciplinary history in County Jail | The court finds Plaintiff has not provided sufficient information, including by identifying any specific disciplinary events, for the court to definitively rule on the relevance of this evidence at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  The Motion is **DENIED** with respect to Plaintiff's disciplinary history in County Jail.  The court will rule on any objections regarding this category of evidence at trial. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| Evidence related to Plaintiff's disciplinary history in prison. | The court finds Plaintiff has not provided sufficient information, including by identifying any specific disciplinary events, for the court to definitively rule on the relevance of this evidence at this time. *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'"). The Motion is **DENIED** with respect to this Plaintiff's disciplinary history in prison. The court will rule on any objections regarding this category of evidence at trial. |
| Evidence related to Plaintiff's use of marijuana, heroin, pruno and alcohol in prison and after he was released | Evidence related to Plaintiff's use of marijuana, heroin, pruno, and alcohol is relevant to Plaintiff's economic damages. In addition, the court finds the probative value of this evidence is not substantially outweighed by any prejudice to Plaintiff. *See, e.g.*, *Allen v. Toledo,* 109 Cal. App. 3d 415, 424, (1980) ("The life expectancy of the deceased is a question of fact for the jury to decide . . . , considering all relevant factors including the deceased's health, lifestyle and occupation."); *Morris v. Long*, 2012 WL 1498889, at *7 (E.D. Cal. Apr. 27, 2012) ("Because evidence of drug and alcohol use is relevant and probative on the issue of future damages, and because such damages are central to Plaintiff's claim, the Court finds the prejudicial effect of Plaintiff's drug and alcohol use does not substantially outweigh their probative value."). Therefore, the Motion is **GRANTED** as to the liability phase of trial and **DENIED** as to the damages phase of trial. |
| Evidence regarding Plaintiff's belief that Salvador Pimental was on meth on September 29 and 30, 2001 | Mr. Pimentel was not known to detectives at the time of the arrest and thus his testimony, and any evidence related to his credibility, is not relevant to Plaintiff's claims. *See* Section III.B.7, *infra*; *Awabdy*, 368 F.3d at 1066; *Cabrera*, 159 F.3d at 380; *Wesby*, 138 S. Ct. at 586. The court also |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| | finds evidence regarding Mr. Pimentel may mislead the jury or confuse the issues.  *See* Fed. R. Civ. P. 403.  Accordingly, the Motion is **GRANTED**. |
| Evidence related to Plaintiff's arrest in May 2001 for assault. | As discussed above, a lack of probable cause is an element of both Plaintiff's Section 1983 claims.  *See Awabdy*, 368 F.3d at 1066; *Cabrera*, 159 F.3d at 380.  Information related to Plaintiff's 2001 arrest was known to the detectives at the time of the arrest and is thus relevant to probable cause. (*See* Opp. at 5); *Wesby*, 138 S. Ct. at 586 ("To determine whether an officer had probable cause for an arrest, 'we examine the events leading up the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause.'") (quoting *Ornelas*, 517 U.S. at 696).  Additionally, the court finds: (1) the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice under Rules 402 and 403; and (2) Plaintiff has not set forth adequate evidence demonstrating this category of information is inadmissible hearsay or stems from a hearsay source.  Thus, this Motion is **DENIED** with respect to Plaintiff's arrest in May 2001. |
| Evidence related to Plaintiff's mother's recommendation that Plaintiff attend "AA" or "NA." | As discussed above, evidence related to Plaintiff's drug use is relevant to Plaintiff's economic damages.  In addition, to the extent Plaintiff's mother testifies and this evidence does not constitute inadmissible hearsay, the court finds the probative value of this evidence is not substantially outweighed by any prejudice to Plaintiff.  *See, e.g.*, *Allen,* 109 Cal.App.3d at 424, (1980) ("The life expectancy of the deceased is a question of fact for the jury to decide . . . , considering all relevant factors including the deceased's health, lifestyle and occupation."); *Morris*, 2012 WL 1498889, at *7 ("Because evidence of drug and alcohol use |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| | is relevant and probative on the issue of future damages, and because such damages are central to Plaintiff's claim, the Court finds the prejudicial effect of Plaintiff's drug and alcohol use does not substantially outweigh their probative value."). Therefore, the Motion is **GRANTED** as to the liability phase of trial and **DENIED** as to the damages phase of trial. |
| Evidence related to Plaintiff's purchase and ownership of two homes. | Evidence of Plaintiff's wealth and assets is not relevant to Plaintiff's claims. *See* Fed. R. Evid. 401. To the extent Plaintiff's financial status had some tangential relevance, the court finds that value would be outweighed by the substantial risk the jury will award excessive damages on that basis rather than the relevant testimony presented. *See* Fed. R. Evid. 403. Thus, the Motion is **GRANTED** with respect to Plaintiff's purchase and ownership of two homes. |
| Evidence related to Plaintiff's child support proceedings regarding his daughter Ruby Milla. | Plaintiff has not provided sufficient information regarding this proceeding for the court to rule on its relevance at this time. *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'"). This evidence may also be relevant to Plaintiff's damages. Thus, the Motion is also **DENIED** as overbroad with respect to the pending family law proceedings. The court will rule on any objections related to the pending child support proceedings at trial. |
| Evidence related to Plaintiff's $650,000 in compensation from the State of California and his use of those funds. | Evidence of Plaintiff's compensation from the State of California and his use of those funds is not relevant to Plaintiff's claims or damages. *See* Fed. R. Civ. P. 401. The court also finds the probative value of any evidence related to Plaintiff's compensation from the California Victim Compensation Board is substantially outweighed by the risk |

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| | of unfair prejudice to Plaintiff.  *See* Fed. R. Civ. P. 403. Therefore, the Motion is **GRANTED** as to the compensation Plaintiff received from the California Victim Compensation Board. |
| Evidence related to Plaintiff's work history in prison. | The court finds Plaintiff has not provided sufficient information, including any description of Plaintiff's work history, for the court to definitively rule on the relevance of this evidence at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  The Motion is **DENIED** with respect to evidence of Plaintiff's work history in prison.  The court will rule on any objections regarding this category of evidence at trial. |
| Evidence related to Plaintiff's arrest history. | The court finds Plaintiff has not provided sufficient information—including what Plaintiff was arrested for, when he was arrested, or whether the detectives knew of the arrests—for the court to rule on its relevance at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  Thus, the Motion is **DENIED** with respect to Plaintiff's arrest history.  The court will rule on any objections regarding this category of evidence at trial |
| Any items seized from Plaintiff's home at time of his arrest. | The court finds this Motion is overbroad; Plaintiff has not provided sufficient information regarding this category of evidence, including by identifying any of the items seized from Plaintiff's home, for the court to rule on its relevance at this time.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  The Motion is **DENIED** with |

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                          Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

_____

| | |
|---|---|
| | respect to the items seized from Plaintiff's home.  The court will rule on any objections regarding this category of evidence at trial. |
| Evidence related to Plaintiff's opinion regarding the representation of his criminal defense attorney, Bruce Brown, at time of criminal trial. | This evidence is irrelevant to Plaintiff's claims because it occurred after the relevant timeframe for probable cause and any probative value is substantially outweighed by the danger of confusing the issues or misleading the jury.  *See* Section II.A.2, *infra; Wesby*, 138 S. Ct. at 586.  The Motion is **GRANTED** with respect to Plaintiff's opinion concerning his defense attorney's representation. |

     2.    <u>Plaintiff's Motion *in Limine* No. 2</u>

     Plaintiff previously filed Motion *in Limine* No. 2 in September 2019 seeking to exclude the entire case file of Plaintiff's criminal defense trial attorney, Bruce Brown, as protected by attorney client privilege and the work product doctrine.  (*See* Dkt. 157 at 2.)  Plaintiff did not re-notice this Motion but indicated at oral argument that he still seeks to preclude this evidence.  Similarly, Defendants did not file any new Opposition to this Motion but indicated at oral argument that they intended to oppose the Motion by way of a previous filing.

     The contents of Mr. Brown's attorney-client file is not relevant to Plaintiff's claims because the file contains information acquired after the arrest.[2]  *See* Fed. R. Evid. 401; *Awabdy*, 368 F.3d at 1066; *Cabrera*, 159 F.3d at 380; *Wesby*, 138 S. Ct. at 586.  Furthermore, the court also finds the probative value of any evidence related to the attorney-client file is substantially outweighed by the potential for confusing the issues or misleading the jury.  *See* Fed. R. Civ. P. 403.  Accordingly, Plaintiff's Motion *in Limine* No. 2 is **GRANTED**.

     3.    <u>Plaintiff's Motion *in Limine* No. 3</u>

_____

[2] This file relates to Plaintiff's *Brady* claim; this court previously granted summary judgment on this claim, (*see* Dkt. 117), and the Ninth Circuit affirmed the judgment, (*see* Dkt. 123 at 3-4).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

_____

Plaintiff's Motion *in Limine* No. 3 seeks to exclude "any evidence and argument regarding Plaintiff['s] gang affiliation and prior arrest history at the trial of this matter, along with any and all 'tentative identifications.'" (Dkt. 267 at 2.)  Plaintiff argues this evidence is irrelevant, constitutes improper character evidence, and would be unfairly prejudicial.  (*Id.* at 4-10.)

In the Opposition, Defendants argue that the gang-related evidence is not being used as impermissible character evidence, but rather because it relates to "whether the detectives properly considered him a suspect in a potential gang-related homicide."  (Dkt. 289 at 9.)  Defendants also argue that they should be able to use Plaintiff's gang membership and affiliation and criminal history for impeachment evidence under Rule 609.  (*Id.* at 9-10.)

First, the court finds this Motion is overbroad.  Other than the tentative identifications, Plaintiff has not identified specific evidence related to Plaintiff's gang affiliation that he seeks to exclude.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").

Second, the court finds aspects of Plaintiff's gang affiliation, Plaintiff's arrest history, and the tentative identifications by eyewitnesses were known to the detectives at the time of the arrest and are thus highly relevant to Plaintiff's claim.  *See Awabdy*, 368 F.3d at 1066; *Cabrera*, 159 F.3d at 380; *Wesby*, 138 S. Ct. at 586.  In particular, Defendants argue that Plaintiff's gang affiliation is highly probative of the detectives' probable cause determination because they were investigating a potential gang-related homicide and Plaintiff was associated with one of the prominent gangs in the area.  (Dkt. 289 at 9.)  Although "gang evidence has the potential to be particularly prejudicial," *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 602 (9th Cir. 2016) (citing *Kennedy v. Lockyer*, 379 F.3d 1041, 1055 (9th Cir. 2004); *United States v. Takahashi*, 205 F.3d 1161, 1165 (9th Cir. 2000)), "evidence of gang affiliation is admissible when relevant to a material issue in the case." *King*, 2023 WL 2189235, at *7 (citing *Abel*, 469, U.S. at 49); *see also United States v. Takahashi*, 205 F.3d 1161, 1165 (9th Cir. 2000) (holding the district court did not abuse its discretion in admitting evidence of gang membership where the court "recognized the need to prevent undue prejudice," gave a limiting instruction, excluded

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

photographs of gang tattoos as evidence of membership, and minimized repetition of the gang's name); *Young*, 2019 WL 9418229, at *7 (denying motion *in limine* to exclude gang tattoos in criminal case for gang-related murders).

Furthermore, the court finds any prejudice to Plaintiff is substantially outweighed by the probative value of this evidence.  *See* Fed. R. Evid. 403; *King*, 2023 WL 2189235, at *7. Accordingly, Plaintiff's Motion No. 2 is **DENIED.**  However, any gang-related evidence will be subject to the following limitations: (1) the parties shall only admit gang-related evidence known to detectives at the time of arrest; and (2) the parties shall submit a limiting instruction which the court will read in conjunction with the discussion of any gang-related evidence.

> 4.   Plaintiff's Motion *in Limine* No. 4

Plaintiff's Motion *in Limine* No. 4 seeks to exclude six additional categories as evidence. (*See generally* Dkt. 264.)  Defendants oppose all six categories.  (*See generally* Dkt. 290.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| Evidence | Ruling |
|---|---|
| Evidence demonstrating that Los Angeles Superior Court Judge Weisman issued a search and arrest warrant for Plaintiff Marco Milla on October 23, 2001. | Evidence related to the search and arrest warrant is relevant to Plaintiff's claims. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2014) (stating a claim for malicious prosecution requires "'the institution of criminal proceedings against another who is not guilty of the offense charged' and that 'the proceedings have terminated in favor of the accused.'") (quoting Restatement (Second) of Torts § 653 (1977)); *Harper v. City of L.A.*, 533 F.3d 1010, 1028 (9th Cir. 2008) ("The presumption of prosecutorial independence protects investigative officers unless the evidence shows that the officers interfered with the prosecutor's judgment by omitting relevant information or by pressuring the prosecutor to file charges."). Accordingly, Plaintiff's Motion *in Limine* No. 4 is **DENIED** with respect to this evidence. |
| Evidence demonstrating that Plaintiff Marco Milla was arrested pursuant to the search and arrest warrant on October 24, 2001. | Evidence related to the arrest, including the warrant, is relevant to Plaintiff's claims. *See Lacey*, 693 F.3d at 919; *Harper*, 533 F.3d at 1028. Accordingly, Plaintiff's Motion *in Limine* No. 4 is **DENIED** with respect to this evidence. |
| Evidence demonstrating that Deputy District Attorney Scott Carbaugh filed a criminal complaint charging Plaintiff with one count of murder and five counts of attempted murder on October 25, 2001. | Evidence related to the criminal charges is relevant to Plaintiff's claims. *See Lacey*, 693 F.3d at 919; *Harper*, 533 F.3d at 1028. Accordingly, Plaintiff's Motion *in Limine* No. 4 is **DENIED** with respect to this evidence. |
| Evidence related to Plaintiff's criminal trial between December 2, 2002, and | Evidence of Plaintiff's guilt or innocence is not relevant to Plaintiff's claims. *See, e.g.*, *Wilson v. City of L.A.*, 2020 WL 7296507, at *4-5 (C.D. Cal. Dec. 9, 2020) ("Plaintiff's |

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

| | |
|---|---|
| December 23, 2002, and the jury's finding of guilt | guilt or innocence is equally irrelevant to establishing civil liability against Defendants on his claims arising from alleged suggestive identification technique used by Defendant Marks, the false evidence violations, and the *Monell* claim.  As Defendants emphasize, demonstrating Defendants' liability on these claims requires only evidence of the Defendants' conduct, not Plaintiff's culpability (or lack thereof) for the Hanson murder."); *White v. McKinley*, 2009 WL 813001, at *11 (W.D. Mo. Mar. 26, 2009) (section 1983 plaintiff's "guilt or innocence in the criminal trials . . . not relevant to the ultimate issues of this case whether [defendant], in bad faith, deprived [plaintiff] of a fair trial and conspired ... to do so"), *aff'd* 605 F.3d 525 (8th Cir. 2010).  Accordingly, Plaintiff's Motion *in Limine* No. 4 is **GRANTED** with respect to this evidence. |
| Evidence that the court denied Plaintiff Milla's motion for a new trial | Evidence related to Plaintiff's motion for new trial is not relevant to Plaintiff's claims.  *See, e.g.*, *Wilson*, 2020 WL 7296507, at *4-5; *White*, 2009 WL 813001, at *11.  Accordingly, Plaintiff's Motion *in Limine* No. 4 is **GRANTED** with respect to this evidence. |
| Evidence that Plaintiff was a gang member at the time of charged offenses | Plaintiff's Motion in Limine No. 4 is **DENIED** with respect to this evidence for the reasons stated in section IV.A.3, *infra*. |

     5.     Plaintiff's Motion *in Limine* No. 5

     Plaintiff's Motion *in Limine* No. 5 seeks to preclude "any attempt by defense counsel to wrongfully imply or otherwise suggest that plaintiffs' counsel somehow influenced Ramar Jenkins['] testimony during his deposition simply because they both visited him for a brief period of time over a week before the deposition in prison to ask if he would agree to be deposed.  (Dkt. 265 at 2.)  Defendants argue the jury should be allowed to assess all evidence

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

---

relevant to Mr. Jenkins' credibility, including why Mr. Jenkins recanted his prior testimony after the visit.  (Dkt. 291 at 6.)

"[E]vidence is relevant . . . if it has a mere tendency to impeach a witness' credibility by a showing of bias or coercion."  *United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000); *Abel*, 49 U.S. at 52 ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").  The court finds evidence relating to the context in which Mr. Jenkins recanted, including his reasons for recanting, are relevant to Mr. Jenkins' credibility and proper subjects of cross-examination.  *See Jones v. Taylor*, 763 F.3d 1242, 1248 (9th Cir. 2014) ("[A] witness' recantation is considered in addition to his trial testimony and *in the context in which he recanted* when assessing the likely impact it would have on jurors.") (emphasis added) (citing *Christian*, 595 F.3d at 1084 n.11; *Graves v. Cockrell*, 351 F.3d 143, 153 (5th Cir. 2003)).  Accordingly, Plaintiff's Motion *in Limine* No. 5 is **DENIED**.

## B.    Defendants' Motions *in Limine*

### 1.    Defendants' Motion *in Limine* No. 1

Defendants seek to bifurcate the trial into a liability and damages phase, arguing it would prevent prejudice to Defendants, facilitate judicial economy, and avoid confusion of the issues.  (*See* Dkt. 274 at 2-6.)  Plaintiff argues bifurcation would prejudice him for three reasons: (1) it would not enable Plaintiff to provide a complete statement of the case or conduct thorough voir dire; (2) it will make the jury more likely to render a defense verdict to avoid a second phase; and (3) Defendants' conduct is relevant to both liability and damages.  (Dkt. 285 at 3-8.)

Federal Rule of Civil Procedure 42(b) authorizes the court to order a separate trial of claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).  Pursuant to this Rule, the court may bifurcate a trial "to avoid[] a difficult question by first dealing with an easier, dispositive issue," or to avoid risk of prejudice.  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).  In addition, "Rule 42(b) gives courts the

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

authority to separate trials into liability and damages phases" *DeAnda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993); *see also Motley v. City of Fresno*, 2020 WL 3642502, at *2 n.1 (E.D. Cal. Jan. 4, 2016) ("Courts routinely bifurcate liability and punitive damages claims in actions arising under 42 U.S.C. § 1983."). The moving party bears the burden of showing bifurcation is appropriate. *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009).

The court finds bifurcation would avoid potential confusion of issues for the jurors and prevent prejudice to both parties by limiting the scope of evidence in the first phase to liability. *See, e.g.*, *Estate of Diaz*, 840 F.3d at 603 (reversing district court's decision not to bifurcate trial between liability and damages where "graphic and prejudicial evidence about the victim has little, and in large part no, relevance to the liability issue"). Accordingly, the court **GRANTS** Defendants' Motion *in Limine* No. 1 to bifurcate the trial into two phases: (1) liability for Plaintiff's individual and *Monell* claims and (2) damages.[3] Evidence and argument related to the amount of punitive damages will be excluded from the first stage of the trial.

2. Defendants' Motion *in Limine* No. 2

Defendants seek to preclude Plaintiff, along with his witnesses and experts, from testifying that Julio Munoz, also known as "Downer" is the actual shooter and perpetrator of the crime underlying Plaintiff's incarceration as irrelevant and prejudicial. (Dkt. 275 at 2-8.) Plaintiff argues that Julio Munoz was known to Defendants Ulley and Vander Horck at the time because he was on a list of gang suspects provided to the detectives. (Dkt. 281 at 4.)

---

[3] At oral argument, Defendants instead requested that the court bifurcate such that phase one addressed only the individual detectives' liability and phase two addressed *Monell* liability and damages. Defendants have not adequately identified how Plaintiff's *Monell* claims will confuse the jury or unfairly prejudice the individual Defendants. To the contrary, it appears that all liability evidence would be most efficiently presented in a single stage. Accordingly, the court declines to bifurcate the individual and *Monell* claims. *See, e.g.*, *Estate of Avila v. City of Long Beach*, 2018 WL 7501260, at *2 (C.D. Cal. Dec. 18, 2018) (bifurcating liability and damages but declining to trifurcate individual and *Monell* liability where there was no risk of jury confusion or prejudice to individual defendants).

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

_____

The court agrees that any testimony stating Julio Munoz was the actual shooter should be excluded for two reasons.  First, Plaintiff has not adequately demonstrated that the officers were aware of information suggesting that Julio Munoz was the shooter, including the testimony of Maria Flores or Salvador Pimentel, at the time of the arrest.  *See* Section III.B.7, *supra*.  "To determine whether an officer had probable cause for an arrest," the court "examine[s] the events leading up to the arrest," and then decides "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause."  *Wesby*, 128 S. Ct. at 586 (2018) (quoting *Ornelas*, 517 U.S. at 696); *see also Florida v. Harris*, 58 U.S. 237, 249 (2013) ("[Courts] do not evaluate probable cause in hindsight, based on what a search does or does not turn up.") (citing *United States v. Di Re*, 332 U.S. 581, 595 (1948)); *see also Asher v. Pac. Legends W. Condominium Ass'n*, 2013 WL 308996, at *2 (D. Nev. Jan. 25, 2013) ("[P]robable cause is based upon information available to the arresting officers.").

Second, any testimony from witnesses or experts stating that Julio Munoz was the shooter would constitute an improper legal conclusion.  *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give his opinion as to [a] legal conclusion, i.e., an opinion on an ultimate issue of law.") (quoting *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)); *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal conclusion.").  Accordingly, Defendants' Motion *in Limine* No. 2 is **GRANTED**.

3.  Defendants' Motion *in Limine* No. 3

In this Motion, Defendants generally request two categories of relief.  First, Defendants request that the court require Plaintiff to further define his *Monell* claims by: (1) holding a hearing prior to trial requiring Plaintiff to articulate the factual and legal bases for his *Monell* claims pursuant to Federal Rule of Evidence 104; (2) ordering Plaintiff to identify the witnesses or persons he intends to call in support of his *Monell* claims; (3) ordering Plaintiff to identify a the specific training deficiency and incidents underlying any failure to train claim; (4) ordering Plaintiff to identify a final policymaker who ratified the alleged unlawful conduct underlying any ratification claim.  (*See* Dkt. 276 at 2, 7-9.)  Second, Defendants request that the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

preclude Plaintiff, his witnesses, or experts, specifically Steve Strong, from testifying that
Defendants should have used a "double blind" method when showing the photo lineup to
witnesses or that the Los Angeles Police Department's policy, which does not mandate use of
this technique, violates *Monell*.  (*See id.* at 2, 5-6.)

In the Opposition, Plaintiff states he is willing to provide further clarification as to his
municipal liability claims if the court so orders.  (Dkt. 282 at 3.)  Plaintiff also argues Mr.
Strong's expert report sufficiently identifies the bases of Plaintiff's *Monell* claims and Plaintiff
has disclosed all witnesses known to him related to his claims for municipal liability, including
Defendant Ulley, Defendant Vander Horck, Officer Mark Maldonado, and expert witnesses
Steve Strong and Mitchell Eisen.  (*Id.* at 4.)

First, the court finds a motion *in limine* is not the proper vehicle to seek Defendants'
requested relief.  "A motion in limine is a procedural mechanism to limit in advance testimony
or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)
(citations omitted).  Motions *in limine* are not "the proper vehicle for seeking a dispositive
ruling on a claim, particularly after the deadline for filing such motions has passed," *Hana Fin.*,
735 F.3d at 1162 n.4 (citing *Dubner,* 266 F.3d at 968), or to compel additional discovery,
*Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).  This portion of the Motion
appears to be moot because Plaintiff indicates he does not intend to produce undisclosed
witnesses or evidence related to his *Monell* claims.  (*See generally* Dkt. 282.)  Regardless,
Defendants' Motion No. 3 Motion is **DENIED** as to Defendants' requested hearing and orders
to define the basis of Plaintiff's *Monell* claims.

Second, the court finds Mr. Strong, or Plaintiff's other witnesses, may not testify as to
any legal conclusions, including that the Los Angeles Police Department violated *Monell*.
Although an expert opinion "is not objectionable just because it embraces an ultimate issue,"
Fed. R. Evid. 704(a), expert testimony should be excluded "if it concerns a subject improper for
expert testimony, for example, one that invades the province of the jury," *United States v.
Lukashov*, 694 F.3d 1107, 1116 (9th Cir. 2012) (quoting *United States v. Binder*, 769 F.2d 595,
602 (9th Cir. 1985)).  Thus, "an expert cannot testify to a matter of law amounting to a legal
conclusion."  *United States v. Tamman*, 782 F.3d 543, 552-53 (9th Cir. 2015) (holding expert

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                         Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*
_____

testimony that "provided only a recitation of facts and the legal conclusion that [defendant] . . . did not break the law" was "not a proper expert opinion"); *accord Burkhart v. Wash. Metro. Area Transit Auth.,* 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinion as to the facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied.").

In this case, Plaintiff's expert may properly testify regarding general police policies and professional standards of practice. However, Plaintiff's expert may not opine as to whether Defendants' methods were legally sufficient in the context of the facts of this case, including by stating that the LAPD "violated *Monell*" or "should have used" a certain technique. *See, e.g.*, *Barillas v. City of Los Angeles*, 2021 WL 4434977, at *11 (C.D. Cal. Apr. 12, 2021) (stating the expert "may not testify as to whether the detectives' force was "excessive" or "unreasonable" under the facts and circumstances of this case" because "that question is solely 'for the jury'") (internal quotation marks and citations omitted); *cf. Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (holding the district abused its discretion in denying motion *in limine* seeking to bar defendants' witnesses from testifying as to their own opinion about whether there was probable cause to arrest plaintiff). Therefore, Defendants' Motion *in Limine* No. 3 is **GRANTED** with respect to any legal conclusions by Mr. Strong.

In addition, the court will require the parties to use hypothetical question to elicit Mr. Strong's testimony, conclusions, and opinions at trial. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("[T]he use of leading, hypothetical questions to elicit expert opinions is entirely appropriate."); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1199 (C.D. Cal. 2015) (finding that although expert was "qualified to opine as to whether the officers' use of force was excessive or unreasonable, . . . such testimony should be explored through hypothetical questioning so as to avoid invading the province of the jury").

4. Defendants' Motion *in Limine* No. 4

Defendants seek to exclude any evidence that Plaintiff failed to disclosure during discovery under Federal Rule of Civil Procedure 37(c)(1). (Dkt. 277 at 2.) Defendants argue Plaintiff produced very limited evidence in support of his claims and damages during discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                      Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

and Defendants will be prejudiced if Plaintiff is allowed to refer to any non-disclosed documents or evidence.  (*Id.* at 4-5.)  Plaintiff argues Defendants' Motion *in Limine* No. 4 is overly broad and does not identify specific evidence that Plaintiff failed to produce.  (*See generally* Dkt. 283.)

Federal Rule of Civil Procedure 26(a) requires that parties disclose the witnesses, documents, and exhibits it may present at trial, other than evidence used solely for impeachment.  *See* Fed. R. Civ. P. 26(a)(1)-(3).  "If a party fails to provide information . . . as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Under Rule 37(c), "a district court may properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless."  *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (citing *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001)).

The court finds Defendants have not adequately identified specific evidence that Plaintiff intends to use at trial and failed to disclose during discovery.  (*See generally* Dkt. 277.)  Without specific evidence, the court cannot determine whether Plaintiff's failure to disclose may be excused as "substantially justified or harmless" under Rule 37(c)(1).  *See, e.g., Quinn v. Fresno Cnty.*, 2012 WL 2995477, at *2 (E.D. Cal. July 23, 2012) (declining to exclude evidence where "no specific failure to disclose [was] identified and no particular evidence [was] contested").  Accordingly, Defendants' Motion No. 4 is **DENIED**.  *See Lewis*, 493 F. Supp. 3d at 861 ("The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'").  To the extent Plaintiff attempts to introduce evidence at trial not properly disclosed to Defendants, the court will rule on any objections at that time.

5.   Defendants' Motion *in Limine* No. 5

Defendants move to exclude any testimony or prior findings that Salvador Pimentel is a "reliable informant."  (*See* Dkt. 278 at 2.)  Plaintiff argues that testimony stating Mr. Pimentel is

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

a credible witness is critical to his claims because the Los Angeles Superior Court granted
Plaintiff's writ of habeas corpus based in part on the credibility of Mr. Pimentel's testimony and
Plaintiff must prove that the criminal charges terminated in his favor.  (Dkt. 284 at 3-5.)  The
court incorporates by reference its analysis in Section III.B.7, *supra*.  Because the court finds
Mr. Pimentel's testimony is not relevant to Plaintiff's claims and grants Defendants' Motion *in
Limine* No. 7 to exclude Mr. Pimentel's testimony on that basis, the court **DENIES AS MOOT**
Defendants' Motion *in Limine* No. 5.

6.  Defendants' Motion *in Limine* No. 6

Defendants' Motion *in Limine* No. 6 seeks to exclude all mention, reference,
interrogation concerning or information concerning any other claims, lawsuits, settlements,
verdicts, judgments, complaints, administrative investigations, or proceedings and/or other
alleged national incidents or media involving law enforcement, including but not limited to the
so-called "Rampart Scandal," consent decrees, George Floyd, BLM, Rodney King, the
Christopher Commission, Los Angeles May Day, Adnan Syed, or other alleged victims of
police misconduct, and so-called "Code of Silence," as well as the statistics on civilian deaths
or wrongful incarceration.  (Dkt. 279 at 2.)  Defendants argue this evidence is irrelevant and
unfairly prejudicial.  (*Id.* at 4-8.)

In the Opposition, Plaintiff argues the Motion is overbroad and improperly attempts to
limit voir dire on issues relating to potential jurors' experiences and opinions on issues related
to Plaintiff's case.  (Dkt. 286 at 2.)

The court finds evidence of other claims, lawsuits, settlements, verdicts, judgment,
complaints, administrative investigations, or proceedings are not relevant to Plaintiff's claims.
*See* Fed. R. Evid. 401, 402.  In addition, the court finds the probative value of such evidence is
substantially outweighed by the danger that it would be unfairly prejudicial and may confuse
the issues or mislead the jury.  *See* Fed. R. Evid. 403.  Accordingly, Defendants' Motion No. 7
is **GRANTED**.  However, the court will allow Plaintiff to conduct appropriate voir dire on this
subject matter, subject to objection.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

_____

      7.  <u>Defendants' Motion *in Limine* No. 7</u>

     Defendants' final Motion *in Limine* seeks to exclude "all evidence, references, argument[,] and testimony by Plaintiff, his attorneys[,] and witnesses regarding Los Angeles County Superior Court's ruling" that Plaintiff is factually innocent and all related evidence obtained after Plaintiff was convicted, "such as testimony from Salvador Pimentel, Maria Flores, and Sandra Jauregui." (Dkt. 280 at 2.) Defendants argue such evidence is irrelevant, highly prejudicial, would confuse and mislead the jury, and waste time such that it should be excluded. (*Id.*)

     In the Opposition, Plaintiff argues that the finding of factual innocence is relevant to Plaintiff's malicious prosecution claim because Plaintiff must prove that the criminal prosecution terminated in his favor. (Dkt. 287 at 5.) Plaintiff also cites to *Henriquez v. City of Los Angeles*, 2012 WL 13226590, at *1-2 (C.D. Cal. 2012) and *McNally v. Riis*, 2020 WL 209141, at *6 (S.D. Cal. Jan. 14, 2020), for the proposition that a finding of factual innocence is both relevant and admissible. (*Id.* at 5-7.)

     First, as discussed above, evidence acquired after Plaintiff's conviction and unknown to the detectives at the time of the arrest is not relevant to probable cause. *See Wesby*, 138 S. Ct. at 586 (quoting *Ornelas*, 517 U.S. at 696). "The question is not whether, in hindsight, the officers reached the right conclusion, but whether, in light of the facts known to them at the time, the officers' conduct was reasonable." *Buckheit v. Dennis*, 2012 WL 1166077, at *16 (N.D. Cal. Apr. 6, 2012); *Saucier v. Katz*, 533 U.S. 194, 207 (2001)("Fourth Amendment issues . . . are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred."); *Asher*, 2013 WL 308996, at *2 ("[P]robable cause is based upon information available to the arresting officers.").

     In this case, the parties do not dispute that the detectives did not know of Mr. Pimentel or Ms. Flores at the time of the arrest. (*See* Dkt. 280 at 4-9; Dkt. 287 at .) Instead, Plaintiff argues only that the detectives would have found Ms. Flores if they had properly canvassed the neighborhood. (Dkt. 287 at 3.) However, courts "do not evaluate probable cause in hindsight,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

based on what a search does or does not turn up." *Harris*, 58 U.S. at 249 (citing *Di Re*, 332 U.S. at 595). Accordingly, the court finds the witnesses who came forward after Plaintiff's conviction, with the exception of Ms. Jauregui who was known to the detectives at the time, is irrelevant to Plaintiff's claim.

Second, Plaintiff's guilt or innocence, and the after-acquired witnesses and finding of factual innocence related to that determination, are not relevant to his claims. *See, e.g.*, *Borunda. v. Richmond*, 885 F. 2d 1384, 1387 (9th Cir. 1988) ("The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests. The state's failure to prove guilt beyond a reasonable doubt does not mean in connection with the arrests that it did not meet the lesser probable cause standard— a reasonable belief that an offense has been committed and that the criminal defendant committed the crime.") (citing *United States v. Moses*, 796 F.2d 281, 283 (9th Cir. 1986)); *Wilson*, 2020 WL 7296507, at *4-5 ("Plaintiff's guilt or innocence is equally irrelevant to establishing civil liability against Defendants on his claims arising from alleged suggestive identification technique used by Defendant . . . , the false evidence violations, and the *Monell* claim. As Defendants emphasize, demonstrating Defendants' liability on these claims requires only evidence of the Defendants' conduct, not Plaintiff's culpability (or lack thereof) for the [] murder."); *Barraza v. City of Moreno Valley*, 2017 WL 6025276, at *8 (C.D. Cal. Apr. 20, 2017) ("Furthermore, the fact that Plaintiff later secured a stipulation that she was factually innocent of the charge is irrelevant to whether Defendants had probable cause on the day they arrested Plaintiff."); *White v. McKinley*, 2009 WL 813001, at *11 (W.D. Mo. Mar. 26, 2009) (section 1983 plaintiff's "guilt or innocence in the criminal trials . . . [is] not relevant to the ultimate issues of this case whether [defendant], in bad faith, deprived [plaintiff] of a fair trial and conspired . . . to do so"), *aff'd* 605 F.3d 525 (8th Cir. 2010).

Finally, the court finds the probative value of the after-acquired evidence and the finding of factual innocence is substantially outweighed by the potential to confuse the issues or mislead the jury. *See* Fed. R. Civ. P. 403; *Vargas v. City of Los Angeles*, 2020 WL 10789578, at *8 (C.D. Cal. Feb. 18, 2020) ("[F]or the jury to correctly interpret the technical term 'factual innocence,' the jury would need to understand both the original circumstance of the criminal trial, and the process and limitations of DNA exculpation. This would present collateral issues

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

that could be confusing to the jury in context.").  Accordingly, Defendants' Motion *in Limine*
No. 7 is **GRANTED** as to the finding of factual innocence and the testimony of Mr. Pimentel
and Ms. Flores.

## IV.    Disposition

To the extent the parties seek blanket rulings granting their motions, the court **DENIES**
the motions.  *See Lewis*, 493 F. Supp. 3d at 861; *Jackson*, 194 F. Supp. 3d at 1008.  For the
reasons set forth above, and consistent with the court's analysis above, the court summarizes its
rulings as follows:

1. The court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motions
   *in Limine* Nos. 1 and 4, (Dkts. 264, 266), and Defendants' Motion *in Limine*
   No. 3, (Dkt. 264);

2. The court **GRANTS** Plaintiff's Motion *in Limine* No. 2, (Dkt. 157), and
   Defendants' Motions *in Limine* Nos. 1, 2, 6, and 7, (Dkts. 274, 275, 279, 280);

3. The court **DENIES** Plaintiff's Motions *in Limine* Nos. 3 and 5, (Dkts. 265,
   267), and Defendants' Motion *in Limine* No. 4, (Dkt. 277);

4. The court **DENIES AS MOOT** Defendants' Motions *in Limine* No. 5, (Dkt.
   278);

5. The parties are **ORDERED** to submit proposed limiting instructions consistent
   with the court's rulings within **seven (7)** days of the filing of this Order.

The court reiterates evidence may change during trial and that its Order is subject to the
court's reconsideration at trial.  *See* Fed. R. Evid. 103, advisory committee's note to 2000
amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from
revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41-42 (1984)
("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:16-cv-00134-FWS-MRW                    Date: June 9, 2023
Title: Marco Milla v. City of Los Angeles *et al.*

sound judicial discretion, to alter a previous *in limine* ruling.").  Should a party believe the opposing party has "opened the door," to the introduction of evidence, that party may request to approach the court at sidebar.

The parties are instructed that any argument, evidence, suggestion, or other mechanism (whether verbal or nonverbal) which has the effect or intent of raising to the jury a subject with respect to which the court orders evidence, argument, and/or any other reference excluded may be deemed sufficient to find a violation of the court's orders.  The court reiterates its instruction in its Order on Pretrial and Trial Procedures (Civil Cases), Section II.D.10[4] that "[c]ounsel must strictly abide by all motion in limine rulings" and "shall instruct their clients and witnesses to do the same."  To the extent this or any court order is violated, sanctions may be imposed.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

---

[4] Available at:
https://www.cacd.uscourts.gov/sites/default/files/documents/FWS/AD/Civil%20Order%20re%20Pretrial%20and%20Trial%20Procedures%20Order%20UPDATED%2005-04-2022.pdf