HYDEE FELDSTEIN SOTO, City Attorney - SBN 106866
SCOTT MARCUS, Chief Assistant City Attorney - SBN 184980
CORY M. BRENTE, Senior Assistant City Attorney - SBN 115453
cory.brente@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7021/Facsimile: (213) 978-8785

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Telephone: (510) 999-7908/Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE RICHARD ULLEY and DETECTIVE JOHN VANDER HORCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MILLA an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 16-cv-00134-FWS-MRW<br><br>**DEFENDANTS' [PROPOSED] LIMITING INSTRUCTION**<br><br>PTC: June 16, 2023<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 10D<br>JUDGE: Hon. Fred W. Slaughter<br>TRIAL: May 16, 2023 |

1 | The parties were unable to agree on a joint proposed limiting Jury Instruction related to the potential admission of evidence, as addressed in the Court's ruling on the parties' Motions *in Limine*. Therefore, attached please find Defendants' submission.

Dated: June 15, 2023

Respectfully submitted,

**ORBACH HUFF + HENDERSON LLP**

By: */s/ Kevin E. Gilbert*
    Kevin E. Gilbert
    Carolyn M. Aguilar
    Attorneys for Defendants
    CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE R. ULLEY and DETECTIVE J. VANDER HORCK

**Proposed Jury Instruction**

**Limited Purpose of Evidence of Criminal History and/or Gang Activity**

Evidence has been introduced regarding Plaintiff's criminal history prior to September 29, 2001, and that the Plaintiff was a member of a particular street gang at the time of the September 29, 2001, incident. Such evidence, if believed, may not be considered by you to prove that Plaintiff is a person of bad character or that he has a disposition to commit crimes. Such evidence was received and may be considered by you only for the limited purpose of determining if it tends to show:

- The identity of the person who committed the crimes of which the Plaintiff was previously charged and convicted;
- The existence or nonexistence of a bias or interest of any witness;
- The motive of the person who committed the crimes charged; and
- The existence or nonexistence of probable cause to believe Plaintiff had committed the crimes of which he was previously charged and convicted.

You may also consider this evidence when you evaluate the credibility or believability of a witness and when you consider the facts and information relied upon by Detective Ulley and Detective Vander Horck during their investigation of the September 29, 2001, incident and any subsequent interactions by those Detectives with the Court and/or District Attorney. For the limited purpose of which you may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case. You are not permitted to consider such evidence for any other purpose.

Authority: Judicial Council of California, Bench Handbook: Managing Gang-Related Cases, Section 4.7 (2019), as modified; *People v. Contreras*, 144 Cal.App.3d 749, 755 n2 (1983); CALCRIM 1403, as modified.