1  LAW OFFICE OF MARTIN STANLEY
2  Martin Louis Stanley [State Bar No. 102413]
   100 Wilshire Blvd, Suite 700
3  Santa Monica, CA 90401
4  Telephone:  (310) 399-2555
   Facsimile:   (310) 917-1001
5

6  BARRETT LAW OFFICE
7  Edmont T Barrett [State Bar No. 74117]
   P.O. Box 607
8  Diamond Springs, CA 95619
9  Telephone:  (530) 642-8468
   Facsimile:   (530) 653-2449
10

11  Attorneys for *Plaintiff*, MARCO MILLA

12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARCO MILLA an individual, | Case No. CV-00134-FWS-MRW |
|---|---|
| Plaintiff, | Hon. Judge Fred W. Slaughter<br>Hon. Magistrate Judge Michael R. Wilner |
| vs. | |
| CITY OF LOS ANGELES a municipal entity; LOS ANGELES POLICE DEPARTMENT, a municipal entity; COUNTY OF LOS ANGELES, DETECTIVE R. ULLEY AND DETECTIVE J. VANDER HORCK, and DOES 1 through 100, inclusive, | **RESPONSE TO DEFENDANTS' BRIEF RE ATTEMPT TO UTILIZE TRIAL AND/OR PRELIMINARY HEARING TRANSCRIPTS BASED ON CLAIM OF UNAVAILABILITY OF DEFENDANT VANDERHORCK DUE TO DEATH** |
| Defendants. | |

– 1 –
RESPONSE TO DEFENDANT'S TRIAL BRIEF RE VANDER HORCK

## I. DEFENDANTS CANNOT USE UNCERTIFIED TRANSCRIPTS WHICH HAVE NOT BEEN AUTHENTICATED.

Where is the declaration under penalty of perjury from the defense demonstrating that they have performed due diligence in attempting to get the transcripts certified? Where is the detail regarding that issue? It is simply not there. Further, as the Court knows, this case has been pending for 7 years. Did defendants do anything to attempt to obtain certification prior to 2023?

Rule 80, FRCivP provides as follows:

> "If stenographically reported testimony at a hearing or trial is admissible in evidence at a later trial, the testimony may be proved by a transcript certified by the person who reported it."

*Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) is controlling and states:

> Exhibits H, J, P, W, and X purport to be transcripts of testimony from the Bourdeau trial. They do not identify the names of the witness, the trial, and the judge and are not certified copies of the reporter's transcript. Accordingly, they are not authenticated. *See* Fed.R.Civ.P. 80(c) (requiring that testimony stenographically reported and offered into evidence at a later trial be "proved by the transcript thereof duly certified by the person who reported the testimony"); *Beyene,* 854 F.2d at 1182; *Steven v. Roscoe Turner Aeronautical*

*Corp.,* 324 F.2d 157, 161 (7th Cir.1963) ("an uncertified copy of testimony is inadmissible in a summary judgment proceeding").

Mirch cannot authenticate these exhibits by stating in his affidavit that they are "true and correct copies." His statement lacks foundation even if he were present when the witnesses testified at the Bourdeau trial. *See Beyene,* 854 F.2d at 1182; *Pavone,* 60 F.Supp.2d at 1045.

Based on Rule 80, FRCivP Orr, the uncertified trial transcripts cannot be admitted or used. Authentication is a condition precedent to admissibility.

## II. EVEN ASSUMING, ARGUENDO, THE TRANSCRIPTS ARE AUTHENTIC AND ADMISSIBLE, VANDER HORCK IS NOT "UNAVAILABLE" AS REQUIRED FOR FORMER TESTIMONY SINCE HIS VIDEO DEPOSITION WAS TAKEN IN THIS CASE.

One of the requirments for admissibility of former testimony based on death is that the proponent of the evidence must demonstrate that the witness is unavailable. FRE 801 provides in pertinent part as follows:

A declarant is considered to be unavailable as a witness if the declarant:

**(4)** cannot **be present or testify** at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

**(5)** is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure

Respectfully, while it is undoubtedly unfortunate that Defendant Vander Horck has passed, that does not make him unavailable because his video deposition was taken in this case. As such, he can be present to **testify** by deposition. Therefore, his former testimony at the preliminary hearing and trial in the criminal case is not admissible. See, e.g., *United States v. Yida,* 498 F.3d 945 (9th Cir. 2007), discussing the dangers of admitting former testimony as follows:

More recently, the United States Court of Appeals for the Third Circuit voiced the importance of observing, first hand, a witness's demeanor while testifying:

> Demeanor is of the utmost importance in the determination of the credibility of a witness. The innumerable telltale indications which fall from a witness during the course of his examination are often much more of an indication to judge or jury of his credibility and the reliability of his evidence than is the literal meaning of his words. Even beyond the precise words themselves lies the unexpressed indication of his alignment with one side or the other in the trial. It is indeed rarely that a cross-examiner succeeds in compelling a witness to retract testimony which is harmful to his client, but it is not infrequently that he leads a hostile witness to reveal by his demeanor—his tone of voice, the evidence of fear which grips him at the height of cross-examination, or even his defiance—that his evidence is not to be accepted as true, either because of partiality or overzealousness or inaccuracy, as well as outright untruthfulness. The demeanor

of a witness, as Judge Frank said, is 'wordless language.' *Aquino,* 378 F.2d at 548 (quoting *Broad. Music,* 175 F.2d at 80).... Rule 804(a)(4) provides that a declarant is unavailable as a witness if he "is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity."

As in *Yida*, the rule on.admissibility of former testimony requiring unavailability applies only if Vander Horck is unable to be present **or** testify- but since his recorded deposition was taken in **this case**, he is, respectfully, able to "testify" as set forth in the rules. Hence, former the former trial and or preliminary hearing testimony is inadmissible.

Further, to the extent that defendant Ulley testifies to the matters set forth in these transcripts, the testimony would be **cumulative**.

**III.   IF GENERALLY ADMISSIBLE, THE FOLLOWING ARE THE SPECIFIC OBJECTIONS TO THE PROPOSED TESTIMONY.**

| Page & Lines | Objection |
|---|---|
| 154:5-14 | **Irrelevant** |
| | Whether Det. Vander Horck met with anyone, or who, when he first arrived at the crime scene is irrelevant, including meeting with victim Steven Flowers; whether he noticed any injuries on victim Flowers is also irrelevant. |
| 154:14-16 | **Hearsay** |
| | Calls for out of court statements from the attending nurse for |

– 5 –
**RESPONSE TO DEFENDANT'S TRIAL BRIEF RE VANDER HORCK**

| Page & Lines | Objection |
|---|---|
| | victim Flowers offered for the truth of the matters asserted. |
| 154:17-27 | **Irrelevant** |
| | Whether Det. Vander Horck met with anyone, or who, when he arrived at the hospital is irrelevant. |
| | **Calls for Expert Testimony; No Foundation** |
| | Calls for medical opinions re type of treatment being received and nature of nature and extent of injuries re victim Bobby Hightower. No foundation the witness Vander Horck has the expertise to render such opinions. |
| 155:5-17 | **Hearsay** |
| | Calls for out of court statements from witness Tracie McCombs offered for the truth of the matters asserted. |
| | **Fed. R. Evid. 804(b)(1)** |
| | Plaintiff did not have the opportunity and a similar motive to cross-examine detective Vander Horck during the preliminary hearing. The preliminary hearing occurred after Proposition 115 was passed by voters on June 5, 1990, which greatly limited the ability of the defense to put on evidence by amending Cal. Pen. Code, §866 by curtailing the ability of the accused to put on evidence, including that the accused may not engage in discovery during the preliminary hearing. (Cal. Pen. Code, §866(b).) |
| | In addition, Cal. Pen. Code, §872(b) was amended to permit law enforcement officers to testify to "the statements of declarants made out of court offered for the truth of the matter asserted." |
| | In other words, an accused may be bound over for trial based in whole, or in part, on hearsay. And the defense's cross |

| Page & Lines | Objection |
|---|---|
| | examination of such witnesses is limited by the "no discovery rule" in Cal. Pen. Code, §866(b). Consequently, in a preliminary hearing defense counsel does not have the same opportunity or similar motive to cross-examine as witness as in a trial or a deposition. However, depositions are not allowed. (Cal. Pen. Code, §866(c).) |
| 155:27-163:15 | **Hearsay**<br><br>Calls for out of court statements from witness Tracie McCombs offered for the truth of the matters asserted.<br><br>**Fed. R. Evid. 804(b)(1)**<br><br>Plaintiff did not have the opportunity and a similar motive to cross-examine detective Vander Horck during the preliminary hearing. The preliminary hearing occurred after Proposition 115 was passed by voters on June 5, 1990, which greatly limited the ability of the defense to put on evidence by amending Cal. Pen. Code, §866 by curtailing the ability of the accused to put on evidence, including that the accused may not engage in discovery during the preliminary hearing. (Cal. Pen. Code, §866(b).)<br><br>In addition, Cal. Pen. Code, §872(b) was amended to permit law enforcement officers to testify to "the statements of declarants made out of court offered for the truth of the matter asserted."<br><br>As such an accused may be bound over for trial based in whole, or in part, on hearsay. And the defense's cross examination of such witnesses is limited by the "no discovery rule" in Cal. Pen. Code, §866(b). Consequently, in a preliminary hearing defense counsel does not have the same opportunity or similar motive to cross-examine as witness as in a trial or a deposition. However, depositions are not allowed. (Cal. Pen. Code, §866(c).) |

| Page & Lines | Objection |
|---|---|
| 163:15-164:14 | **Hearsay**<br><br>Calls for out of court statements from witness Ramar Jenkins offered for the truth of the matters asserted.<br><br>**Fed. R. Evid. 804(b)(1)**<br><br>Plaintiff did not have the opportunity and a similar motive to cross-examine detective Vander Horck during the preliminary hearing. The preliminary hearing occurred after Proposition 115 was passed by voters on June 5, 1990, which greatly limited the ability of the defense to put on evidence by amending Cal. Pen. Code, §866 by curtailing the ability of the accused to put on evidence, including that the accused may not engage in discovery during the preliminary hearing. (Cal. Pen. Code, §866(b).)<br><br>In addition, Cal. Pen. Code, §872(b) was amended to permit law enforcement officers to testify to "the statements of declarants made out of court offered for the truth of the matter asserted."<br><br>In other words, an accused may be bound over for trial based in whole, or in part, on hearsay. And the defense's cross examination of such witnesses is limited by the "no discovery rule" in Cal. Pen. Code, §866(b). Consequently, in a preliminary hearing defense counsel does not have the same opportunity or similar motive to cross-examine as witness as in a trial or a deposition. However, depositions are not allowed. (Cal. Pen. Code, §866(c).) |
| 164:18-195:23 | **No Additional objections other than the general objections relating to former testimony set forth in the sections above.** |

DATED: June 29, 2023

Respectfully submitted,
LAW OFFICES OF MARTIN STANLEY

By:_____/s/ Martin Stanley_____
    MARTIN STANLEY, ESQ.
    Attorneys for Plaintiff,
    MARCO MILLA

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, California 90401.

On **June 29, 2023,** I served the foregoing document(s) on the interested parties in this action by email as follows:

**Attorney for Defendants:**
KEVIN GILBERT
Email: kgilbert@ohhlegal.com

BY ELECTRONIC DELIVERY DUE TO COVID-19

[**X**]  STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 23, 2023,** at Santa Monica, California

_____/s/ MARTIN STANLEY_____
Martin Stanley