**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO MILLA, an individual,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CITY OF LOS ANGELES, a municipal entity; Detective RICHARD ULLEY; Detective JOHN VANDER HORCK; MATTHEW VANDER HORCK, c/o LA County Sheriff,<br><br>　　　　Defendants - Appellees. | No. 23-3661<br><br>D.C. No.<br>2:16-cv-00134-FWS-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted June 4, 2025
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Marco Milla was incarcerated for over a decade for a murder he did not commit. After his release, he sued Richard Ulley and John Vander Horck

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("Defendants"), the lead homicide detectives on his case, under 42 U.S.C. § 1983.[1] Milla appeals from the judgment entered for Defendants after a jury verdict.[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

    1.    To succeed on his malicious prosecution claim, Milla was required to show that he was prosecuted without probable cause. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Milla argues that he was prosecuted without probable cause because his prosecution stemmed from an arrest made without probable cause. Probable cause is determined by examining "the events leading up to the arrest," then deciding "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *District of Columbia v. Wesby*, 583 U.S. 48, 56-57 (2018) (internal citation and quotation marks omitted). Milla challenges several of the district court's evidentiary rulings, which we review for abuse of discretion. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1017 (9th Cir. 2015).

    a.    The district court did not abuse its discretion when it admitted evidence about the 204th Street gang and Milla's prior gang affiliation. Because the location and circumstances of the homicide indicated that it was potentially gang-related, the

---

[1] Milla's claim against Defendant City of Los Angeles was dismissed by the court pursuant to Fed. R. Civ. P. 50, a ruling that Milla does not challenge on appeal.
[2] We assume the parties' familiarity with the background of this case and discuss only the facts that are necessary to explain the disposition.

gang evidence was relevant to whether there was probable cause to arrest Milla. *See* Fed. R. Evid. 401. The evidence was not more prejudicial than probative under Fed. R. Evid. 403. The district court provided a limiting instruction stating that gang evidence could be considered only for the purpose of determining whether there was probable cause to arrest Milla. The court also sustained Milla's objections to potentially inflammatory gang-related testimony.

  b. The district court did not abuse its discretion when it admitted evidence of Milla's prior arrest. The prior arrest was a "historical fact" known to Defendants at the time of Milla's arrest for homicide and was relevant to the probable cause determination. *Wesby*, 583 U.S. at 56. The evidence was not more prejudicial than probative, and the district court provided a limiting instruction to mitigate any prejudice.

  c. The district court did not abuse its discretion when it admitted evidence that Milla's counsel met with witness Ramar Jenkins before Jenkins recanted his prior testimony. The circumstances of Jenkins's recantation were relevant to the jury's evaluation of his testimony. *See United States v. Scheffer*, 523 U.S. 303, 313 (1998) ("Determining the weight and credibility of witness testimony" is the province of the jury.); *Gable v. Williams*, 49 F.4th 1315, 1323 (9th Cir. 2022) (noting, in the habeas context, that courts consider the "context [and] circumstances and timing of [a] recantation" when evaluating its likely effect on a juror).

d. The district court did not abuse its discretion when it excluded evidence of Milla's factual innocence. Milla's factual innocence was not known to Defendants at the time of their investigation, so it could not show that they lacked probable cause. Milla is correct that he was required to show "that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy*, 368 F.3d at 1068. But factual innocence and favorable termination are not synonymous, and the district court's order did not bar Milla from introducing evidence that the state dismissed the case against him. The district court also did not prevent Milla from asking Defendants about whether and to what extent they investigated other suspects, including an alternate suspect.

2. Milla argues that the district court erred when it dismissed four jurors for cause. The dismissal of a juror for cause based on actual bias is reviewed "for manifest error or abuse of discretion." *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000) (internal citation and quotation marks omitted). The record shows that all four jurors demonstrated actual bias in favor of Milla, and the district court did not abuse its discretion when it struck them for cause.

Milla also argues that the district court erred when it reopened peremptory challenges to the entire panel after the jury was sworn and a fifth juror was dismissed for cause. Even assuming error, Milla has not shown that reversal is warranted. He has "presented no evidence that the seated jurors in his case were partial or otherwise

failed to perform their duties in any way." *United States v. Lindsey*, 634 F.3d 541, 554 (9th Cir. 2011).

    3.    Milla argues that the district court erroneously instructed the jury. "[W]hen a party challenges a jury instruction as an incomplete, and therefore incorrect, statement of the law," we review the instructions de novo. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (internal citation and quotation marks omitted). "Prejudicial error results from jury instructions that, when viewed as a whole, fail to fairly and correctly cover the substance of the applicable law." *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002).

The district court denied Milla's request to instruct the jury that "being a gang member alone is not enough to establish probable cause" as part of the gang-evidence limiting instruction. But the district court separately instructed the jury that probable cause is evaluated under the totality of the circumstances. Viewed as a whole, the instructions provided a complete and correct statement of the law.

Milla also argues that the jury instructions were erroneous because they did not include language from *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981), stating that "[w]here the plaintiff has introduced evidence to rebut the presumption [of prosecutorial independence], the burden remains on the defendant to prove that an independent intervening cause cuts off his tort liability." This instruction was unnecessary because an intervening cause was not at issue in the case. The jury

instructions "fairly and adequately cover[ed] the issues presented," "correctly state[d] the law," and were not "misleading." *White*, 312 F.3d at 1012.

4. The district court did not err when it dismissed Defendant Vander Horck due to Milla's failure to comply with Federal Rule of Civil Procedure 25. "The proper interpretation of Rule 25(a) is a question of law that we review de novo. Factual findings relevant to the application of Rule 25(a) are reviewed for clear error." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations and quotation marks omitted). The record supports the district court's determination that Milla provided insufficient evidence to corroborate the identity of Vander Horck's successor.

5. Finally, Milla asserts that the district court was biased against him and in favor of Defendants. The record does not support Milla's assertion.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
  **A. Panel Rehearing:**
  - A party should seek panel rehearing only if one or more of the following grounds exist:
    ➢ A material point of fact or law was overlooked in the decision;
    ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
  - Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
  - A party should seek en banc rehearing only if one or more of the following grounds exist:
    ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
    ➢ The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

Post Judgment Form - Rev. 12/2024

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

The Clerk is requested to award costs to *(party name(s))*:

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ]  **Date** [ ]

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | TOTAL: | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 10    Rev. 12/01/2021